## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JOHN A. PARKINS, JR
DIRECTOR

DIRECT DIAL NUMBER
302-651-7624
PARKINS@RLF.COM

August 10, 2005

**VIA HAND DELIVERY AND CM/ECF**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
J. Caleb Boggs Federal Building
Lockbox 19
Wilmington, DE 19801

    Re:    **Estate of Harry Smith, III, et al. v. Wilmington Police Department,**
            **C.A. No. 04-1254-GMS**

Dear Judge Sleet:

      Please consider this letter a status report and a joint request for a Rule 16 Scheduling Conference.

### A.    Background and Status

      This case arises from the death of Harry Smith, III, who was allegedly shot by Wilmington police officers. Plaintiffs, the estate of the decedent and the decedent's parents, allege both Federal Civil Rights and State Law claims. The current defendants are the Wilmington Police Department and Chief Michael Szczerba. Plaintiffs also allege claims against defendants simply identified as "John Doe." Defendant Szczerba filed an answer in which he denied the material allegations against him and defendant Wilmington Police Department moved to dismiss the claims against it.

      Prior to filing the instant action, plaintiffs filed a miscellaneous action pursuant to Fed. R. Civ. P. 32 seeking leave to take discovery in advance of filing a complaint and also seeking an order compelling respondents to preserve evidence. (Smith v. Mosley, No. 04-MC-76). One of the respondents in the miscellaneous action was the City of Wilmington, which moved to dismiss plaintiffs' application. The miscellaneous action was later consolidated with the instant matter.

      There are two motions currently pending before the Court -- the aforementioned Wilmington Police Department's Motion to Dismiss and the City of Wilmington's Motion to Dismiss the miscellaneous action. Those matters have been fully briefed, but because of the heavy demands placed on the Court's time, the Court has not yet had an opportunity to resolve those motions. The Court has likewise not had an opportunity to conduct a scheduling

The Honorable Gregory M. Sleet
August 10, 2005
Page 2

conference with respect to the claims against defendant Szczerba; both sides assume it has not done so because it wished to resolve the pending motions first.

## B.    Recently Filed Stipulation

The parties are filing a stipulation which, among other things, dismisses the claims against the Wilmington Police Department with prejudice and dismisses the claims in the miscellaneous action without prejudice. The claims against defendant Szczerba are unaffected by the stipulation, and plaintiffs have indicated they may seek to add other individuals as defendants. Needless to say, if the court signs this stipulation the pending motions will be resolved.

## C.    Request for a Scheduling Conference

Assuming the Court signs the stipulation, both sides respectfully ask the Court to conduct a Rule 16 Scheduling Conference at a time convenient to it.

Respectfully yours,

John A. Parkins, Jr. (#859)

JAP/lll
Enclosure
cc:    Kester I.H. Crosse, Esquire (w/e) (By Hand Delivery)
       Anne T. Sulton, Esquire (w/e) (By U.S. Regular Mail)
       Rosemaria Tassone, Esquire (w/e)