IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESTATE OF HARRY SMITH, III, et al.

    Plaintiffs,

v.                                                 CIVIL ACTION NO. 04-1254-GMS

WILMINGTON POLICE DEPARTMENT, et al.

    Defendants.

_____

**PLAINTIFFS' STATUS REPORT**
_____

    Plaintiffs, by their counsel, file this status report. A good faith effort was made to file a joint status report. [See Exhibit 1.] However, defense counsel did not follow through with his promise to file a joint status report on September 16, 2005. Thus, in order to comply with the Court's order to file a status report, plaintiffs file this status report.

1. **Jurisdiction and Service.**

Q.    **Does the court have subject matter jurisdiction?**

A.    Yes.

Q.    **Are all parties subject to the court's jurisdiction?**

A.    Yes.

Q.    **Do any remain to be served?**

A.    Yes. But it is plaintiffs' counsel's understanding the defendants named in plaintiffs' proposed amended complaint will voluntarily accept service.

2. **Substance of the Action.**

Q.    **What are the factual and legal bases for plaintiff's claims?**

A.    Plaintiffs essentially allege excessive force was used during the arrest of Harry Smith III, causing his death. They also allege his body was abused when it was allowed

1

to lie on the street for hours. The legal bases are 42 USC Sections 1983, 1985, 1986 and 1988, as well as state laws.

### 3. Identification of Issues.

Q.     What factual and legal issues are genuinely in dispute?

A.     Essentially, the disputed facts concern whether the three police officers should have continued to shoot Harry Smith III after he reportedly was seen slumping over the car's steering wheel, apparently unconscious, helpless, unarmed and non-threatening.

### 4. Narrowing of Issues.

Q.     Can the issues in litigation be narrowed by agreement or by motions?

A.     The issues already have been narrowed, as noted in the proposed amended complaint.

Q.     **Are there dispositive or partially dispositive issues appropriate for decision on motion?**

A.     No. There is a factual dispute that must be resolved by the jury. Resolution of this case depends upon whom the jury decides to believe. Undisputed is that Harry Smith III died because of a bullet wound to his head. If the jury believes Mr. David Gwyn's account that he was in a position to see and actually saw Harry Smith III slumped over the steering wheel of the car, after the car stopped, and the officers continued to shoot Harry Smith III, then the jury could reasonably find excessive force was used.

### 5. Relief.

Q.     What specific relief does plaintiff seek?

A.     Monetary damages, attorneys fees, and litigation costs.

Q.     **What is the amount of damages sought and generally how is it computed?**

A.     Currently unknown because we await the report of an economist. Funeral expenses are among the special damages. We trust the wisdom of the jury and the court to determine the appropriate level of compensatory and punitive damages.

### 6. Amendment of Pleadings?

Plaintiffs have filed a proposed amended complaint, and request the Court to grant this motion.

Further amendments might be requested to conform to the evidence obtained during discovery. The parties are in the very early stages of discovery, having already voluntarily exchanged documents and completing two depositions.

### 7. Joinder of Parties?

At this time, plaintiffs do not intend to join additional parties. However, as discovery proceeds, plaintiffs might find it necessary to join additional parties to conform to the evidence obtained.

### 8. Discovery.

**Q.     Discovery contemplated by each party and the amount of time it may take to complete discovery?**

A.     Plaintiffs intend to engage in the full range of discovery, including requests for admissions, document production, and depositions. Plaintiffs believe all discovery can be completed on or before July 31, 2006.

**Q.     Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?**

A.     At this time, plaintiffs are not certain. But plaintiffs will proceed in a manner that conserves litigation costs.

### 9. Estimated trial length.

The estimated length of trial is one week.

**Q.    Is it feasible or desirable to bifurcate issues for trial?**

A.    It is feasible, but not desired by plaintiffs.

**Q.    Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?**

A.    Yes.  The estimated length of trial, above noted, anticipates extensive stipulations by the parties.  With the Court's help on stipulations, plaintiffs believe the trial might be completed in four days, rather than five days.

10. **Jury trial?**

Yes.  Plaintiffs request a six-person jury.

11. **Settlement.**

**Q.    Have there been settlement discussions?**

A.    Not yet.

**Q.    What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?**

A.    Plaintiffs are willing to have this case referred to the Magistrate for settlement discussions at the close of discovery.  Defense counsel said the defendants will not pay a dime to settle this case.  Perhaps defendants' perspective will change as we move through the discovery process and receive assistance from the Magistrate.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

If the Court allows attorney Sulton, who appears pro hac vice, to electronically file documents with the Court, this would help a great deal.  As we understand the rule, attorney Sulton cannot directly electronically file documents with the Court and that local counsel must so do.  Currently, time and money is spent to send documents to local counsel Kester I.H. Crosse, who then files the documents, requiring two attorneys to be

involved each time a document is filed with the Court and increasing the costs of litigation.

Also, if the Court allows the attorneys the option to appear by telephone for all hearings, then it will save the parties attorneys fees and other litigation related expenses.

### 13. A statement that counsel for the parties have conferred about each of the above matters.

Counsel for the parties conferred via telephone and e-mail. Please see Exhibit 1.

Respectfully submitted this 19th day of September 2005.

/s/ Anne T. Sulton
Anne T. Sulton
Admitted: Pro Hac Vice
Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**
/s/ Kester I.H. Cross
Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street
Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

**EXHIBIT 1**

**From:** annesulton@comcast.net [Add to Address Book] [View Source]

**To:** parkins@RLF.com
**Cc:** kesterih@aol.com
**Subject:** smith case
**Date:** Fri, 09 Sep 2005 17:07:17 +0000

how and when would you like to confer to prepare the scheduling conference info? it is my understanding this must be filed with the court a week before the conference.

also, it appears we have two dates for the scheduling conference. i assume this is an error and that the earlier date is the correct date. if you get any other info are the scheduling date, please let me know.

**From:** annesulton@comcast.net [Add to Address Book] [View Source]

**To:** parkins@RLF.com (John Parkins)
**Cc:** kesterih@aol.com (kester crosse)
**Subject:** scheduling conference info
**Date:** Thu, 15 Sep 2005 18:31:12 +0000

John:

Per our telephone conversation today, it is my understanding you will prepare and file the required Rule 16 scheduling document, adding thereto the following plaintiffs' info [I understand some editorial changes will be made to fit into the format required by the court and per our agreement per our telephone conversation today and that you will send me a draft of this document on Friday so that I can review it before you file it on Friday]:

1. this court has subject matter jurisdiction;

2. defendants do not oppose plaintiffs filing the amended complaint;

3. the previously filed complaint and parties named therein are replaced by the parties named in the amended complaint;

4. the amended complaint is the document on which plaintiffs now proceed;

5. per the motion and stipulation the parties previously filed, the miscellaneous action is dismissed;

6. the Wilmington police department and police chief are dismissed from this case;

7. the new named defendants voluntarily accept service and will file their answer on ___ [date]

8. plaintiffs essentially claim excessive force was used during the arrest of harry smith iii, causing his death, and the manner in which his body was handled was outrageous, causing plaintiffs to suffer damages and other losses.

9. plaintiffs seek monetary damages, in an amount deemed just by the jury/court, for their damages and other losses, including reimbursement of funeral expenses, costs of litigation, and attorneys fees.

10. at this time, plaintiffs do not anticipate filing a second amended complaint

11. at this time, plaintiffs do not anticipate joining additional parties.

12. plaintiffs will conduct discovery, including taking the depositions of up to 15 people. We realize this number is larger than noted in the federal rules of civil procedure, but we anticipate most depositions will last just a couple of hours.

13. plaintiffs believe this case can be tried in one week

14. plaintiffs demand a trial by a six person jury

15. plaintiffs are willing to refer this matter to a magistrate for mediation

16. counsel for the parties have conferred about the scheduling of this case

17. the parties will make their initial rule 26(a) disclosures on October 4, 2005

18. all discovery will be completed by july 31, 2006

19. dispositive motions will be filed after the close of discovery and before august 30, 2006 [do you want to push this date back to September 15, 2006?]

20.  the parties want a protective order signed [please review the proposed protective order I sent to you and perhaps we can have the judge sign it on 9/22]

**From:** annesulton@comcast.net [Add to Address Book] [View Source]

**To:** parkins@rlf.com
**Cc:** kesterih@aol.com
**Subject:** FW: scheduling conference info
**Date:** Fri, 16 Sep 2005 20:20:54 +0000

john:

i thought you were going to send the draft today. i have not received it. if i do not receive it from you this weekend, then i will file my own document with the court on monday.

anne

-------------- Forwarded Message: --------------
From: annesulton@comcast.net
To: parkins@RLF.com (John Parkins)
Cc: kesterih@aol.com (kester crosse)
Subject: scheduling conference info
Date: Thu, 15 Sep 2005 18:31:12 +0000

John:

Per our telephone conversation today, it is my understanding you will prepare and file the required Rule 16 scheduling document, adding thereto the following plaintiffs' info [I understand some editorial changes will be made to fit into the format required by the court and per our agreement per our telephone conversation today and that you will send me a draft of this document on Friday so that I can review it before you file it on Friday]:

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Attorney John Parkins E-mail Parkins@rlf.com

/s/ Kester I.H. Cross
Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street
Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com
