RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JOHN A. PARKINS, JR
DIRECTOR

DIRECT DIAL NUMBER
302-651-7624
Parkins@RLF.COM

September 29, 2005

**VIA HAND DELIVERY AND CM/ECF**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
J. Caleb Boggs Federal Building - Lockbox 19
Wilmington, DE 19801

> Re: **Estate of Harry Smith, III, et al. v. Wilmington Police Department,**
> **C.A. No. 04-1254-GMS**

Dear Judge Sleet:

At the scheduling conference on September 22, 2005, the parties and the Court briefly discussed defendants' contention that certain of plaintiffs' civil rights claims failed as a matter of law. The Court allowed the filing of letter memoranda relating to defendants' motion for partial dismissal, which motion is being simultaneously filed herewith. This is defendants' opening letter.

### A. Introduction

Plaintiffs, the estate of Harry Smith, III and the parents of Mr. Smith, allege civil rights and state law claims. Their civil rights claims are predicated upon alleged violation of the Fourth, Eighth and Fourteenth Amendments. Some of these claims are not presently in dispute. Defendants concede for purposes of this motion that the Estate has alleged a cause of action based upon the Fourth Amendment. By the same token, plaintiffs have agreed to dismiss their Eighth Amendment claims. The remaining civil rights claims -- the estate's Fourteenth Amendment claim and the parents' Fourth and Fourteenth Amendment claims -- are the subject of the instant motion. In that motion defendants argue that:

- The estate has no Fourteenth Amendment claim because the more specific Fourth Amendment applies here.

- The parents have no Fourth Amendment claim because the Fourth Amendment guarantees are personal and cannot be vicariously asserted.[1]

- Parents do not have a protected liberty interest in their relationship with an adult child and therefore cannot asset a Fourteenth Amendment claim as the result of the death of such a child.

1. **The Estate Has No Fourteenth Amendment Claim Because The Fourth Amendment Applies Here.**

It is well established that in civil rights actions such as this, the "analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. O'Connor*, 490 U.S. 386, 394 (1989). Indeed, the Third Circuit has observed that this first step in the analysis can be outcome determinative because of the different standards implied by various constitutional guarantees. *Gottlieb v. Laural Highlands School Dist.*, 272 F.3d 168 (3d Cir. 2001).

It cannot seriously be disputed that his required initial analysis shows, as a matter of law, that the Fourth -- not the Fourteenth -- Amendment applies here. The Supreme Court has, on several occasions, held that claims of excessive force by police officers are to be evaluated under the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1 (1985); *Graham*, 490 U.S. 386; *Brosseau v. Haugen*, 125 S. Ct. 596 (2004). It cannot be more clear that the Fourteenth Amendment does not apply to excessive force cases. According to the Supreme Court in *Graham*:

---

[1] Defendants inadvertently forgot to mention the parents Fourth Amendment claim in the conference. They respectfully urge that the Court consider the viability of that claim since it is a question of law which, defendants believe, is easily resolved. The parents will not be prejudiced because, as defendants have conceded for purposes of this motion, the estate has alleged a Fourth Amendment claim.

The Honorable Gregory M. Sleet
September 29, 2005
Page 3

> Today we make explicit what was implicit in *Garner's* analysis, and hold that *all* claims that law enforcement officers have used excessive force -- deadly or not -- . . . should be analyzed under the Fourth Amendment . . . rather than the "substantive due process" approach.

490 U.S. at 395 (emphasis in original). For this reason, the Estate's Fourteenth Amendment claim must be dismissed.

    2.    **The Parents' Civil Rights Claims Must Be Dismissed.**

Although the Amended Complaint is not entirely clear on this point, it appears that the parents are seeking to assert, a Fourth and Fourteenth Amendment claim. The "First Cause of Action" purports to allege a claim for the violation of the Fourth, Eighth and Fourteenth Amendments. (Amended Complaint ¶ 46). In the same Cause of Action plaintiffs allege that "plaintiffs . . . will continue to suffer emotional distress, humiliation, embarrassment." (*Id.* ¶ 55). Needless to say, the estate itself is incapable of experiencing emotional distress, humiliation and embarrassment. Thus, defendants assume that the parents are seeking to allege a claim under the Fourth and Fourteenth Amendments in this Court.

    a.    **The Parents' Fourth Amendment Claim Must Be Dismissed Because Fourth Amendment Claims Cannot Be Vicariously Asserted.**

Fourth Amendment rights are personal and may not be asserted by third persons on behalf of the person subject to a search or seizure. *Alderman v. United States*, 394 U.S. 165 (1969). The Amended Complaint alleges that Harry Smith, III was seized by police when he was shot, but there are no allegations that the parents were themselves subject to a search or seizure. Thus, although Mr. Smith's estate has standing to assert a Fourth Amendment claim, his parents do not.

> b. **The Parents Do Not Have A Protected Liberty Interest In Their Relationship With An Adult Child And Therefore Cannot Assert A Fourteenth Amendment Claim In Their Own Right.**

It goes without saying that, absent the deprivation of a life or a protected liberty or property interest, the Due Process clause of the Fourteenth Amendment is inapplicable. *Bd of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972); *Town of Castle Rock v. Gonzales*, 125 S. Ct. 2796 (2005). Although there is a split among the circuits, the Third Circuit has aligned itself with the majority of circuits that have considered the issue and has held that a parent does not have a protected liberty interest in a relationship with an adult child. *McCurdy v. Dodd*, 352 F.3d 820, 330 (3d Cir. 2003) ("we hold that the fundamental guarantees of the Due Process Clause do not extend to a parent's interest in the companionship of his independent adult child."). At least four other circuits have reached the same conclusion. *Robertson v. Hecksel*, 2005 U.S. App. LEXIS 17201 (11th Cir. Aug. 16, 2005); *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005); *Butera v. Dist. of Columbia*, 235 F.3d 637 (D.C. Cir. 2001); *Ortiz v. Burgos*, 807 F.2d 6 (1st Cir. 1986).

In *McCurdy* the court appeals observed that "[i]n the vast majority of cases, adulthood may be established by reference to the presumed state age of majority; in some (probably rare) cases, the presumption of adulthood may be rebutted by clear and convincing evidence of lack of emancipation." (*Id.*). In the instant case there are no allegations of lack of emancipation, and thus the issue is whether Harry Smith, III had attained the age of majority.

The Amended Complaint is silent as to Mr. Smith's age. However, in *Smith v. Mosley* 04-MC-76--a related miscellaneous matter filed by the parents and later consolidated with the instant action--the parents attached Mr. Smith's death certificate to their petition. That certificate shows that Mr. Smith was 25 years old at the time of his death. Defendants recognize, of course,

The Honorable Gregory M. Sleet
September 29, 2005
Page 5

that a court ordinarily considers the allegations in the complaint in connection with a motion. But for at least three reasons the absence of any allegation of Mr. Smith's age in the complaint does not bar dismissal here.

- The Smith's have the burden of alleging facts showing they are entitled to relief. The absence of any allegation that the decedent was a minor is, by itself, fatal to their claim.

- Courts may consider exhibits attached to the complaint and matters of public record in deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Here the death certificate is a public record and was also attached to the complaint in 04-MC-76, which was consolidated with the instant action on November 19, 2004.

- Further "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Thus, it is undisputed that Harry Smith, III was 25 years old at the time of his death and thus his parents do not have a cause of action sounding in the Fourteenth Amendment.

Respectfully yours,

John A. Parkins, Jr. (#859)

JAP/lll

cc: Clerk of the Court
Kester I.H. Crosse, Esquire (By Hand Delivery)
Anne T. Sulton, Esquire (By U.S. Regular Mail)
Rosemaria Tassone, Esquire