# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JOHN A. PARKINS, JR
DIRECTOR

DIRECT DIAL NUMBER
302-651-7624
PARKINS@RLF.COM

October 10, 2005

**VIA HAND DELIVERY AND CM/ECF**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
J. Caleb Boggs Federal Building
Lockbox 19
Wilmington, DE  19801

      Re:    **Estate of Harry Smith, III, et al. v. Wilmington Police Department,**
               **C.A. No. 04-1254-GMS**

Dear Judge Sleet:

Plaintiffs' response to defendants' arguments is discussed in the order presented in defendants' opening letter memorandum.

      **1.**    **The Estate Has No Fourteenth Amendment Claim**

In their opening memorandum defendants pointed to three United States Supreme Court cases in which excessive force claims were analyzed solely under the Fourth Amendment. Further defendants pointed to the express ruling in *Graham v. O'Connor*, 490 U.S. 386, 395 (1989), that excessive force cases "should be analyzed under the Fourth Amendment . . . rather than the substantive due process approach." Plaintiffs do not even discuss those Supreme Court opinions, and their memorandum is notably devoid of any discussion of the afore-quoted language from *Graham*.

Plaintiffs content themselves with reference to a Form Jury Instruction from the Seventh Circuit. Not surprisingly they do not bother to explain how a Form Jury Instruction can overrule Supreme Court precedent. Moreover, nothing in the proffered form jury instruction suggests that

RLF1-2931116-1

The Honorable Gregory M. Sleet
October 10, 2005
Page 2

excessive force cases may be analyzed under the Fourteenth Amendment. Indeed three of the four cases cited in the Committee Comments under the heading "Unreasonable Force" are Fourth Amendment cases. *Graham, supra*; *Tennessee v. Garner*, 471 U.S. 1 (1985); *Deering v. Reich*, 183 F.3d 645, 650 (7th Cir. 1999) ("Excessive force cases, including deadly force claims . . . are analyzed under the Fourth Amendment"). The fourth case sought to determine the appropriate standard for excessive force cases involving pre-trial detainees and thus is inapplicable here. *Wilson v. Williams*, 83 F.3d 870, 876 (7th Cir. 1996).

    2.   **The Parents' Fourth Amendment Claim Must Be Dismissed**

In their memorandum plaintiffs clarified their amended complaint, stating that "the parents are not claiming their Fourth Amendment rights were violated." (Pl. Mem., 1).

    3.   **The Parents' Cannot Assert A Fourteenth Amendment Claim Of Their Own**

As discussed in Defendants' Opening Memorandum, *McCurdy v. Dodd*, 352 F.3d 820 (3d Cir. 2003), holds that "the fundamental guarantees of the Due Process Clause do not extended to a parent's interest in the companionship of his independent adult child." Plaintiffs try several tacks to avoid this holding, all of which are to no avail.

First, plaintiffs argue that the *McCurdy* court held that '[i]n light of our disposition, we do not reach the issue of whether the parents of an adult child may maintain a section 1983 claim." (Pl. Mem. 3). This assertion is wrong -- the *McCurdy* court never wrote that. Rather it was merely quoting from the earlier decision in *Freedman v. City of Allentown*, 853 F.2d 1111, US 1117 (3d Cir. 1988) in which, according to *McCurdy*, "we were presented with the issue and declined to rule upon it." *McCurdy, supra*, at 828, n.6.

Second, plaintiffs argue there is a fact question as to whether Harry Smith, III was independent. But despite having notice of *McCurdy*, there is no allegation in the Amended

RLF1-2931116-1

The Honorable Gregory M. Sleet
October 10, 2005
Page 3

Complaint that decedent was dependent upon his parents. Plaintiffs now assert the decedent was living with his mother and suffered mental from mental illness. (Pl. Mem. 4). But *McCurdy* held that the instances in which an adult child is "dependent" are "rare." *Id* at 830. Surely living with a parent is not such a rare instance and does not itself establish dependence. Further the allegations of mental illness fall far short of establishing decedent's dependence upon his parents. Those allegations are limited to September 13, 2003 when decedent was "complaining of mental health related ailments" and that night had "hallucinations, paranoia and agitation." (Amended Complaint ¶¶ 11,12). There is no explanation why this simple episode made the decedent "unemancipated."

Third the parents argue without citation to case law that Delaware's wrongful death statute somehow creates the requisite liberty on property interest. Only a "legitimate claim of entitlement" -- not an "abstract need or desire" or a "unilateral expectation" -- will be protected by the Fourteenth Amendment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Plaintiffs' argument fails because the wrongful death statute does not create a claim of entitlement of benefits, but merely provides a procedural vehicle for the parents to assert such a claim.

Finally, plaintiffs urge that the court not tread in a "murky area" by denying them the right to assert a Fourteenth Amendment claim. Plaintiffs have it backwards. Neither the Supreme Court nor the Third Circuit has ever recognized the cause of action asserted by plaintiffs. Thus, allowing this claim to proceed would not only contradict *McCurdy*, but also would constitute the precise venture into "murky areas" which plaintiffs extol the Court to avoid.

Respectfully yours,

John A. Parkins, Jr. (#859)

JAP/lll
RLF1-2931116-1

The Honorable Gregory M. Sleet
October 10, 2005
Page 4


cc:    Clerk of the Court
        Kester I.H. Crosse, Esquire (By Hand Delivery)
        Anne T. Sulton, Esquire (By U.S. Regular Mail)
        Rosemaria Tassone, Esquire

The Honorable Gregory M. Sleet