IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WILMINGTON, et al., <br><br> Defendants. | Case No. 04-1254-GMS <br><br> **JURY TRIAL DEMANDED** |

### ANSWER OF DEFENDANTS CIRITELLA, KURTEN AND DEMPSEY

1. It is admitted that plaintiffs seek to recover compensatory damages in an action brought under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. It is also admitted that plaintiffs seek to assert claims under the Fourth, Eighth and Fourteenth Amendments as well as Delaware law. Defendants deny that plaintiffs are entitled to any relief. All other allegations in this paragraph of the Complaint, if any, are denied.

2. It is admitted that plaintiffs allege that they have been injured as a result of the alleged violation of Harry Smith, III's right to be free from excessive use of force. All other allegations in this paragraph of the complaint, if any, are denied.

3. Admitted.

4. Denied as written. By way of further response, plaintiffs seek to invoke the Court's supplemental jurisdiction. This Court lacks supplemental jurisdiction to entertain the Fourth Cause of Action, and this Court should decline to exercise its supplemental jurisdiction over the Second and Third Causes of Action.

5. Admitted.

6. It is admitted that Harry Smith, III died on September 13, 2003. These Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

7. These Defendants admit that Harry Smith, Jr. is an adult male. They are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

8. These Defendants admit that Roslyn Woodard Smith is an adult female. They are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

9. Admitted.

10. It is admitted that Defendants Ciritella, Dempsey and Kurten at all times pertinent to this amended complaint were acting under color of state law. These Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

11. Defendants admit that on September 13, 2003 Harry Smith, III appeared at the emergency room of the Wilmington Hospital and that he was accompanied by his father, Harry Smith, Jr. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

12. Defendant admit that Harry Smith, III eloped from the emergency room. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

13. Denied as written. By way of further response, two Wilmington police officers interrupted a carjacking being attempted by Harry Smith, III.

14. Defendants admit that Harry Smith, III stole the Wilmington police car and drove off with its emergency lights on. All other allegations in this paragraph of the complaint, if any, are denied.

15. Defendant admits that Wilmington police officer fired one round at Mr. Smith which struck him as Mr. Smith was stealing the Wilmington police car. All other allegations, if any, are denied.

16. At or about the time that Harry Smith, III was stealing the police car, other Wilmington police officers were alerted by a general broadcast that Mr. Smith had stolen the car and that shots had been fired. The police officers commenced pursuit of Mr. Smith. All other allegations in this paragraph of the complaint, if any, are denied.

17. Denied.

18. Denied.

19. It is admitted that the events giving rise to this lawsuit happened at approximately 7:00 p.m. on September 13, 2003 and that the sun had not yet set. The weather was overcast and hazy. All other allegations, if any, are denied.

20. Two Wilmington police officers, including Defendant Ciritella, positioned their police cars on the eastern side of Harrison Street at the juncture where it intersects with 5th Street. All other allegations, if any, are denied.

21. As Mr. Smith drove the stolen police car down 5th Street toward Harrison Street he apparently saw the two police cars barricading 5th Street at its intersection with Harrison. Mr. Smith slowed the stolen police and appeared to be stopping. Defendant Ciritella, who had previously gotten out of the car crouched in a tactical position and shouted to Mr. Smith to stop the car and get out. At least one other officer yelled similar instructions to Mr. Smith. Mr.

Smith responded by accelerating the police car towards Defendant Ciritella in an apparent effort to kill Defendant Ciritella whereupon Defendant Ciritella, in an effort to protect his life, began to fire his weapon at Mr. Smith. All other allegations contained in this paragraph of the complaint, if any, are denied.

22. Harry Smith, III sought to avoid the barricade at 5th Street by driving on the sidewalk at the intersection of 5th and Harrison. In doing so, he struck an unoccupied Jeep Cherokee parked at the northeast corner of 5th and Harrison Streets and spun the Jeep Cherokee nearly 180°. Mr. Smith then proceeded to accelerate the police car on Harrison Street going in the northerly direction. All other allegations contained in this paragraph of the complaint, if any, are denied.

23. Defendants admit that the 500 block of Harrison Street is a steep hill. Defendants further admit that Harry Smith, III continued to drive the police car up that hill. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of that he was "seen slumping towards the car's steering wheel." All other allegations contained in this paragraph of the complaint, if any, are denied.

24. Admitted.

25. It is admitted that Defendants Ciritella, Dempsey and Kurten ran up the hill and fired their weapons at the fleeing Mr. Smith. It is further admitted that one of the officers paused to reload his weapon, but he did not fire a shot after having done so. All other allegations contained in this paragraph of the complaint, if any, are denied.

26. Defendants admit that one resident was hit by a stray bullet. Defendants are without sufficient knowledge or information so as to be able to form a belief as to the truth of the remaining averments contained in this paragraph of the complaint.

27. Admitted.

28. Defendants admit that after they ceased firing their weapons, Mr. Smith was unconscious, helpless and none threatening to himself or others. All other allegations in this paragraph of the complaint, if any, are denied.

29. Denied.

30. Thirty-six shots were fired by the Defendants at the corner of 5th and Harrison Streets. All other allegations in this paragraph of the complaint are denied.

31. Admitted.

32. After Mr. Smith stopped the car, he was pulled from the car and handcuffed. Police officers then immediately began cardio pulmonary resuscitation and continued to perform resuscitation efforts until emergency medical technicians arrived. Upon their arrival, the emergency medical technicians took over the care of Mr. Smith. Once Mr. Smith was pronounced dead, his body was covered with a sheet and later with a tarp. His body was not moved until the Office of the Medial Examiner arrived and conducted its investigation. All other allegations, if any, are denied.

33. The laws of gravity necessarily mean that the blood from Mr. Smith's body would run down Harrison Street. The site of blood is always disturbing. Neither of the plaintiffs, however, witnessed this scene. Further, none of the neighborhood residences or other on-lookers were forced to look at it. All other allegations in this paragraph of the complaint, if any, are denied.

34. Denied.

35. Admitted.

36. Admitted.

RLF1-2924811-1

37. Admitted. By way of further response, the listing of the manner of death as "homicide" is not an indication that the medical examiner believed that any of the Defendants acted in a wrongful manner.

38. Denied as written. There were a total of nine bullet wounds found in Mr. Smith.

39. Denied.

40. Defendants response to paragraphs 1 through 39 are incorporated herein.

41. Admitted.

42. Defendant Ciritella initially positioned himself behind a building on the northeast corner of the intersection of Fifth and Harrison Streets. As Mr. Smith slowed as he approached the roadblock, Ciritella reposition himself so as to be able to shout instructions to Mr. Smith and to control the situation after Mr. Smith exited the stolen police car as Defendant Ciritella expected he would do. Instead of stopping the stolen police car and getting out, Mr. Smith accelerated the car and drove in the direction of Detective Ciritella who then shot at Mr. Smith in an effort to protect his life. All other allegations in this paragraph of the complaint, if any, are denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. It is denied that plaintiffs are entitled to any damages.

61. Defendants incorporate their responses to the foregoing paragraphs of the complaint.

62. Admitted. By way of further response, Defendants did not unreasonably seize Mr. Smith, nor did they search him.

63. Denied.

64. Denied.

65. Denied.

66. Denied that plaintiffs are entitled to damages.

67. Defendants incorporate their responses to paragraphs 1 through 66 of the complaint.

68. Denied.

69. Denied.

70. Denied.

7

71.  Denied.

72.  Defendants deny that the plaintiffs are entitled to damages.

73.  Defendants incorporate their responses to paragraphs 1 through 72 of the complaint.

74.-78.  These allegations are not directed towards these Defendants and therefore no responsive pleading is required. To the extent that a responsive pleading may be required, these allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Official Immunity)

79.  Defendants are entitled to official immunity.

### SECOND AFFIRMATIVE DEFENSE
(Sovereign Immunity)

80.  The individual Defendants in their official capacity are immune from suit by virtue of 10 *Del. C.* § 4011 *et seq.*

### THIRD AFFIRMATIVE DEFENSE
(Qualified Immunity)

81.  The individual Defendants are immune from suit by virtue of 10 *Del. C.* § 4012.

### FOURTH AFFIRMATIVE DEFENSE
(Absolute Immunity)

82.  The City of Wilmington is absolutely immune from plaintiffs' state law claims by virtue of 10 *Del. C.* § 4011.

### FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

83.  Plaintiffs' claims brought pursuant to 42 U.S.C. § 1986 are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Emergency Doctrine)

84. The individual Defendants were confronted with an emergency not of their own making and their conduct must therefore be judged accordingly.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributive Fault)

85. The conduct of Harry Smith, III was a proximate cause of his injuries.

WHEREFORE, Defendants pray that the claims against them be denied with costs assessed against plaintiffs. In the event that the trier of fact determines that one or more defendants is at fault, said defendants pray that fault be apportioned between themselves and Harry Smith, III.

|  |  |
|---|---|
| OF COUNSEL: | _____<br>John A. Parkins, Jr. (#859)<br>Chad M. Shandler (#3796)<br>Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware 19899<br>302-651-7700<br>Attorneys for Defendants |
| Rosamaria Tassone<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, Delaware 19801<br>302-576-2175 | |

Dated: October 13, 2005

9

RLF1-2924811-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on October 13, 2005, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com