IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR., and ROSLYN WOODARD SMITH, individually and as Administrators of the ESTATE OF HARRY SMITH, III<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY and MATTHEW KURTEN,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-1254-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA

TO:   Kester I. H. Crosse, Esquire
      Williams & Crosse
      1214 King Street
      Suite 300
      Wilmington, DE 19801

PLEASE TAKE NOTICE that on October 14, 2005, pursuant to Fed. R. Civ. P. 45, the attached subpoena will be served on Charles E. Brittingham, 2100 Washington St., Wilmington, DE 19802-4028.

RLF1-2928130-1

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

Dated: October 14, 2005

/s/ *[signature]*
John A. Parkins, Jr. (#859)
Chad M. Shandler (#3796)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
302-651-7700
parkins@rlf.com
shandler@rlf.com
oconnell@rlf.com
Attorneys for Defendants

RLF1-2928130-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

Harry Smith, Jr and Roslyn Woodard Smith,
Individually And As Administrators of the
Estate of Harry Smith, III,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    04-1254-GMS

v.

Wilmington Police Department, John Ciritella,
Thomas Dempsey and Matthew Kurten

TO:  Mr Charles E. Brittingham
     2100 Washington St
     Wilmington, DE 19802-4028

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to preserve and produce the following documents or objects (list documents or objects):
**See Attached Schedule A**

| PLACE: | DATE AND TIME |
|---|---|
| Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, DE 19899 | October 28, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ John A. Parkins Jr.  Attorney For Defendants | October 14, 2005 |

OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John A. Parkins, Jr.
Richards, Layton & Finger, PA
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

---

[1] If action is pending in district other than district of issuance, state district under case number.
RLF1-2928106-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

RLF1-2928106-1

## Schedule A

## Definitions

The following definitions shall apply to each of the requests contained in this Schedule A.

"DOCUMENT" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, web-sites, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("E-mail"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description, and including but not limited to any information contained in any computer, server, mainframe, or other storage device (including (i) information on or in computer memory, (ii) information on or in computer or network backup files, and (iii) information which has been "deleted" or "erased" but is recoverable) whether located on-site or at an off-site facility, within Your possession, custody or control, and which were created or modified in any respect during the time period from September 13, 2003 up to and including the present.

"COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether orally or in writing, or by any other means or medium.

The verb "RELATE" and its variants encompasses the terms "refer," "reflect," and "concern," and shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the request, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the request

The term "DECEDENT" refers to Harry Smith, III.

The term "PLAINTIFFS" refers to Harry Smith, Jr and Roslyn Woodard Smith.

The "WPD" refers to defendant Wilmington Police Department, including without limitation its employees and any person acting or purporting to act on its behalf.

The term "EVENTS OF SEPTEMBER 13" encompasses any and all events occurring on September 13, 2003 relating to the DECEDENT, including without limitation all actions of the DECEDENT, all actions of the WPD or other persons or entities with respect to the DECEDENT both before and after his demise (inclusive of any events that may have occurred on September 14, 2005), and any cause(s) of the DECEDENT's demise.

The term "ACTION" refers to the civil action no. 04-1254 currently pending before the U.S. District Court for the District of Delaware, captioned *Harry Smith, Jr. and Roslyn Woodard Smith, Individually And As Administrators of the Estate of Harry Smith, III v. Wilmington Police Department, John Ciritella, Thomas Dempsey and Matthew Kurten*, including without limitation the PLAINTIFFS' complaint in the action and all proceedings arising out of or relating thereto.

For purposes of this request, "YOU" encompasses each of your employees, agents, attorneys, accountants, consultants, and advisors, and all other persons acting or purporting to act on your behalf, at your insistence, or for your benefit, particularly including without limitation Ms Joanne Smiley.

## Documents To Be Produced

1. All DOCUMENTS, including but not limited to COMMUNICATIONS, that RELATE to the DECEDENT or the PLAINTIFFS.

2. All DOCUMENTS, including but not limited to COMMUNICATIONS, that RELATE to the EVENTS OF SEPTEMBER 13.

3. All DOCUMENTS, including but not limited to COMMUNICATIONS, that RELATE to the ACTION.

4. All DOCUMENTS which contain the names and/or addresses of persons claiming to have witnessed the EVENTS OF SEPTEMBER 13, involving the DECEDENT.

5. All DOCUMENTS which contain the names and/or addresses of persons who claim to have witnessed police officers shooting at the police car driven by DECEDENT after the police car stopped and DECEDENT was slumped over the car's steering wheel, apparently unconscious, helpless, unarmed and non-threatening.

6. All DOCUMENTS containing interview notes or transcripts of interviews which RELATE to the EVENTS OF SEPTEMBER 13.

7. All reports written by you or on your behalf which RELATE to the EVENTS OF SEPTEMBER 13.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I. H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on October 14, 2005, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

K. Tyler O'Connell (#4514)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
oconnell@rlf.com

RLF1-2928130-1