**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

      Plaintiffs,

v.                                                                              CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,
JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
and
MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
Defendants.

_____

**PLAINTIFFS' MOTION FOR ORDER THAT DEFENDANT JOHN CIRITELLA
ADMITTED ALL REQUESTS FOR ADMISSIONS – SERVED SEPTEMBER 24, 2005**

_____

      Comes now the plaintiffs, by their attorneys, per Rule 36 of the Federal Rules of Civil Procedure, and respectfully request this Honorable Court enter an order that defendant John Ciritella has admitted all 68 requests for admissions served on September 24, 2005.

      The bases for this motion are: a) on **September 24, 2005**, defendant John Ciritella was served, through his attorney, with a copy of Exhibit 1; b) on October 25, 2005, the parties' counsel agreed to a "couple of weeks" extension, via e-mail communications noted at Exhibit 2; c) on **October 31, 2005**, plaintiffs' counsel received responses to requests for admissions from defendants Thomas Dempsey and Mathew

Kurten; and d) defendant John Ciritella has failed to respond to plaintiffs' requests for admissions.

More than 30 days have passed since the requests were properly served. The agreed upon timeline of a "couple of weeks" extension also has passed. Thus, per Rule 36, the Court should enter an order deeming defendant John Ciritella has admitted all 68 requests for admissions as noted in Exhibit 1 attached hereto.

Respectfully submitted this 23rd day of November 2005.


/s/Anne T. Sulton
Anne T. Sulton
One of Plaintiffs' Attorneys

Anne T. Sulton
Admitted Pro Hac Vice
Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**

Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street, Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2005, I electronically filed, this Motion and attached Exhibits, with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Attorney John Parkins E-mail Parkins@rlf.com

/s/Anne T. Sulton
Anne T. Sulton
Admitted Pro Hac Vice
Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

      Plaintiffs,

v.                                      CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,
JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
and
MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

      Defendants.

---

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS AND
SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS
TO DEFENDANTS JOHN CIRITELLA, THOMAS DEMPSEY, AND MATHEW KURTEN**

---

      Plaintiffs, by their counsel, per the Federal Rules of Civil Procedure, hereby propound their first request for admissions, and second request for the production of documents and things, to defendants John Ciritella, Thomas Dempsey, and Mathew Kurten, to be answered **separately** by each of these three defendants under oath, within the time period required by the Federal Rules of Civil Procedure.

      Directions:

      Answers may be sent via e-mail to attorney Anne T. Sulton. To ensure her receipt, please copy via e-mail attorney Kester I.H. Crosse.

      Please admit or deny each of the following "requests for admissions". If you deny, then produce copies of all documents and/or tangible things you have to support each denial.

Copies of documents/things requested shall be produced, within the time period required by the Federal Rules of Civil Procedure, at the law firm of Williams and Crosse, 1214 King Street, Wilmington, DE 19801, and it will tender a check to pay the costs of duplicating at the customary rate. Documents and/or tape recordings may be produced in digital format (e.g., ms/word, wordperfect, pdf, jpg) and placed on a CD-ROM, rather than in paper or tape formats.

Note: Plaintiffs' counsel has agreed to be bound by a protective order signed by the Court. To this end, plaintiffs' counsel sent to defense counsel a proposed protective order. To date, plaintiffs' counsel has not received defense counsel's response. Pending the Court's action on a proposed protective order, plaintiffs' counsel will handle as "confidential" all documents and things produced by defendants that are marked by defense counsel as "confidential".

**Requests for Admissions:**

1. Admit you shot Harry Smith, III, on September 13, 2003.

2. Admit that when you shot Harry Smith, III you were acting under color of law.

3. Admit that before you shot Harry Smith, III you were told he went to a local hospital, complaining of mental health related ailments.

4. Admit that before you shot Harry Smith, III you were told he was acting in a manner suggesting he was mentally ill.

5. Admit that before you shot Harry Smith, III you were told he stole a Wilmington police vehicle.

6. Admit that before you shot Harry Smith, III you were involved in a police vehicle pursuit of him.

7. Admit that before you shot Harry Smith, III the pursuit of Harry Smith, III by Wilmington police officers was not a high-speed pursuit.

8. Admit that before you shot Harry Smith, III you did not see him with a gun.

9. Admit that before you shot Harry Smith, III you did not see him with a scalpel.

10. Admit that as Harry Smith, III drove the stolen Wilmington police vehicle toward the intersection of 5th and Harrison Streets you positioned the police vehicle you were driving to block the intersection of 5th and Harrison Streets.

11. Admit that as Harry Smith, III drove the stolen Wilmington police vehicle toward the intersection of 5th and Harrison Streets you got out of the police vehicle in which you were riding and positioned yourself so that you could shoot at Harry Smith, III.

12. Admit that as Harry Smith, III drove the stolen Wilmington police vehicle toward the intersection of 5th and Harrison Streets you intentionally positioned yourself in front of the vehicle that Harry Smith, III was driving.

13. Admit that when you shot Harry Smith, III it was near 7:00 PM and there still was daylight.

14. Admit that as you were shooting at Harry Smith, III, neighborhood residents, including small children and elderly persons, were on the sidewalks and on their front porches in the 500 block of Harrison Street.

15. Admit that as you were shooting at Harry Smith, III you were aware you could cause his death.

16. Admit that after you started shooting at Harry Smith, III the vehicle he was driving crashed into an unoccupied Jeep parked at or near the intersection of 5th and Harrison Streets.

17. Admit that you re-loaded your gun while you were at or near the intersection of 5th and Harrison Streets.

18. Admit that a bullet you fired, at or near the intersection of 5th and Harrison Streets, struck a woman.

19. Admit that after you started shooting at Harry Smith, III you saw him slump or lean toward the steering wheel of the vehicle he was driving.

20. Admit that, after you started shooting at Harry Smith, III, he continued to drive the vehicle up the hill of the 500 Block of Harrison Street.

21. Admit you ran up the hill after Harry Smith, III.

22. Admit that as you ran up the hill after Harry Smith, III you repeatedly fired your gun.

23. Admit that the vehicle Harry Smith, III was driving stopped at or near the middle of the street, at or near the middle of the 500 block of Harrison Street.

24. Admit that after the vehicle Harry Smith, III was driving stopped you saw him slumping or leaning over the car's steering wheel.

25. Admit that after the vehicle Harry Smith, III was driving stopped, in the 500 block of Harrison Street, you continued to fire your weapon at Harry Smith, III.

26. Admit that you fired more than 9 bullets at or in the direction of Harry Smith, III.

27. Admit that Harry Smith, III died because he sustained a bullet wound to his head.

28. Admit that you removed Harry Smith, III from the vehicle he was driving.

29. Admit that at the time Harry Smith, III was removed from the vehicle he was driving you knew he was dead.

30. Admit that at the time Harry Smith, III was removed from the vehicle he was driving his body was covered with his blood.

31. Admit that you placed handcuffs on Harry Smith, III.

32. Admit that you did not provide CPR or other cardio pulmonary rescue efforts to Harry Smith, III.

33. Admit you took items from the pockets of the clothing worn by Harry Smith, III.

34. Admit you did not place a sheet or blanket or other cover over the body of Harry Smith, III.

35. Admit that you authorized or made the decision to have Harry Smith, III's body lie on the street for several hours.

36. Admit that neighborhood residents complained about Harry Smith, III's body being on the street in front of or near their homes.

37. Admit that after the car Harry Smith, III was driving stopped, in the 500 block of Harrison Street, you saw Harry Smith, III take no action to threaten neighborhood residents.

38. Admit that after the car Harry Smith, III was driving stopped, in the 500 block of Harrison Street, you saw Harry Smith, III take no action to threaten you.

39. Admit no scalpel or gun was found on the body or in the pockets of Harry Smith III.

40. Admit no scalpel or gun was found in the passenger compartment of the vehicle driven by Harry Smith, III after he was removed from the vehicle.

41. Admit you knew that your shooting at Harry Smith, III had a substantial risk of causing him serious injury or death.

42. Admit you have received no training in use of firearms.

43. Admit you have received no training in use of force.

44. Admit you have received no training in how to handle mentally ill suspects.

45. Admit you have received no training in vehicle pursuits.

46. Admit you have received no training in how to handle a corpse.

47. Admit your actions caused the death of Harry Smith, III.

48. Admit that while you were shooting bullets at Harry Smith, III, you were engaged in a joint venture with defendants John Ciritella, Thomas Dempsey, and/or Mathew Kurten.

49. Admit that while you were shooting bullets at Harry Smith, III you were assisting defendants John Ciritella, Thomas Dempsey, and/or Mathew Kurten.

50. Admit that while you were shooting bullets at Harry Smith, III you were lending your physical presence to defendants John Ciritella, Thomas Dempsey, and/or Mathew Kurten.

51. Admit that while you were shooting bullets at Harry Smith, III you were lending your support to defendants John Ciritella, Thomas Dempsey, and/or Mathew Kurten.

52. Admit that while you were shooting bullets at Harry Smith, III you were lending the authority of your office to defendants John Ciritella, Thomas Dempsey, and/or Mathew Kurten.

53. Admit that your supervisor told you to fire your gun at Harry Smith, III when or after he arrived at the intersection of 5th and Harrison.

54. Admit that during the entire time period you interacted with Harry Smith, III on September 13, 2003, you were acting pursuant to the custom of the City of Wilmington Police Department, as this custom relates to the amount of force permitted to be used by a police officer upon another person while an officer is attempting to gain control over, arrest, apprehend, and/or secure this other person.

55. Admit that during the entire time period that you interacted with Harry Smith, III on September 13, 2003, you were acting pursuant to the practice of the City of Wilmington Police Department as this practice relates to the use of force permitted to be used by a police officer upon another person.

56. Admit that during the entire time period that you interacted with Harry Smith, III on September 13, 2003, you were acting pursuant to the written policy of the City of Wilmington Police Department as this policy relates to the use of force permitted to be used by a police officer upon another person.

57. Admit that during the entire time period that you interacted with Harry Smith, III on September 13, 2003, you were not acting consistent with the training you received from the City of Wilmington Police Department as this training relates to the use of force permitted to be used by a police officer upon another person.

58. Admit that during the entire time period that you interacted with Harry Smith, III on September 13, 2003, you were acting within the scope of your duties as a police officer for the City of Wilmington Police Department.

59. Admit that the video camera equipment in the police vehicle in which you were riding was working properly on September 13, 2003.

60. Admit that the video camera equipment in the police vehicle Harry Smith, III was driving was working properly on September 13, 2003.

61. Admit that the video camera equipment in the police vehicle in which you were riding recorded your actions on September 13, 2003.

62. Admit that the video camera equipment in the police vehicle Harry Smith, III was driving recorded the actions of Harry Smith, III on September 13, 2003.

63. Admit that the video camera equipment in the police vehicle in which you were riding recorded actions of Wilmington police officers on September 13, 2003.

64. Admit that the video camera equipment in the police vehicle Harry Smith, III was driving recorded the actions of Wilmington police officers on September 13, 2003.

65. Admit that you did not contact the Wilmington Hospital on September 13, 2003.

66. Admit that you did not communicate with other police officers via radio or telephone on September 13, 2003 between the hours of 6:00 PM and 11:59 PM.

67. Admit that you did not communicate with the Wilmington Police Department dispatcher via radio or telephone on September 13, 2003 between the hours of 6:00 PM and 11:59 PM.

68. Admit that you did not communicate with any Wilmington 911 operator via radio or telephone on September 13, 2003 between the hours of 6:00 PM and 11:59 PM.

**Request for the Production of Documents and Things:**

You were asked to admit or deny each of the above noted statements. If you deny any of the above statements, then produce copies of all documents and/or tangible things you have to support each denial.

Dated this 24th day of September 2005.

/s/Anne T. Sulton

One of Plaintiffs' Attorneys

Anne T. Sulton
Admitted Pro Hac Vice
Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**
Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street, Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2005, I served this discovery request, via e-mail, upon Attorney John Parkins at Parkins@rlf.com; and via regular first class mail to:

Attorney John A. Parkins, Jr.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899.

/s/Anne T. Sulton

**EXHIBIT 2**

From: annesulton@comcast.net

To: "Parkins, John" <parkins@RLF.com>
Cc: kesterih@aol.com
Subject: Re: Smith—discovery
Date: Tue, 25 Oct 2005 16:20:38 +0000

yes.  take your time.  i am in the Midwest preparing for the trial of another case.  if i get the stuff in the next couple of weeks, this is fine.

-------------- Original message --------------

From: "Parkins, John" <parkins@RLF.com>

To: annesulton@comcast.net
Subject: Smith—discovery
Date: Tue, 25 Oct 2005 16:00:12 +0000

You have probably already received responses to interrogatories and requests for production, which according to my calendar are due on Thursday.  It may be until Monday until I can send you responses to requests for admission from defendants Ciritella and Dempsey.  Is that OK with you?

I will begin shipping documents to you today.  They will probably arrive in two or three tranches.

Richards, Layton and Finger, P.A.  …