# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JOHN A. PARKINS, JR
DIRECTOR

DIRECT DIAL NUMBER
302-651-7624
PARKINS@RLF.COM

December 7, 2005

**VIA HAND DELIVERY AND CM/ECF**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
J. Caleb Boggs Federal Building - Lockbox 19
Wilmington, DE 19801

Re: **Estate of Harry Smith, III, et al. v. Wilmington Police Dept., et. al,**
**C.A. No. 04-1254-GMS**

Dear Judge Sleet:

This letter is in response to plaintiffs' Motion For Order That Defendant John Ciritella Admitted All Requests For Admissions (the "Motion"), filed with the Court on November 23, 2005. I am uncertain whether plaintiffs' request qualifies as a discovery motion under paragraph 2(a) of the Scheduling Order and thus, under the terms of that paragraph, ought to be resolved by telephone conference. Out of an abundance of caution, therefore, defendant Ciritella submits this two page letter.

On September 24, 2005, plaintiffs served by email on the three individual defendants in this action identical 63 identical requests for admission. On October, 25, 2005 plaintiffs kindly agreed to grant an extension to the individual defendants to respond to those requests, and on October 31, 2005, Defendants Kurten and Dempsey both served their responses, which contained several denials. With minor variations, the responses of those defendants were nearly identical. Although not obligated to do so, those defendants explained the reasons for their denials when they felt it would be helpful to do so. The defendants had prepared a response on behalf of Officer Ciritella, but it was not served at that time due to a miscommunication involving defendants' counsel. Given the earlier email agreement to extend the time for the individual defendants to respond and the response of two of the three individual defendants, plaintiffs knew, or should have known, that defendant Ciritella intended to respond to the requests. Nonetheless, we first learned of the inadvertent failure to serve Officer Ciritella's response when plaintiffs filed the instant motion. Between October 31 (when two of the individual defendants served their responses) and November 23, 2005, (when plaintiffs filed the motion), plaintiffs made no mention whatsoever that they had not received a response from defendant even though nearly two dozen emails were exchanged between the parties during that period. Plaintiffs' motion should therefore be denied.

RLF1-2950279-1

The Honorable Gregory M. Sleet
December 7, 2005
Page 2

      Alternatively, defendant respectfully request to withdraw all deemed admissions.[1] *See* FED. R. CIV. P. 36(b) (providing for the withdrawal or amendment of admissions). "Rule 36(b) emphasizes 'the importance of having an action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not prejudice him.'" *Coca-Cola Bottling Co. v. The Coca-Cola Co.*, 123 F.R.D. 97, 103 (D. Del. 1988) (quoting Advisory Committee Notes to the 1970 Amendments of Rule 36). Plaintiffs bear the burden of showing reliance on the deemed admissions resulting in "special difficulties" in obtaining the evidence needed to prove the matters deemed admitted. *Skoczylas v. Atl. Credit and Fin., Inc.*, 2002 WL 55298, at *3 (E.D. Pa. Jan. 15, 2002) (quoting *Revlon Consumer Products Corp. v. L'Oreal S.A.*, 170 F.R.D. 391, 402 (D. Del. 1997)). Plaintiffs have not made such a showing, nor could they. Discovery is still in its early stages, with only two depositions; having been taken, both of which were taken before service of the Requests for Admission. Indeed, discovery cutoff is not until May 31, 2006, and the depositions of the individual defendants have not even been scheduled yet. Moreover, plaintiffs could not have relied upon any deemed admissions here because "the bulk of the admissions sought were directly contrary to facts that formed the basis of Plaintiffs' complaint[,]" and which generally were denied in Officer Ciritella's answer to the complaint. *Skoczylas*, 2002 WL 55298, at *4. For these reasons the case against defendant iritella should be resolved on its merits and the requests addressed to him should not be deemed admitted.

      If the Court so permits, the Defendants are prepared to serve the response previously prepared on behalf of Officer Ciritella. The undersigned is available at the convenience of the Court should Your Honor have any questions regarding the foregoing.

Respectfully yours,

*/s/ John A. Parkins*

John A. Parkins, Jr. (#859)

JAP/lll
cc:    Clerk of the Court
        Kester I.H. Crosse, Esquire (By Hand Delivery)
        Anne T. Sulton, Esquire (By U.S. Regular Mail)
        Rosemaria Tassone, Esquire (By U.S. Regular Mail)

---

[1] The Court may treat this argument as a motion to withdraw admissions pursuant to Rule 36(b). *See U.S. v. Branella*, 972 F. Supp. 294, 300-01 (D.N.J. 1997).

RLF1-2950279-1