IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, JR., and ROSLYN WOODARD SMITH, individually and as Administrators of the ESTATE OF HARRY SMITH, III, | ) ) ) ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No.  04-1254 GMS |
| | ) | |
| CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

### I.    INTRODUCTION

1.      On September 13, 2004, Harry Smith, Jr. and Roslyn Woodard Smith (collectively, the "plaintiffs"), the parents of Harry Smith, III ("Mr. Smith"), filed the above captioned suit, pursuant to 42 U.S.C. §§ 1983, 1985, 1986, on their own behalf, and as representatives of his estate.  The complaint alleges that the defendants violated Mr. Smith's civil and constitutional rights, when they used excessive force during a September 13, 2003 incident with police, in which he was shot and killed.  In addition, the plaintiffs allege violations of Delaware constitutional provisions, a state wrongful death claim, and a state law claim for abuse of a corpse.

2.      On September 22, 2005, the court held a scheduling conference with the parties.  During the scheduling conference, the defendants raised the argument that certain of the plaintiffs' civil rights claims – the estate's Fourteenth Amendment claim, and the parents' Fourth and Fourteenth Amendment claims – failed as a matter of law.  After hearing brief argument regarding the

defendants' contentions, the court permitted the defendants to file a motion for partial dismissal (D.I. 29). On September 29, 2005, the parties filed a Stipulation and Order (D.I. 28), which set forth a briefing schedule for the defendants' motion. According to the motion, the issues presently before the court are: (1) whether the estate can assert a Fourteenth Amendment claim against the defendants; and (2) whether the parents can assert a Fourteenth Amendment claims against the defendants.[1]

3.      The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, in deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint alleges sufficient facts if it is adequate to put defendants on notice of the essential elements of the plaintiff's cause of action. *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). The court will only dismiss a complaint if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Thus, in order to prevail, a moving party must show "beyond doubt that the

---

[1] The defendants also contend that the parents cannot assert a Fourth Amendment claim against them. The court need not decide this issue, however, because the plaintiffs' response to the defendants' motion states that the parents are not claiming that the defendants violated their Fourth Amendment rights.

plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In the context of a section 1983 action, the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution. *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

4.      The court first considers the defendants' motion to dismiss the estate's Fourteenth Amendment excessive force claim. In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court squarely addressed "what constitutional standard governs a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person." 490 U.S. at 388. First, the Court considered and rejected the notion that "all excessive force claims brought under § 1983 are governed by a single generic standard." *Id.* at 393. The Court then held that "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a [Fourteenth Amendment] 'substantive due process' approach." *Id.* at 395 (emphasis in original).

5.      Here, Mr. Smith's estate is pursuing a Fourteenth Amendment excessive force claim against the defendants. Based on the foregoing discussion, however, a court must analyze an excessive force claim under the Fourth Amendment, not the Fourteenth Amendment. As such, the court will dismiss this claim against the defendants because it fails as a matter of law.

6.      The defendants also contend that the court should dismiss Mr. Smith's parents' Fourteenth Amendment claim, because they do not have a protected liberty interest in a relationship with their adult child. In *McCurdy v. Dodd*, 352 F.3d 820 (3d Cir. 2003), the Third Circuit considered a father's claim that police officers had violated his Fourteenth Amendment parental liberty interest

in the companionship of his independent adult son.  The court's threshold inquiry, as in all Section 1983 cases, was whether the father "has alleged the deprivation of an actual constitutional right at all." *McCurdy*, 352 F.3d at 826 (citations omitted).  In determining that the father did not allege any constitutional deprivation, the court held that the fundamental guarantees of the Due Process Clause "do not extend to a parent's interest in the companionship of his independent adult child." *Id.* at 830. The court also held that adulthood will be established in most cases "by reference to the presumed state age of majority."  *Id.*  The court noted, however, that in "some (probably rare) cases, the presumption of adulthood may be rebutted by clear and convincing evidence of lack of emancipation." *Id.*

7.      In the present case, the plaintiffs argue that it is inappropriate to dismiss the parents' Fourteenth Amendment claim because the allegations of the complaint, and Mr. Smith's death certificate, raise questions of fact about whether he was an "independent adult."  After having reviewed the amended complaint, the court concludes that it is completely devoid of allegations regarding Mr. Smith's dependency on one, or both, of his parents.  At most, the amended complaint establishes that Mr. Smith complained of hallucinations, paranoia, and agitation on September 13, 2003.  However, allegations regarding one episode of mental health related ailments are  not "clear and convincing evidence" of lack of emancipation that the Third Circuit requires to overcome the presumption of adulthood by majority age.[2]  Additionally, the court has examined Mr. Smith's death certificate and concludes that it establishes only that Mr. Smith lived with his parents at the time of

---

[2] Mr. Smith's death certificate, a public record, states that he was twenty-five years old at the time of his death.  The plaintiffs do not contest this fact.  Therefore, it is undisputed that Mr. Smith was legally an adult at the time of his death.  *See* Del. Code Ann. tit. 1, § 701 (2001) (stating that 18 years is the full legal age for all purposes).

the incidents leading to his death. In other words, the death certificate does not establish that Mr.

Smith was dependent on his parents. Accordingly, the court will dismiss this claim because Mr.

Smith's parents have not alleged the deprivation of a constitutional right.

      For all of the aforementioned reasons, IT IS HEREBY ORDERED that:

1.      The defendants' Motion for Partial Dismissal (D.I. 29) of the estate's Fourteenth

      Amendment claim is GRANTED.

2.      The defendants' Motion for Partial Dismissal (D.I. 29) of Mr. Smith's parents'

      Fourteenth Amendment claim is GRANTED.

April 5, 2006                         /s/ Gregory M. Sleet
                                          UNITED STATES DISTRICT JUDGE