# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Civil Action No. 04-1254-GMS

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.  **SUBPOENA IN A CIVIL CASE**

CITY OF WILMINGTON,

JOHN CIRITELLA,

THOMAS DEMPSEY,

and

MATHEW KURTEN,

    Defendants.

_____

**TO: CHRISTIANA CARE HEALTH SYSTEM**
    **501 WEST 14TH STREET**
    **WILMINGTON, DELAWARE 19801**

x **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to produce and permit inspection and copying of the following documents or objects at the place, date, and specified below in the above case.

| PLACE: | ROOM: |
|---|---|
| **UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE**<br>**844 NORTH KING STREET**<br>**WILMINGTON, DELAWARE** | **ATTORNEYS' CONFERENCE ROOM # 2204** |
| | DATE AND TIME:<br><br>**JUNE 6, 2006 AT 9:00 AM** |

1

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above on page 1 of this subpoena:

Any and all document(s) and/or communication(s), in your possession or under your control, pertaining, in any way, to:

1) Christiana Care Health System and/or Wilmington Hospital by-laws, rules, regulations, policies, protocols, and/or procedures, in effect on September 13, 2003 and pertaining, in any way, to the authorization to disclose the medical records and/or any other health care information pertaining, in any way, to Harry Smith, III to the Wilmington Police Department (or any of its representatives, agents, and/or employees) and/or authorization to disclose any information about Harry Smith, III to any third party, person and/or entity;

2) Any and all documents describing and/or identifying, in any way, any and all persons authorizing the disclosure of Harry Smith, III's medical records and/or any other health care information pertaining, in any way, to Harry Smith, III, to the Wilmington Police Department and/or any of its representatives, agents and/or employees;

3) Christiana Care Health System and/or Wilmington Hospital by-laws, rules, regulations, policies, protocols, and/or procedures pertaining, in any way, to the operation, staffing, staff training, monitoring, supervision, evaluation, and/or safety of the Wilmington Hospital emergency room and/or emergency department of Wilmington Hospital in effect from January 1, 2003 to June 1, 2006; and

4) Christiana Care Health System and/or Wilmington Hospital by-laws, rules, regulations, policies, protocols, and/or procedures pertaining, in any way, to Wilmington Hospital's care and/or treatment of patients presenting with and/or seeking care and/or treatment for mental health related complaints, mental health related ailments, and/or mental health related symptoms, in effect from January 1, 2003 to June 1, 2006, including, but not limited to, by-laws, rules, regulations, policies, protocols and/or procedures, in any way, mentioning contact with and/or exchanging information with the Wilmington Police Department (or any of its representatives, agents, and/or employees).

The term "document(s)" shall have the broadest meaning permitted under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, communication, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "post-it" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilms, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photomaps, Photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), voice-mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including, but not limited to, any information contained in any computer, even if not yet printed out, within your possession, custody or control , or any other means preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however, produced or reproduced, whether draft or final version.  This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any documents.  This definition further includes any file or other container holding, or that at any time held any documents, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

The term "communication(s)" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview.

If any information requested herein is withheld or redacted under claim of privilege or pursuant to any other legal doctrine, you are requested at or before the time of responding to this subpoena to state with specificity the claim of privilege or other reasons used to withhold the information and identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted.  You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such technique does not result in disclosing the contents of the portions for which some privilege is asserted.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| s/Anne T. Sulton<br>Attorney Anne T. Sulton, Attorney for Plaintiffs | JUNE 1, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Attorney Anne T. Sulton, Attorney for Plaintiffs, Mailing Address:  Sulton Law Offices, Post Office Box 2763, Olympia, Washington 98507; E-mail: annesulton@comcast.net; telephone (609) 468-6029 |

(See Rule 45, Federal Rules of Civil Procedures, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____

Date

_____

Signature of Server

_____

Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, of inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trail is held, or

  (iii) requires disclosure of privileged or other protected material and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

(B) If a Subpoena

  (i) requires disclosure of a trade secret or other confidential research,
development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrence in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.