IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR., and ROSLYN WOODARD SMITH, individually and as Administrators of the ESTATE OF HARRY SMITH, III<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY and MATTHEW KURTEN,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-1254-GMS<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND**

Defendants oppose plaintiffs' motion for leave to amend on the ground that plaintiffs have unreasonably delayed and defendants will be prejudiced as a result. Plaintiffs seek to assert an entirely new theory of the case -- based upon, among other things, purported failures to investigate incidents purported failures to promulgate proper policies and purported failures to train police officers vaguely described in 11 subparagraphs of the proposed second amended complaint. These new claims are being asserted only four days before the close of discovery and only nine days before dispositive motions are due.

　　A.　**Plaintiffs Unreasonably Delayed In Seeking To Assert Their New Claims.**

　　　　1.　The following chronology illustrates plaintiffs' delay in seeking to assert their new claims.

　　　　　　a. August 24, 2005　　Defendants take first deposition in case (D.I. 18).

　　　　　　b. September 22, 2005　Court conducts scheduling conference sets May 30, 2006 as discovery cut-off. (D.I. 33).

|     |                    |                                                                                                                                                                                      |
| --- | ------------------ | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
| c.  | November, 2005     | Defendants produce 2,500 pages of documents, including police manuals (Tab A).                                                                                                       |
| d.  | December 9, 2005   | Defendants produce CD's of interviews of police officers including the defendants. (Tab B).                                                                                          |
| e.  | December 22, 2005  | Defendants produce CD containing 119 photographs selected by plaintiffs. (Tab C).                                                                                                    |
| f.  | May 8, 2006        | Plaintiffs take their first depositions in the case (Tab D).                                                                                                                         |
| g.  | May 9, 2006        | Plaintiffs' counsel states at deposition "I think I need to amend the lawsuit because I don't think you guys are properly trained, so I'm trying to be able to train you." (Tab E). |
| h.  | May 16, 2006       | Defendants' counsel inquires about the whereabouts of the motion for leave to amend. (Tab F).                                                                                        |
| i.  | May 16, 2006       | Plaintiffs' counsel responds that she still intends to file the motions. (Tab F).                                                                                                    |
| j.  | May 25, 2006       | Plaintiffs' counsel writes "I am not filing a motion to amend the complaint." (Tab G).                                                                                               |
| k.  | June 5, 2006       | Without further notice to defendants, plaintiffs' file motion for leave to amend. (D.I. 98).                                                                                         |

2.      Plaintiffs asset in their motion that "the defendant police officers' deposition testimony indicated training and other issues are central to a resolution of this case." This assertion overlooks, of course, that plaintiffs delayed more than seven months after the scheduling conference and waited until less than three weeks before the discovery cut-off to take those depositions. Having chosen to take the risk of waiting until the end of discovery to take the depositions of the defendants, plaintiffs should not now be allowed to prejudice defendants by asserting an entirely new set of claims at the end of discovery.

3.      Plaintiffs also assert in their motion that the individual defendants' "deposition testimony also varied considerably from other information previously obtained earlier in the discovery process ...." Again, they do not bother to tell the Court or defendants

how that deposition testimony "varied considerably" from earlier discovery, nor do they even purport to explain why that purported variance justifies allowing them to amend their complaint.

4. Although plaintiffs assert that the proposed amendment is prompted by information they learned in the last-minute depositions of the defendants, they do not bother to tell the Court what they learned in those depositions which gives rise to the new claims. For example:

- Plaintiffs allege in their proposed Second Amended Complaint that Wilmington police "have committed acts of excessive force against civilians" and that the City fails to properly investigate and discipline officers. (Second Amended Complaint, ¶¶ 74 (a), (b), (c), 75 (a), (b), (c)). There was nothing in these depositions about other claims of excessive use of force or the City's investigation of those claims. Insofar as the investigation of this claim is concerned, plaintiffs have been in possession for months of the entire investigative file including the reports of Internal Affairs, the City Solicitor and the Attorney General.

- Plaintiffs complain that Wilmington police officers are taught that "it is acceptable to shoot at s moving vehicle." (Second Amended Complaint, ¶ 74 (e)). This is not information which came to light for the first time in the defendants' depositions. Rather, more than eight months ago defendants produced a Wilmington Police Directive which allows officers to shoot at

3

moving vehicles under "exigent, life-threatening circumstances." (Bates W0329).

B.  **Defendants Are Prejudiced By Plaintiffs' Delay.**

5.  It is well-established that delay causing "undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (reasoning that "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."). Here, the Plaintiffs' decision to delay in seeking to amend its complaint will result in undue prejudice to the defendants and will significantly compromise the schedule in this action.

6.  Plaintiffs' proposed amendments threaten to prejudice the defendants from the injection of new claims after the scheduled close of fact discovery.[1] *See, e.g., Averbach v. Rival Man. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989), *cert denied*, 493 U.S. 1023 (1990) (affirming denial of motion to amend complaint filed four days before discovery cutoff); *Capp, Inc. v. Dickson/Unigage, Inc.*, 2004 WL 2188100, at *2 (E.D. Pa. Sept. 8, 2004) (denying motion to amend complaint filed one month prior to close of discovery); *The Development Group, LLC v. Franklin Twp. Bd. of Supervisors*, 2004 WL 1773720, at *3 (E.D. Pa. Aug. 5, 2004) (same,

---

[1] Plaintiffs' new claim against the City for a purported failure to train or supervise officers could require much additional discovery. In order to sustain their proposed claim for inadequate training, the Plaintiffs must prove that "an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). "This typically requires proof of a pattern of underlying constitutional violations." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004). Proof of such a pattern may require the consideration of events and happenings far removed from the events giving rise to the current claims.

4

motion filed five weeks before the close of discovery); *A&F Corp. v. Brown*, 1996 WL 79985, at *1 (E.D. Pa. Feb. 22, 1996) (same, motion filed same day as discovery cutoff); *Richardson v. Frank*, 1989 WL 135370, at *1 (same, motion filed twenty days before discovery cutoff "will cause defendants undue prejudice as they will be forced to reopen discovery"). Further, the Plaintiffs' proposed amendment will adversely impact defendants' ability to present their motion for summary judgment (due June 14, 2006) to the Court. *Cf. EEOC v. Foodcrafters Dist. Co.*, 2006 WL 489718, at *13 (D.N.J. Feb. 24, 2006) (reasoning it is proper to deny a motion to amend complaint filed "on the eve of the close of discovery and the filing of motions for summary judgment"); *Capp, Inc.*, 2004 WL 2188100, at *4 (denying motion to amend complaint made "[o]n the eve of summary judgment briefing" which if granted would "delay proceedings significantly"); *Development Group, LLC*, 2004 WL 1773720, at *3 (denying motion to amend complaint and reasoning the defendants "are presumptively using the discovery record as it now exists to prepare motions for summary judgment"); *Saini v. Bloomsburg Univ. Faculty*, 826 F.Supp. 882, 889 (M.D. Pa. 1993) (denying motion to amend that, if granted, would require the Court to "re-open the period for filing dispositive motions"). Plaintiffs' indecision regarding whether to move to amend its complaint should not be permitted to prejudice the defendants in this manner.

C. **The Motion Should Be Denied Because The New Claims Are Futile.**

7. Plaintiffs' motion to amend the complaint should be denied because many, if not all, of the new claims Plaintiffs seek to assert would be futile. Proposed amendments are "futile" where they will not survive a motion to dismiss. *See, e.g., In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

8. Plaintiffs' proposed amended complaint (at ¶¶ 70-72) seeks to add a "Supplementary Claim For Respondeat Superior" against the City. It is black-letter law that the City can not be held liable under respondeat superior principles. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

9. Plaintiffs' proposed amended complaint (at ¶¶ 73-77) also seeks to add a claim against the City for inadequate training or supervision. To sustain such a claim, Plaintiffs must "identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom police come into contact." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (citing *City of Canton*, 489 U.S. at 388). A complaint alleging such a claim will be dismissed where it does not identify the "'conduct, time, place and persons responsible for' any official municipal policy or custom endorsing the police officer Defendants' conduct." *Walker v. N. Wales Borough*, 395 F. Supp. 2d 219, 226 (E.D. Pa. 2005) (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)); *see also Carlton v. City of Philadelphia*, 2004 WL 633279, at *7 (E.D. Pa. Mar. 30, 2004) (plaintiff alleging municipal liability for a "failure to train" must identify the "custom or policy being called into question and who is allegedly responsible for instituting it."); *Berthesi v. Penn. Bd. of Probation*, 246 F. Supp. 2d 434, 439 (E.D. Pa. 2003) (same). Conclusory allegations that a municipality "encouraged, tolerated, ratified and been deliberately indifferent to [certain] patterns, practices and customs" will not sustain a claim for municipal liability. *Walker*, 395 F. Supp. 2d at 227 (dismissing Section 1983 claim against municipality predicated on such allegations); *see also Carlton*, 2004 WL 633279, at *7 (dismissing complaint predicated on similarly conclusory allegations). Nowhere in the proposed Second Amended Complaint do the plaintiffs identify any "persons

responsible" for allegedly deficient practices or customs and therefore would be subject to dismissal. *Cf. Walker*, 395 F. Supp. 2d at 226.

10. Plaintiffs' proposed amended complaint also fails to allege any policy or custom evidencing a "deliberate indifference" to a suspect's constitutional rights. Plaintiffs' proposed amended complaint alleges (at ¶ 74(d)) that the City continues to teaches its police officers that "it is acceptable to shoot at a moving vehicle [in certain exigent circumstances] ...."[2] This policy does not reflect a deliberate indifference to suspects' constitutional rights. *See, e.g., Whitfield v. Melendez-Rivera*, 431 F.3d 1, 10 & n.7 (1st Cir. 2005) (reasoning policy with similar provision was "consistent with *Tennessee v. Garner*"); *Fraire v. City of Arlington*, 957 F.2d 1268, 1280 (5th Cir. 1992) (holding similar policy was consistent with *Garner*).

11. The only other purported policy or custom Plaintiffs allege (at ¶ 74(c)) is that "in this case, [supervisors] even instructed the defendant police officers not to write a report."[3] But any such purported *after the fact* instruction could not have *caused* the alleged police misconduct, as would be necessary for Plaintiffs to state a claim. *Cf. Walker*, 395 F. Supp. 2d at 226 (citing *Evancho*, 423 F.3d at 353) (reasoning there must be "a direct causal link" between the policy or custom and the alleged misconduct). Further, it is black-letter law that Plaintiffs' purported identification of a single incident does not satisfy their requirement to identify an custom or policy. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality) ("Proof of a single incident of unconstitutional activity is not sufficient to impose

---

[2] The referenced training policy has at all pertinent times provided as follows: "[p]olice officers shall not fire their weapons at, or from a moving vehicle except for under exigent, life-threatening circumstances." Wilmington Police Officer's Manual, Directive 6.7.

[3] The defendants respectfully submit that no evidence suggests that the individual defendants were ever told not to write a report. In any event, a videotaped interview was conducted with each individual defendant on the night of the shooting.

7

liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001) (reasoning the alleged custom or policy "must have the force of law by virtue of the persistent practices of state officials."); *Wright v. Camden City Police Dept.*, 2005 WL 2406098, at *3 (D.N.J. Sept. 29, 2005) (granting motion to dismiss where the "[p]laintiff's allegations are based on a single incident, which is generally insufficient to establish municipal liability even if the actions taken were unconstitutional"). Therefore, even apart from its unduly prejudicial effect, Plaintiffs' motion to amend should be denied as futile.

WHEREFORE, defendants pray that the plaintiffs' Motion for Leave to Amend be denied.

OF COUNSEL:
Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

Dated: June 14, 2006

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Kester I.H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street
> Suite 300
> Wilmington, DE 19801

I hereby certify that on June 14, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

> Anne T. Sulton, Esquire
> Post Office Box 2763
> Olympia, WA 98507

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com

RLF1-3023068-2