# PATTERN JURY INSTRUCTIONS

## for CIVIL PRACTICE

## in the SUPERIOR COURT of the STATE of DELAWARE

**2000 EDITION**

Revised in part 8/1/2003

[Cite as: DEL. P.J.I. CIV. § xx.xx (2000).]

**Disclaimer**: The following civil jury instructions were compiled as a reference guide for the benefit of practitioners in Superior Court. The instructions are merely advisory and the practitioner should not use these instructions without also reviewing the applicable statutes, court rules, and case law. While the Review Committee has made every effort to conform these instructions to the prevailing law, they are always subject to review by the Supreme Court.

- i -



*Revised 8/1/2003*

5. GENERAL NEGLIGENCE

- Violation of a Statute (Negligence *per se*) [revised 11/2/98] ............... § 5.7

**NEGLIGENCE AS A MATTER OF LAW**

A person is also considered negligent if he or she violates a [__statute / regulation__] that has been enacted for people's safety. The violation of [__identify statute / regulation__] is negligence as a matter of law. If you find that [*defendant / plaintiff's name*] has violated the [__statute / regulation__] that I'm about to read to you, then you must conclude that [*defendant / plaintiff's name*] was negligent.

{**Comment**: *See Jury Instr. No. 5.6 -- Motor Vehicle Statutes.*}

Source:
*Price v. Blood Bank of Delaware, Inc.*, Del. Supr., 790 A.2d 1203, 1212-13 (2002); *Toll Bros. Inc. v. Considine*, Del. Supr., 706 A.2d 493 (1998); *Delaware Elec. Coop., Inc. v. Duphily*, Del. Supr., 703 A.2d 1202, 1208-09 (1997);
*Duphily v. Delaware Elec. Coop., Inc.*, 662 A.2d 821, 828 (1995); *Wright v. Moffitt*, Del. Supr., 437 A.2d 554, 557 (1981); *Crawford v. Gilbane Bldg. Co.*, Del. Super., 563 A.2d 1066 (1986); *Nance v. Rees*, Del. Supr., 161 A.2d 795, 797 (1960). See also PROSSER & KEETON ON TORTS § 36 (5th ed. 1984).

30

*Revised 8/1/2003*

5. GENERAL NEGLIGENCE

   - Intentional Conduct Defined .................................... § 5.8

## INTENTIONAL CONDUCT DEFINED

Intentional conduct means conduct that a person undertook with a knowing desire or with a conscious objective or purpose.

Source:

*See* DEL. CODE ANN. tit. 11, § 231(a) (2001).

(31)

*Revised 8/1/2003*

5. GENERAL NEGLIGENCE

- Reckless Conduct Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . § 5.9

### RECKLESS CONDUCT DEFINED

Reckless conduct reflects a knowing disregard of a substantial and unjustifiable risk. It amounts to an "I don't care" attitude. Recklessness occurs when a person, with no intent to cause harm, performs an act so unreasonable and so dangerous that he or she knows, or should know, that harm will probably result.

Source:
See *Tackett v. State Farm Fire and Cas. Ins. Co.* Del Supr., 653 A.2d 254, 265-66 (1995); *See also Jardel Co. v. Hughes*, Del. Supr., 523 A.2d 518, 529-30 (1987). *See also* DEL. CODE ANN. tit. 11, § 231(c) (2001); *Hamilton v. State*, Del. Supr., 816 A.2d 770, 773-74 (2003).

32

*Revised 8/1/2003*

5. GENERAL NEGLIGENCE

- Willful and Wanton Conduct Defined ............................. § 5.10

## WILLFUL AND WANTON CONDUCT DEFINED

Willfulness indicates an intent, or a conscious decision, to disregard the rights of others. Willfulness is a conscious choice to ignore consequences when it is reasonably apparent that someone will probably be harmed.

Wanton conduct occurs when a person, though not intending to cause harm, does something so unreasonable and so dangerous that the person either knows or should know that harm will probably result. It reflects a foolhardy "I don't care" attitude.

Source:
*Koutoufaris v. Dick*, Del. Supr., 604 A.2d 390, 399 (1992); *Furek v. University of Delaware*, Del. Supr. 594 A.2d 506, 523 (1991); *Jardel Co. v. Hughes*, Del. Supr., 523 A.2d 518, 529-30 (1987); *Eustice v. Rupert*, Del. Supr., 460 A.2d 507, 509-11 (1983); *Yankanwich v. Wharton*, Del. Supr., 460 A.2d 1326, 1331 (1983); *Aastad v. Rigel*, Del. Supr., 272 A.2d 715, 717 (1970); *Wagner v. Shanks*, Del. Supr., 194 A.2d 701 (1963); *Creed v. Hartley*, Del. Supr., 199 A.2d 113 (1962); *Sadler v. New Castle County*, Del. Super., 524 A.2d 18, *aff'd*, Del. Supr., 565 A.2d 917 (1987).

*Revised 8/1/2003*

5. GENERAL NEGLIGENCE

    - Contributory Negligence Not a Defense
       to Intentional, Reckless, Willful or Wanton Conduct .................. § 5.11

## CONTRIBUTORY NEGLIGENCE NOT A DEFENSE

## WHERE INTENTIONAL, RECKLESS, WILLFUL OR WANTON CONDUCT FOUND

If you find that [*defendant's name*] acted in a [__intentional, reckless, willful or wanton__] manner and that this conduct was a proximate cause of the accident and injuries in this case, then even if you find that [*plaintiff's name*] was negligent and that this negligence was also a proximate cause of the accident, [*plaintiff's name*]'s negligence does not affect whether [*plaintiff's name*] can recover damages.

Source:

*Koutoufaris v. Dick*, Del. Supr., 604 A.2d 390, 398-99 (1992); *Green v. Millsboro Fire Co.*, Del. Super., 385 A.2d 1135, *aff'd in part and rev'd in part*, 403 A.2d 286 (1978); *Gott v. Newark Mtrs. Inc.*, Del. Super., 267 A.2d 596 (1970).

• *Gushen v. Penn. Cent. Transp. Co.*, Del. Supr., 280 A.2d 708, 710 (1971); *Green v. Millsboro Fire Co.*, both suggest that this instruction should not apply if the plaintiff's conduct is wanton.

*Revised 8/1/2003*

10. SPECIAL DOCTRINES OF TORT LAW

- State Tort Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . § 10.12

### STATE TORT IMMUNITY

Under Delaware law, no damages may be recovered against the State or any State officer or employee if the claim arose because of the performance of an official duty that was conducted in good faith for the benefit of the public. This rule is known as sovereign immunity. There is an exception to this rule, however, if the public officer or employee acted with gross or wanton negligence. Gross or wanton negligence refers to conduct of such a nature or degree that it constitutes a gross deviation from what a reasonable, ordinary person would do in the same situation. For [*plaintiff's name*]'s claim to fall within this exception to sovereign immunity, [*plaintiff's name*] must prove that [*defendant's name*] acted with gross or wanton negligence.

{**Comment:** *See Jury Instr. Nos. 4.9. and 4.10 for definitions of reckless, willful and wanton conduct.*}

Source:

DEL. CODE ANN. tit. 10, § 4001(3) (1999)(state tort immunity); DEL. CODE ANN. tit. 10, § 4011-4013 (1999)(county and municipal tort immunity); *Doe v. Cates*, Del. Supr., 499 A.2d 1175 (1985); *Vick v. Haller*, Del. Super., 512 A.2d 249, 250-52, *aff'd*, Del. Supr., 514 A.2d 782 (1986), *and aff'd in part and rev'd in part on procedural grounds*, 522 A.2d 865 (1987); *Eustice v. Rupert*, Del. Supr., 460 A.2d 507, 509 (1983)(discussing wanton conduct). *See also Smith v. New Castle County Vocational-Technical Sch. Dist.*, D. Del., 574 F. Supp. 813 (1983).



*Revised 8/1/2003*

10. SPECIAL DOCTRINES OF TORT LAW

   - County and Municipal Tort Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . § 10.13

## COUNTY AND MUNICIPAL TORT IMMUNITY

Delaware law provides that no damages may be recovered against a governmental entity or any public officer or employee if the claim arose because of the performance of an official duty that was conducted in good faith for the benefit of the public. This is known as sovereign immunity. There is an exception to this rule, however, if the public officer or employee acted outside the scope of employment or with gross or wanton negligence. Gross or wanton negligence refers to conduct of such a nature or degree that it constitutes a gross deviation from what a reasonable, ordinary person would do in the same situation.

For [*plaintiff's name*]'s claim to fall within this exception to sovereign immunity, [*plaintiff's name*] must prove that [*defendant's name*] acted outside the scope of [*his/her*] employment or acted with gross or wanton negligence.

{**Comment**: *See Jury Instr. Nos. 4.9 and 4.10 for definitions of reckless and willful and wanton conduct and Jury Instr. No. 18.5 for definition of scope of employment. Refer to § 4011 for a list of specific exceptions to the general rule of sovereign immunity.*}

Source:
DEL. CODE ANN. tit. 10, § 4011-4013 (1999)(county and municipal tort immunity); DEL. CODE ANN. tit. 11, § 231(d) (2001)(definition of criminal negligence); *Dale v. Town of Elsmere*, Del. Supr., 702 A.2d 1219, 1222 (1997); *Heaney v. New Castle County*, Del. Supr., 672 A.2d 11, 14 (1995); *Moore v. Wilmington Housing Authority*, Del. Supr., 619 A.2d 1166, 1167-69 (1993); *Sussex County v. Morris*, Del. Supr., 610 A.2d 1354, 1357-58 (1992); *Jardel Co. v. Hughes*, Del. Supr., 523 A.2d 518, 530 (1987)(concluding gross negligence falls within meaning of criminal negligence); *Vick v. Haller*, Del. Super., 512 A.2d 249, 250-52, *aff'd*, Del. Supr., 514 A.2d 782 (1986), *aff'd in part and rev'd in part on procedural grounds*, 522 A.2d 865 (1987). *See also Smith v. New Castle County Vocational Sch. Dist.*, D. Del., 574 F. Supp. 813 (1983).



36

*Revised 8/1/2003*

13. INTENTIONAL TORTS - Torts Against the Body

    - Assault and Battery - Use of Force in Lawful Arrest . . . . . . . . . . . . . . . . . . . . . . § 13.4

### USE OF FORCE IN LAWFUL ARREST

A citizen has a duty to cooperate with the directions of a peace officer attempting to make a lawful arrest. If resisted, the officer may use such force as is reasonably necessary to make the arrest. If you find that [*name of officer*] used excessive and unnecessary force to make the arrest of [*plaintiff's name*], then you must return a verdict for [*plaintiff's name*]. If you find that [*name of officer*] used reasonable and necessary force to make the arrest of [*plaintiff's name*], then you must return a verdict for [*name of officer*].

Source:
DEL. CODE ANN. tit. 11, § 467 (2001) *See In re Request for Advisory Opinion*, Del. Supr. 722 A.2d 307, 311 (1998); *State v. Krakus*, Del. Oyer & Term., 93 A. 554, 555 (1915); *Petit v. Colmery*, Del. Super., 55 A. 344, 345 (1903).

(37)

*Revised 8/1/2003*

13. INTENTIONAL TORTS - Torts Against the Body

   - Assault and Battery - Self-defense With Deadly Force . . . . . . . . . . . . . . . . . . . . § 13.6

## SELF-DEFENSE WITH DEADLY FORCE

[*Defendant's name*] contends is that [*he/she*] acted in self-defense after being attacked by [*plaintiff's name*]. You may find that [*defendant's name*] used deadly force. "Deadly force" is force used with the purpose of causing death or serious physical injury or with the knowledge of a substantial risk of causing death or serious physical injury.

Deadly force by [*defendant's name*] is justified if the defendant believed it was necessary to protect [*himself/herself*] against death, kidnapping, unlawful sexual intercourse, or serious physical injury. "Serious physical injury" means physical injury that creates a substantial risk of death, or that causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ.

The use of deadly force is <u>not</u> justified if the defendant, with the purpose of causing death or serious physical injury, provoked the use of force in the same encounter. Nor is deadly force justified when the defendant knows that [*he/she*] can avoid the use of deadly force with complete safety by retreating, by surrendering possession of a thing to a person claiming a right to it, or by complying with a demand that [*he/she*] abstain from performing an act that [*he/she*] is not legally obligated to perform. But the defendant is under no obligation to retreat in or from [*his/her*] dwelling, or in or from [*his/her*] place of work.



38

*Revised 8/1/2003*

If you find that [*defendant's name*] was not acting in self-defense, or that [*his/her*] use of deadly force was not justified, you must find in favor of [*plaintiff's name*]. But if you find that [*defendant's name*] was acting in self-defense and was justified in using deadly force, you must find in favor of [*defendant's name*].

Source:

DEL. CODE ANN. tit. 11, §§ 222(21), 464(c)-(e), 471(d) (2001); *Moor v. Licciardello*, Del. Supr., 463 A.2d 268, 270-272 (1983)(incorporating the self-defense principles of the criminal code to civil cases and abrogating the common law rule of self-defense).

39