IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.   CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

and

MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

    Defendants.

---

**PLAINTIFFS' RULE 26(a)(2) DISCLOSURE OF EXPERT TESTIMONY**

**JUNE 28, 2006**

---

At the trial in this matter, plaintiffs intend to call as an expert witness Mr. Joseph J. Stine, a former police chief, to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. His report is attached hereto. Attached to Mr. Stine's report is his vita, showing his qualifications, a list of all publications he authored within the preceding ten (10) years, and a list of testimony as an expert at trial or by deposition within the preceding four (4) years. Mr. Stine is being compensated at the rate of $225

1



per hour, plus expenses, for his study and testimony. He charges a minimum $2,000 per day for depositions and $2,500 per pay for court appearances.

Plaintiffs will supplement this disclosure when required under Rule 26 (e)(1).

Dated this 28th day of June 2006.

s/ Anne T. Sulton
Attorney Anne T. Sulton
Attorney for Plaintiffs
**Mailing Address:**
Sulton Law Office
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**
Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street, Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

## CERTIFICATE OF SERVICE

I hereby certify I caused to be sent via e-mail a true and correct copy of this document via e-mail and regular USPS on June 28, 2006 to:

Attorney John Parkins
Richards, et al.
One Rodney Square
Post Office Box 551
Wilmington, DE  19899

parkins@rlf.com

s/Anne T. Sulton
Anne T. Sulton



93

2

# EXPERT TESTIMONY REPORT
## By JOSEPH J. STINE

### QUALIFICATIONS

I am the former Police Chief of New Britain Township Pennsylvania (1990 – 2000). I am the former executive officer of the Police Training Bureau for the City of Philadelphia. In my 25 years with the Philadelphia Police Department I served in every rank from Patrolman through Inspector. I was a Detective for three years and the night command Captain in charge of the Detective Bureau for 2 years. I was a patrol district supervisor at the ranks of Sergeant, Lieutenant and Captain for 12 years. I am the former School Director for the Philadelphia Police Recruit Training Academy. I am currently certified as an instructor for Police training for the Commonwealth of Pennsylvania. I have been retained by the Southeast Pennsylvania Transportation Authority Police Department to develop and deliver training to its officers.

I have been an adjunct faculty member in Criminal Justice Departments at Temple University, Holy Family College, Delaware Valley College and Philadelphia Community College.

I am a graduate of the Federal Bureau of Investigation National Academy and the Police Executive Research Forum. I graduated from St. Joseph University with a Master of Science in Administration of Criminal Justice. I am a life member of the International Association of Chiefs of Police where I served on the Education and Training Committee from 1991 through 2003.

I have been recognized as an expert in the training, practices and procedures utilized by the police in the performance of their duties. My expertise in these areas has been accepted in the Commonwealths of Pennsylvania and Virginia, the States of Maryland and Connecticut and Federal Courts in numerous jurisdictions.

A copy of my curriculum vitae has been previously provided.

I have been retained by Attorney Anne T. Sulton, Ph.D., Esq. to review the case of and pertinent documents and materials relating to Estate of Harry Smith v. Wilmington Police Department, et al.

I now render my expert opinion, to a reasonable degree of professional certainty, on the practices and procedures utilized. This opinion is based upon the review of the

1


94

materials and information made available to me. In rendering this opinion I have utilized my education and experience in law enforcement and academia.

I reserve the right to change or modify this opinion should additional facts, documents or evidence become available to me.

**MATERIALS AND DOCUMENTS REVIEWED:**

1. Plaintiff's Amended Complaint;
2. Depositions:
    A. John F. Ciritella;
    B. Johnny Whitehead;
    C. Clifton Dempsey;
    D. Matthew Kurten;
    E. David Gwyn;
3. Affidavit of Catrenia Bungy;
4. Delaware State Attorney General's Office Report Re: The shooting of Harry Smith III;
5. Recorded Interviews:
    A. Johnny Whitehead;
    B. Clifton Dempsey;
    C. Mathew Kurten
    D. Harry Smith Jr.
6. Recording of Police Radio Calls re: this incident;
7. Photographs of Crime Scene, vehicles and hospital;
8. Autopsy Report;
9. Sgt. Browns report ;
10. City Solicitors report;
11. Office of Professional Standards report and investigative file;



95

2

**Factual Background**

On September 13, 2003 members of the Wilmington Police Department (WPD) shot and killed Harry Smith III. At the time of this shooting Mr. Smith was being pursued by the police for driving a WPD marked police cruiser that he was operating without the consent of the Wilmington Police Department.

Prior to the fatal shooting numerous WPD personnel engaged in a pursuit of Mr. Smith. A "caravan" of both marked and unmarked police cars, with lights and sirens activated, pursued Mr. Smith through the streets of Wilmington.

Detective Ciritella, Officer Kurten and Sgt. Dempsey broke away from the pursuit and paralleled Mr. Smith. At the intersection of 5th and Harrison Detective Ciritella and Officer Kurten used their WPD vehicles to barricade the intersection.

When Mr. Smith approached the barricaded intersection Detective Ciritella, who was in plain clothes and pointing his .40 Caliber pistol at Mr. Smith, entered the street in front of the moving vehicle operated by Mr. Smith and began to approach the marked police car. Detective Ciritella ordered Mr. Smith to turn off and exit the vehicle. All of the windows of the marked unit, operated by Mr. Smith, were closed and the police vehicles that were in front of Mr. Smith and behind him had their sirens activated. Mr. Smith did not heed Detective Ciritella's orders. Mr. Smith continued driving the marked police cruiser forward, in the direction of Detective Ciritella, the detective fired 2 or 3 shots at Mr. Smith.

After Mr. Smith had passed Detective Ciritella the detective, Officer Kurten and Sgt. Dempsey fired a total of between 28 and 29 shots from their department issued .40 caliber Smith & Wesson semi automatic pistols. These shots were fired as they walked behind and abreast of the marked police cruiser as it slowly traveled up Harrison Street. The officers stated that their intention was to kill Mr. Smith. During this fusillade several bullets struck the homes along Harrison Street and a woman who was on the corner was shot in the leg.

3



96

## Opinions

It should be noted that all of the ensuing opinions are preliminary and are based on the limited materials available to me. I reserve the right to modify and/or change these opinions when additional materials are in my possession.

#1.

The WPD and its personnel failed to act in accordance with generally accepted practices and procedures for professional police departments during the pursuit of Mr. Smith. These failure included the following:

A. Failure of the officers who had their vehicle taken without their permission to provide adequate information.

B. Failure of the Police Communications facility to request the proper and pertinent information.

C. Failure of the officers and supervisors involved in the pursuit to ascertain the pertinent information regarding the necessity of a pursuit.

D. violation of numerous generally accepted practices and procedures for conducting a police pursuit ( this includes but is not limited to the policies of the WPD).

E. Failure of the on duty supervisors, many of whom were actively participating in the pursuit, to exercise their supervisory authority to direct control and terminate the pursuit.

F. Utilization of a Blockade;

G. Failure to consider the ramifications of forcing an encounter in a highly congested residential neighborhood;

H. Failure to consider the ramifications of shooting at a moving vehicle.



97

4

#2.

Detective Ciritella, Officer Kurten and Sgt. Dempsey utilized excessive and unreasonable deadly force. The following is the sequence of shots fired by the officers at the scene on Hamilton Street:

A. The first 2 or 3 shots by Detective Ciritella-

He was in plain clothes. He voluntarily and deliberately placed himself in unwarranted and unnecessary danger when he stepped into the street in front of the moving vehicle operated by Mr. Smith. Detective Ciritella placed himself in the untenable position of being directly in the path of the marked police vehicle. By doing this he created the danger that he would later use to justify shooting at Mr. Smith. In any case this shooting on his part was not a valid option because it could only have the effect of increasing the danger to all who were present. This is true for all of the shots that were fired by all of the officers on Harrison Street.

B. The next 10 or 11 shots by Detective Ciritella-

He states these shots were fired with the intent to kill Mr. Smith and stop the threat he represented. These shots were fired after the danger to the Detective had passed. There is nothing that was known to Detective Ciritella that would have justified the use of deadly force against a person who was operating a vehicle without the consent of the owner. There were no exigent circumstances or emergencies that warranted this unreasonable and excessive use of deadly force in the successful attempt to kill Mr. Smith.

C. The first 2 or 3 shots by Officer Kurten-

He fired these shots because Detective Ciritella fired. Officer Kurten stated that he believed that Detective Ciritella had made it back to the corner line of the building when he, Kurten, fired those 2 or 3 shots. It is never a justification, to use deadly force on a person, because some other officer is using it. Because it was Officer Kurten's perception that Detective Ciritella had reached the safety of the corner line of the building there could not have been any threat to Detective Ciritella. The use of deadly force under these circumstances would have been unreasonable and excessive.

D. The next 2 or 3 shots fired by Officer Kurten-

These shots were fired into the rear of a vehicle that was proceeding at a slow speed and in a direction away from Officer Kurten. There was no additional

5


98

information known to Officer Kurten that would justify the use of deadly force. There were no emergencies or exigent circumstances that required the use of deadly force and therefore it was unreasonable and excessive. It is contrary to generally accepted police practice and procedure to shoot at a fleeing vehicle.

E. The 13 shots fired by Sgt. Dempsey-

These shots were fired as the marked police cruiser was passing Detective Ciritella and after the car was traveling slowly up the street. The majority of these shots were fired as Sgt. Dempsey walked along side of the drivers side of the car. There was no additional information known to Sgt. Dempsey that would justify the use of deadly force. There were no emergencies or exigent circumstances that required the use of deadly force and therefore it was unreasonable and excessive. It is contrary to generally accepted police practice and procedure to shoot at a fleeing vehicle.

#3.

Detective Ciritella, Officer Kurten and Sgt. Dempsey acted in a manner contrary to generally accepted police practice procedures when they fired a total of 31 shots in a congested and densely populated residential area.

#4.

It is my opinion that the entire focus of the follow up investigations into the deliberate killing of Mr. Smith was to find someway to justify the actions of the officers who killed him. The record is replete with examples of that attempt.

**Concluding Opinion**

The use of deadly force by police cannot be justified when the reasons for using that force are uncertain in the mind of the officers and when those reasons are based on supposition. The use of a blockade to stop a fleeing vehicle is tantamount to deadly force. The only information available to the officers at 5th and Harrison when they decided to blockade the street, in a densely populated neighborhood, was that a vehicle was being operated without the owners consent. That is a misdemeanor.


99

Detective Ciritella created a dangerous situation and then used deadly force to extricate himself from that situation. In any event that threat had passed and Detective Ciritella was no longer in any danger from Mr. Smith when approximately 30 shots were fired.

All of the shots fired after the vehicle passed Detective Ciritella and he was no longer in danger were intended to kill Mr. Smith. The reasons given by the officers for summarily executing Mr. Smith were that there had been a report that shots had been fired. That he was operating a marked police car and wouldn't stop and there was a possibility that there might have been a shotgun in the car.

The officers who killed Mr. Smith did not know who had fired these shots. They did not know who, if anyone, these shots were supposed have been fired at. They did not know why these shots had been fired. They did not even know if the person in the police car had anything all to do with these alleged shots.

It is never acceptable to use deadly force to stop a stolen car even if that car happens to be a police car. It is certainly not permissible to summarily execute a person for operating a vehicle without the owners consent.

The officers who killed Mr. Smith did not know if there was in fact a shotgun in the police car. None of them ever saw the shotgun, they couldn't because it was locked in the trunk. There is no information that Mr. Smith was even aware that a shotgun might have been in the car. Mr. Smith never touched or in any way controlled the shotgun that was stored safely in the trunk of the car.

The rational for this justification is nonsensical. The shotgun might or might not be in the car. If it was in the car you would have to then assume that the person operating the car would have to know it was there and be so familiar with the car that he would know how to gain access. You would then have to assume that this person might remove the gun from that trunk, of course assuming that he knew it was there. Then you would have to make the assumption that this person would use the gun in some unknown manner. It is contrary to the generally accepted practices, procedures and training utilized by professional police officers to utilize deadly force under these circumstances.

There are witnesses to this execution who state that the officers continued firing after the vehicle was stopped and the police deny that allegation. It is not my place or intention to opine on the credibility of any witness in this matter. I can opine that since it

7



was the officers' intention to kill Mr. Smith, continuing to shoot after the car was stopped would have been consistent with that goal.

All of the opinions I have offered in this report are to a reasonable degree of professional certainty. Those opinions are based on the data listed in the Materials and Documents Reviewed section of this report. In forming these opinions I have also relied on the knowledge and experience that I have garnered in 40 years as a police officer, police supervisor and police trainer. In addition I have utilized my education and training in the field of law enforcement to guide me in the formation of these opinions.

Joseph J. Stine, June 27, 2006

---

June 26, 2006

To Whom It May Concern:

My current fee schedule is $225.00 per hour for all time spent working on the case and expert opinion report preparation.

The fee for deposition days is $2,000.00 per day and for court days $2,500.00 per day. All fees are plus expenses.

Very truly yours,

Joseph J. Stine



Joseph J. Stine Publications:

June 2001 The Police Chief Magazine – A Ballistic Vest Against Law Suits: Protecting yourself and your department against civil liability.

March 2002- Guest column in Philadelphia Inquirer re: recent problems in the Catholic Church

April 2002- Guest column in Philadelphia Inquirer re: Crime Victimization in the African American Community.

June 2002- Guest column in Philadelphia Inquirer re: Difficulties of being a police officer in Pennsylvania.

May 2006- Guest column in Philadelphia Inquirer re: The Death of Former Police Commissioner Solomon.


102

## Trial cases involving court testimony & or depositions

## for Joseph J. Stine

(Per amended Rule 26 of Federal Rules of Civil Procedure
concerning testifying experts)

Debbie L. Florence, Administratrix, et al. v. Town of Plainfield, et al.
State of Connecticut Superior Court Complex Litigation Docket,
Judicial District of Toland Case # X07 CV-03-0084216
Attorney: Charles A. Deluca, Stamford Ct.
Case review and Consultation with opinion report and Deposition.

Juanita Reed, et al. v. District of Columbia, et al.
U.S.D.C. for the District of Columbia Case No. 1:03-CV-01085
Attorney: Walter Blair, College Park MD.
Case review and Consultation with opinion report and Deposition.

Shane Bucherl v. Allen County Sheriff's Department, et al.
U.S.D.C. For the Northern District of Ohio Western Division Case No. 3:04CV7353
Attorney: Elliot Richardson, Chicago Il.
Case review and Consultation with opinion report and Deposition.

Amanda Morrison, et al. v. Board of Trustees of Green Township, et. al.
U.S.D.C. For Southern District of Ohio Western Division No. 1-03-755, Attorney:
Tabatha Justice, Dayton Oh.
Case review and Consultation with opinion report and Deposition.

John Kennedy v. Lower Southampton Township, et al.
U.S.D.C. For Eastern Pennsylvania No.04-CV-1195, Attorney: Robert P. Di Domenicis
Media Pa.
Case review and Consultation with opinion report and Court testimony.

Patricia Deemer v. Borough of West Chester, et al.
U.S.D.C. For Eastern Pennsylvania No.03-CV-6536, Attorney Janelle Fulton,
Philadelphia Pa.
Case review and Consultation with opinion report and Daubert Hearing and Court
testimony.

Chester A. Tschappat v. Schuylkill Haven Police Department, et al.
U.S.D.C. For Middle Pennsylvania 3:CV-01-2279, Attorney: Gerald Hanchulak,
Scranton Pa.
Case review and Consultation with opinion report and Court testimony.



(103)

Daniel Claeys v. Town of Brookfield, et al.
U.S.D.C. for Northern Illinois 03-C-3676. Attorney: Amanda Antholt Chicago IL.
Case review and Consultation with opinion report and Deposition.

Madeline Cruz v. Pennridge Regional Police Department, et al.
U.S.D.C. For Eastern Pennsylvania 02-CV-4372, Attorney: Malissa Sill, Philadelphia Pa.
Case review & Consultation with opinion report and Court testimony.

John Sterling v. City of Erie, et al.
U.S.D.C. For Western Pennsylvania C.A. No. 02-34 Erie, Attorney: Richard A. Lanzillo, Erie Pa.
Case review and Consultation with opinion report and Court testimony.

Estate of David Cotton v. Windsor Locks, et al.
U.S.D.C. for Connecticut Civil Action No.: 3: 01CV01203 (AVC), Attorney: John Radshaw, III, Hartford CT.
Case review and Consultation with opinion report and Deposition.

Floyd B Moore et al. v. Borough of Darby, et al.
U.S.D.C. For Eastern Pennsylvania 01-CV-7707, Attorney: Robert P. Di Domenicis Media Pa.
Case review and Consultation with opinion report and Court testimony

Eric Freeman, et al v. City of Easton, et al.
U.S.D.C. Eastern District of Pennsylvania, 01-CV-4058, Attorney: Daniel Dugan Philadelphia Pa.,
Case review and Consultation with opinion report and Court testimony.

Michael Martin v. Norwood Borough, et al.
Pennsylvania Court of Common Pleas, Delaware County CCP No. 97-16555, Attorney: Andrew Adair, Media Pa.
Case review and Consultation with opinion report and Court testimony.

Joseph R. Parrish Personal Representative of Tony Marcel Lee Deceased v. Commonwealth of Va., et al.
U.S.D.C. Eastern District of Virginia, CIV #02-582-A, Attorney: Fairfax County Attorney's Office, Alexandria Va.,
Case review and Consultation with opinion report and Deposition.

John Briggs v. Cpl. Anthony Mileo, Prince George's County Md., et al.
Maryland Circuit Court, Prince George's, CAL 01-12434, Attorney: Timothy McCrone, Ellicott City Md.,
Case review and Consultation and Court Testimony.


(104)

Ronald Parks & The Epilepsy Foundation of Southeastern Pennsylvania v. Borough of Darby, et al.
U.S.D.C. For Eastern Pennsylvania 99-CV-3810, Attorney: Robert P. Di Domenicis Media Pa.
Case review and Consultation with opinion report and Court testimony.

Donald Lasoski v. Luzerne Borough, et al.
Pennsylvania Court of Common Pleas Luzerne County No.: 782-C of 1997, Attorney: Bruce L. Coyer, Scranton Pa.
Case review and Consultation with opinion report and Court Testimony.

Richard Tarlecki, et al, v. Darby Borough, et al.
U.S.D.C. Eastern District of Pennsylvania, 01-CV-1347, Attorney: Paola Tripodi-Kaczynski Media Pa.,
Case review and Consultation with report and Court Testimony.

Harry S. Faust v. Middletown Township, et al.
U.S.D.C. Eastern District of Pennsylvania 99-CV-4080, Attorney: John Gonzales, Norristown Pa.
Case review and Consultation with opinion report and Court Testimony.

Francis X. Walker V. Upper Darby Township, et al.
U.S.D.C. Eastern District of Pennsylvania 00-CV-0452, Attorney: Robert Di Domenicis, Media Pa.,
Case review and Consultation with opinion report and Court Testimony.

James R. Bagley, et al, v. Nether Providence Township, et al.
U.S.D.C. Eastern District of Pennsylvania, 98-CV-2238, Attorney: David J. MacMain, Philadelphia Pa.
Case review and Consultation with opinion report and Court Testimony.

Randolph Hooks v. Ridley Township, et al.
U.S.D.C. Eastern District of Pennsylvania, 97-CV-4385, Attorney: Thomas C. Gallagher, Media Pa.
Case review and Consultation with opinion report and Court Testimony.

Nathan Banks Jr., et al, v. City of York, et al.
U.S.D.C. Middle District of Pennsylvania, 95-CV-2157, Attorney: Tracy M. Mack, Philadelphia Pa.
Case review and Consultation with opinion report, deposition and Court Testimony.



105

3