IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 04-1254-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' *FIRST* MOTION IN LIMINE
(EXCLUSION OF ECONOMIC EXPERT TESTIMONY)**

Defendants move to exclude the testimony of plaintiffs expert, Jerry Boswell, D.B.A, who proposes to testify solely about the expected lifetime earnings of the decedent. This testimony should be excluded because these lifetime earnings are not the measure of plaintiffs'' damages.

A. **Background**

This case arises from the death of Harry Smith III, who was shot by Wilmington police officers after leading police on a chase through the city in a stolen police car. Plaintiffs are the parents of the decedent and the decedent's estate. They raise both federal and state law claims.

B. **Dr. Boswell's Report.**

Although this motion does not challenge Dr. Boswell's methodology, it may be useful to the Court to summarize his analysis. Dr. Boswell assumes that the decedent, who had virtually no work history, would have worked 20 hours per week at a part time job (earning $12 per hour) and 20 hours a week as a musician (earning $17.91 per hour). These assumptions lead Dr.

Boswell to conclude that the decedent's annual earnings would have been $31,106.00 beginning September 13, 20004. He further assumes that the discount rate would equal the inflation rate, and therefore the present value of the decedent's past and future earnings is $1,338,400.

Importantly, nowhere does Dr. Boswell account for taxes and the costs of living in his calculations.

### C. Why Dr. Boswell's Testimony Must Be Excluded.

Dr. Boswell's proposed testimony must be excluded because the decedent's anticipated lifetime earnings is not the measure of damages here. The estate is entitled only to the decedent's expected earnings from the time of the wrongful act until his death. Accepting for the moment the truth of the allegations in the Amended Complaint, decedent's death took place instantaneously or at most seconds after the wrongful act. Needless to say, his lost wages during this time frame are zero. Under Delaware's wrongful death statute, the parents are entitled only to the contributions to their support they would have received from the decedent. This is far different from his expected lifetime earnings.

#### 1. The Estate's Claim.

The analysis here must begin with the observation that 42 *U.S.C.* § 1983 contains no provision "for the survival of civil rights actions under § 1983 upon the death of either the plaintiff or the defendant." *Moor v. County of Alameda*, 411 U.S. 693, 702 n.14 (1973); *Congo v. Kearney*, 2005 U.S. Dist. LEXIS (D. Del. June 8, 2005). In 42 *U.S.C.* § 1988 Congress provided that in situations such as this the analogous state law would apply. *Robertson v. Wegmann*, 436 U.S. 584, 589-90 (1978); *Congo, supra*. Consequently, Delaware law governs the measure of damages recoverable by the estate. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598 (6th Cir. 2006) (Michigan law governed damages recoverable by deceased civil rights plaintiff by virtue of 42 *U.S.C.* § 1988).

RLF1-3055427-1

Delaware law provides for survival actions in 10 *Del. C.* § 3701. Under that statute, the lost earnings recoverable are "the loss of earnings resulting from said injuries from the time of injury to the time of death." *Coulson v. Shirks Motor Express Corp.*, 107 A.2d 922, 925 (Del. Super. 1954); *Magee v. Rose*, 405 A.2d 143, 147 (Del. Super 1979) ("under the Survival Act, the sole damages recoverable by an administrator are limited to ... loss of earnings from such injury from time of injury to the time of death"); *Pipher v. Burr*, 1998 Del. Super., LEXIS 26, *8 (Del. Super. Jan. 29, 1998).

The undisputed record shows that Mr. Smith died after being shot while driving a stolen police car. It goes without saying, of course, that he lost no wages during the period between his injury and his death. Thus, Dr. Boswell's opinion relating to the decedent's lifetime earnings is not relevant to the Estate's claim.

The terms of the Delaware wrongful death statute do not permit recovery of the decedent's lifetime earnings. Rather the pertinent provision of the statute allows recovery only for:

> Deprivation of the expected pecuniary benefits to the beneficiary or beneficiaries that would have resulted from the continued life of the deceased.

(10 *Del. C.* § 3724(a)(1)). Delaware's wrongful death statute is in derogation of common law and is therefore strictly construed. *Sterner v. Wesley College*, 747 F. Supp. 263, 268 (D. Del. 1990). There is simply no room in this language for the conclusion that the beneficiaries can recover the decedent's entire lifetime earnings. Rather, as the Delaware courts have held, this recovery is the "value of the estate [the decedent] probably would have earned, saved and left to his next of kin at the end of his life expectancy." *Cann v. Mann Construction Co.*, 93 A.2d 741, 743 (Del. Super. 1952). Although the *Cann* court was interpreting a predecessor wrongful death

statute, Delaware courts have applied the same formulation to the current statute. *E.g. Bradley v. Dionisi*, 1988 Del. Super. LEXIS 426 (Del. Super. Nov. 17, 1988).

WHEREFORE, defendants move to exclude any evidence of, or reference to, the economic expert testimony of Jerry Boswell, D.B.A.

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Oconnell@rlf.com
Attorneys for Defendants

Dated: September 8, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on September 8, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

_____
John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com

RLF1-3055427-1