IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 04-1254-GMS |
| v. | ) ) | |
| CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS'** ***SECOND*** **MOTION IN LIMINE**
**(EXCLUSION OF CERTAIN EVIDENCE RELATING TO THEIR AMMUNITION)**

Defendants move to exclude any evidence or argument critical of the hollow point bullets which they were issued.

**A. BACKGROUND**

Defendants anticipate plaintiffs will criticize their use of hollow point bullets (which were the only bullets issued to them) because of an argument they made in connection with defendants' motion for summary judgment. In their opposition to defendants' pending motion for summary judgment, plaintiffs argued that "hollow point bullets ... long have been subject of heated debate because of the lethal nature of these bullets. These bullets are designed to spread, almost in a mushroom shape, upon impact and cause far greater damage than non-hollow point bullets." (Pl. Br. 7-8; D.I. 116).

**B. WHY CRITICISM OF HOLLOW POINT**
**BULLETS SHOULD BE PRECLUDED IN THIS TRIAL**

Plaintiffs should not be permitted to criticize the use of hollow point bullets for any of three reasons: first, there is no allegation in the Amended Complaint that the defendants

deprived plaintiffs of their federal or state law rights by using hollow point bullets; second there is no evidence in the record questioning their use by police departments; third, the defendant officers had no choice in the bullets issued to them.

1. **There Is No Allegation In The Amended Complaint That The Use Of Hollow Point Bullets Was Wrongful.**

The Amended Complaint is devoid of any allegation that the defendants deprived the decedent or the plaintiffs of any constitutional or state law rights by using hollow point bullets. And research revealed no case holding that the use of hollow point bullets constituted a deprivation of a constitutional right.

2. **There Is No Evidence In The Record Questioning The Use Of Hollow Point Bullets.**

Plaintiffs supported their assertion in their summary judgment brief by citation to only two documents: one was a press release by a California congressman and the other was a portion of a Wikipedia entry. (A copy of the pertinent pages of plaintiffs' appendix is attached as Exhibit "A"). Neither, of course, is admissible. Moreover, far from supporting the notion that the use of these bullets by police officers is the subject of debate, both of these sources acknowledge that hollow point bullets are widely used by police departments around the country.

- The press release by the California congressman advocates banning the use of hollow point bullets by border patrol. But that same press release acknowledges that there are special justifications for the use of hollow point bullets by "many police departments."

- Plaintiffs' reference to the Wikipedia entry is even more perplexing. In the appendix to their summary judgment brief the plaintiffs provided the court with only a portion of that entry. The full version (Exhibit B) states that "hollow point bullets are one of the most common types of civilian and police ammunition, due

2

largely to the reduced risk of bystanders being hit by over-penetrating or ricocheted bullets, and the increased speed of incapacitation."

Importantly, plaintiffs have failed to adduce any expert evidence critical of the use of hollow point bullets by the defendants. Although plaintiffs' have identified two persons who claim to be experts on police conduct, neither of them had any criticism of the use of hollow point bullets in their reports. Plaintiffs' sole remaining expert, an economist, obviously had nothing to say on the issue.

### 3. The Defendants Played No Role In The Selection Of Hollow Point Bullets.

There is no evidence in the record in that the defendants had any choice as to the type of ammunition issued to them. Thus, even if the issuance of hollow point bullets to Wilmington police officers amounted to a constitutional deprivation, these defendants played no role in that conduct.

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Oconnell@rlf.com
Attorneys for Defendants

Dated: September 8, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Kester I.H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street
> Suite 300
> Wilmington, DE 19801

I hereby certify that on September 8, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

> Anne T. Sulton, Esquire
> Post Office Box 2763
> Olympia, WA 98507

> /s/ John A. Parkins, Jr.
> John A. Parkins, Jr. (#859)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> Parkins@rlf.com