IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, )<br><br>Defendants. ) | Case No. 04-1254-GMS |

**DEFENDANTS' *THIRD* MOTION IN LIMINE**
**(PRECLUSION OF CERTAIN TESTIMONY FROM THOMAS SMITH)**

Plaintiffs have listed Thomas Smith, twin brother of the decedent, as a fact witness. Defendant move to preclude plaintiffs from offering testimony from Thomas Smith about the mental anguish he may have suffered as a result of his brother's death. Any mental anguish Thomas Smith may have suffered is irrelevant because, he is not entitled to recover for any under Delaware's wrongful death statement. This motion does not seek to preclude Thomas Smith from offering admissible testimony about his parents' mental anguish.

**A.    The Wrongful Death Claims In This Action Arise Solely Under Delaware's Wrongful Death Statute.**

This Court has previously ruled that plaintiffs cannot assert a wrongful death claim under the Fourteenth Amendment and therefore any such claim must arise under state law.

**B.    Thomas Smith Is Not Entitled To A Recovery For Mental Anguish Under Delaware's Wrongful Death Statute, 10 *Del. C.* § 372.**

Wrongful death actions were unknown at common law exist only as a creature of statute. Because Delaware's wrongful death statute is in derogation of common law, it must be strictly

construed. *Sterner v. Wesley College, Inc.*, 747 F.Supp. 263, 268 (D. Del. 1990) (Delaware's wrongful death statute "is in derogation of the common law and must be strictly construed."). By its terms, the statute prohibits a recover for mental anguish by the sibling of a decedent if the decedent is not survived by a spouse, child or parent. Section 3724 provides in pertinent part:

> However, when mental anguish is claimed as a measure of damages under this subchapter, such claim for mental anguish will be applicable only to the surviving spouse, children and persons to whom the deceased stood in *loco parentis* at the time of the injury which caused the death of the deceased, parents and persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased (if there is no surviving spouse, children or persons to whom the deceased stood in *loco parentis*), and siblings (*if there is no surviving spouse, children, persons to whom the deceased stood in loco parentis at the time of the injury, parents* or persons standing in *loco parentis* to the deceased at the time of the injury which caused the death of the deceased).

10 *Del. C.* § 3724 (d)(5). (Emphasis added). (For the Court's convenience a copy of section 3724 is attached). Here the amended Complaint alleges that plaintiff Harry Smith and Roslyn Smith are the parents of the decedent. Under the statute, therefore, Thomas Smith may not recover for whatever mental anguish to may have suffered as a result of his siblings death.

WHEREFORE, defendants move to exclude any evidence of, or reference to, the mental anguish suffered by Thomas Smith as a result of his brother's death.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Rosamaria Tassone<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, Delaware 19801<br>302-576-2175 | /s/ John A. Parkins, Jr.<br>John A. Parkins, Jr. (#859)<br>K. Tyler O'Connell (#4514)<br>Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware 19899<br>302-651-7700<br>Parkins@rlf.com<br>Oconnell@rlf.com<br>Attorneys for Defendants |

Dated: September 8, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Kester I.H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street
> Suite 300
> Wilmington, DE 19801

I hereby certify that on September 8, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

> Anne T. Sulton, Esquire
> Post Office Box 2763
> Olympia, WA 98507

_____
John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com