IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.   CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

and

MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

    Defendants.

_____

**PLAINTIFFS' MOTION IN LIMINE
TO ADMIT 201(b), 401, 613, 803, 804 AND 902 RELEVANT EVIDENCE**
_____

    Come now the Plaintiffs, by counsel, and respectfully request the Court admit at trial the following relevant evidence:

    1) Death certificate and autopsy report re Harry Smith, III. These documents were prepared by the Delaware medical examiner and are not in dispute. They show the cause and manner of Harry Smith, III's death. Per 803 (4), (6) and (9), 401, and 902 (4), this relevant evidence may be admitted because it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

1

2) Videotapes of the interviews of Plaintiff Harry Smith, Jr. and the Defendants. These videotaped interviews were taken by the Wilmington Police Department within hours of the incident, which occurred on September 13, 2003. In 2005, Harry Smith, Jr. suffered a stoke and has not yet fully recovered from it. At this time, it does not appear likely he will be able to testify at the trial. Per 803 (1), (2), (3) and (6), and 804 (a)(4), his September 13, 2003 interview should be admitted because it clearly and indisputably shows what he knew about his son's situation and his reaction to learning of his son's death. Per 803 (1) and (6), the videotaped interviews of the Defendants clearly and indisputably show what they then claimed they knew at the time they used deadly force and what they then claimed they did. Per 401, this relevant evidence may be admitted because it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

3) A map of the city of Wilmington, Delaware. Per 201(b), the Court may take judicial notice of this fact because it is not subject to reasonable dispute. A map of Wilmington is generally known within the territorial jurisdiction of the trial court and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Per 401, this relevant evidence may be admitted because it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

4) Wilmington Police Department policies 6.3, 6.7 and 6.8. Policy 6.3 says a shotgun should be stored in the trunk of a police car. Policies 6.7 and 6.8 pertain to use of force, vehicle pursuits, report writing and investigations. Per 201(b) and 902 (5) and (11), the Court may take judicial notice of this fact because it is not subject to reasonable dispute. Wilmington Police Department policies are generally known within the territorial

jurisdiction of the trial court and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Per 401, this relevant evidence may be admitted because it has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

5) Allow the jury to view the scene of the shooting on 5th and Harrison Streets, with the police cars operated by Harry Smith, III and the Defendants placed at the scene in the same positions they were when the shooting occurred. The parties have ample photos to accurately re-create the scene of the incident. Placement at the scene (in the block of 5th and Harrison Streets) of the cars operated by Harry Smith, III and the Defendants, and transporting the jury to this scene by the Court's marshals, is consistent with both 201(b) and 401, because it will enable the jury to determine the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Various witnesses' recollection of the events varied at the time of the incident, and the same witness' recollection of the events vary over time. The jury must decide what the facts are – seeing the cars at the scene and seeing the scene will be extremely helpful to the jury. In reaching their verdict, if the jury sees the cars at the scene, then the jury will not need to guess or speculate about the distances. Distances are critically important in this case, and to the jury's determination of the basic facts about what happened and the credibility of lay and expert witnesses, including those called by both Plaintiffs and Defendants. Distances are hotly disputed by the parties. The travel distance from the Court to the scene is about one mile, easily allowing the jury to travel to the scene and review it in about 45 minutes total time. The jury size will be about six persons – a small van easily can transport them, the marshals, and any other Court officials. If the jury can be transported to the scene, it may reduce the number of witnesses Plaintiffs will call to

testify. Plaintiffs currently have almost 80 witnesses listed and, at this time, do not believe they can complete their case in chief in less than four (4) full days of testimony. Plaintiffs are willing to rent a van of appropriate size for the transportation.

Dated this 25th day of September 2006.

s/Anne T. Sulton
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
(609) 468-6029
annesulton@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF which will send notification of such filing(s) to:

Attorney John A. Parkins, Jr. at Parkins@rlf.com
Richards, Layton & Finger, P.A.
Post Office Box 551
Wilmington, DE  19899

s/Anne T. Sulton

4