IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 04-1254-GMS |

### DEFENDANTS' *FIFTH* MOTION IN LIMINE (TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING RISK OF HARM TO THIRD PARTIES)

Defendants move to exclude evidence and argument that the defendant police officers' use of deadly force to apprehend the plaintiffs' decedent risked harm to third parties in the area of 5th and Harrison Streets. Any such testimony or argument would be irrelevant, unfairly prejudicial and could serve only to confuse the jury regarding the relevant issues in this case.

In the Pre-Trial Order, plaintiffs identify twenty-five (25) potential witnesses who are "Neighborhood Residents/Visitors." Only one of these witnesses has been identified by plaintiffs as a person who claims to have seen the wrongful conduct alleged in the complaint. Plaintiffs may attempt to call the remaining witnesses to support arguments, such as those made in Plaintiffs' Answering Brief In Opposition To Defendants' Motion To Summary Judgment, that defendants' actions unreasonably risked harm to third parties. *See* D.I. 116 at 18 (arguing that after the pertinent events "bullet holes dot houses up and down Harrison Street, and shocked and trembling neighborhood residents are picking up themselves from the ground where they had fallen in their attempt to avoid being shot.").

RLF1-3062567-1

Any such argument from plaintiffs would be irrelevant because the potential harm to third parties has no bearing on whether the defendants' actions violated the rights of plaintiffs' decedent. *See, e.g., Howerton v. Fletcher*, 213 F.3d 171, 175 (4th Cir. 2000) (holding "the risk posed to third parties by the official use of force is not to be considered in determining whether that use of force was excessive as against a particular section 1983 plaintiff."); *see also id.* at 173 ("[T]he question is whether the officer acted reasonably *as against the plaintiff.* That inquiry is not dependent at all on whether the officer did or did not subject third parties to risk or even on whether he employed unreasonable force against them.") (emphasis in original). Any evidence or argument from plaintiffs with respect to the risk of harm to third parties is therefore irrelevant.

Similarly, the plaintiffs should not be permitted to argue that the number of rounds the officers fired in the vicinity of 5th and Harrison Streets was unreasonable. As discussed above, whether the number of shots placed third-parties at risk is not relevant to plaintiffs' claims. Further, it is well-established that the Fourth Amendment does not place any limits on the number of rounds that police officers may fire to subdue a dangerous suspect. *See, e.g., Elliot v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996) ("The number of shots by itself cannot be determinative as to whether the force used was reasonable. ... That multiple shots were fired does not suggest the officers shot mindlessly as much as it indicates they sought to ensure the elimination of a deadly threat."); *Chandie v. Whelan*, 21 F. Supp. 2d 170, 177 (S.D.N.Y. 1998) ("[T]here is no basis for the court to hold that [the defendant-officer] acting under extremely dangerous circumstances requiring split-second decision-making, fired an unreasonable number of times.").

For the foregoing reasons, the defendants respectfully request that their Motion *In Limine* To Exclude Evidence Or Argument Regarding Risk Of Harm To Third Parties be granted.

|  |  |
|---|---|
| OF COUNSEL: | *K. Tyler O'Connell* (signature)<br>John A. Parkins, Jr. (#859)<br>K. Tyler O'Connell (#4514) |
| Rosamaria Tassone<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, Delaware  19801<br>302-576-2175 | Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware  19899<br>302-651-7700<br>Parkins@rlf.com<br>Oconnell@rlf.com<br>Attorneys for Defendants |

Dated: September 25, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOOARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, )<br><br>Defendants. ) | Case No. 04-1254-GMS |

## ORDER

WHEREAS, Defendants having moved this Court *in limine* for an order to preclude evidence or argument regarding risk of harm to third parties;

WHEREAS, the Court having considered Defendants' *Fifth* Motion In Limine (To Excluded Evidence Or Argument Regarding Risk Of Harm To Third Parties), and good cause having been shown for the relief sought in the Motion;

IT IS HEREBY ORDERED this _____ day of _____, 2006 that Defendants' Motion is GRANTED.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on September 25, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

K. Tyler O'Connell (#4514)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
OConnell@rlf.com

RLF1-3062567-1