IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.                                                                                                         CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

and

MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

    Defendants.
_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' FIRST MOTION *IN LIMINE*** 
_____

    Plaintiffs hereby respond in opposition to Defendants' first motion *in limine*. Plaintiffs rely upon the guidance provided by the U.S. Third Circuit Court of Appeals Model Jury Instructions, which apparently were amended or published in August 2006. These instructions are located on that Court's website, at

http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm

1

Dr. Boswell's Rule 26 (a)(2) report was timely served on Defendants. Dr. Boswell calculated the "lost earning capacity due to the premature death of Harry Smith, III." He indicates the "loss of earning capacity" is approximately $1.338 million.

Defendants seek to exclude Dr. Boswell's testimony "because the decedent's anticipated lifetime earnings is not the measure of damages here. The estate is entitled only to the decedent's expected earnings from the time of the wrongful act until his death. … Under Delaware's wrongful death statute, the parents are entitled only to the contributions to their support they would have received from the decedent."

Dr. Boswell should be allowed to testify about the loss of earning capacity. In this case, damages for the denial of the victim's civil rights are requested as part of the "survival" cause of action, and under 1983 as an independent basis of recovery. Plaintiffs' claims are brought under both 1983 and under Delaware law.

The Supreme Court has ruled that both federal and state rules on damages may be utilized to effectively serve the policies expressed in the federal statutes. See *Sullivan v. Little Hunting Park*, 396 us 229, 240 (1969). In *Carey v. Piphus*, 435 U.S. 247 (1978), the Supreme Court held that the purpose of 1983 would be defeated if injuries caused by the deprivation of constitutional rights went uncompensated simply because the common law does not recognize an analogous cause of action.

Therefore, federal courts may award 1983 claimants the full range of remedies available to civil litigants, including punitive or exemplary damages against individual defendants even when no malicious intent is shown. *Smith v. Wade*, 461 U.S. 30 (1983). Under this theory state statutes that unreasonably limit recovery may be supplemented by federally-based damages. See *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990).

The U.S. Third Circuit Court of Appeals Model Jury Instructions 4.8.1 Section 1983 – Damages – Compensatory Damages states, in part:

2

"If you find [defendant] liable, then you must consider the issue of compensatory damages. You must award [plaintiff] an amount that will fairly compensate [him/her] for any injury [he/she] actually sustained as a result of [defendant's] conduct. …

[Plaintiff] claims the following items of damages [include any of the following that are warranted by the evidence and permitted under the law governing the specific type of claim]:

Physical harm to [plaintiff] during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that [plaintiff] is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

… Emotional and mental harm to [plaintiff] during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that [plaintiff] is reasonably certain to experience in the future.

… The [wages, salary, profits, reasonable value of the working time] that [plaintiff] has lost because of [his/her] inability [diminished ability] to work, and the present value of the [wages, etc.] that [plaintiff] is reasonably certain to lose in the future because of [his/her] inability [diminished ability] to work."

In footnote 87 in the Comment section of this Instruction, it states: "courts are to apply state law only if it is not 'inconsistent with the Constitution and laws of the United States.' " Also in the Comment section of this Instruction, it states: "The court should instruct the jury on the categories of compensatory damages that it should consider. Those categories will often parallel the categories of damages available under tort law. '[O]ver the centuries the common law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the

3

violation of his legal rights. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under § 1983 as well.' " *Carey v. Piphus*, 435 U.S. 247, 257-258 (1978).

Read together, the various sections of this Instruction and Comments thereto suggest this Court should not look to Delaware's state law to limit Plaintiffs' potential recovery because so doing would not adequately compensate for injuries caused by the deprivation of federal constitutional rights. Using the list of compensable items noted in this Instruction is more logical than that suggested by Defendants. Defendants' reading would provide virtually no compensation for wrongful death when a person dies shortly after being shot.

For all of these reasons, and based upon the record in this case, Plaintiffs request this motion be denied.

Dated September 25, 2006.

>s/Anne T. Sulton
>Sulton Law Offices
>Post Office Box 2763
>Olympia, WA  98507
>(609) 468-6029
>annesulton@comcast.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF which will send notification of such filing(s) to:

Attorney John A. Parkins, Jr. at Parkins@rlf.com
Richards, Layton & Finger, P.A.
Post Office Box 551
Wilmington, DE  19899

>s/Anne T. Sulton