**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,
v.                                                                                    CIVIL ACTION NO. 04-1254-GMS

CITY OF WILMINGTON,

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
and
MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

    Defendants.
_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' FIFTH MOTION *IN LIMINE***
_____

    Plaintiffs hereby respond in opposition to Defendants' fifth motion *in limine*. Plaintiffs rely upon the guidance provided by the U.S. Third Circuit Court of Appeals Model Jury Instructions, which apparently were amended or published in August 2006. These instructions are located on that Court's website, at

http://www.ca3.uscourts.gov/civiljuryinstructions/toc_and_instructions.htm

    Defendants move to exclude evidence Defendants risked harm to third parties in the area of 5th and Harrison Streets, and argument about the number of rounds fired was unreasonable, because this evidence is irrelevant. Plaintiffs disagree.

    The law is well settled in this area. The jury must consider the totality of circumstances when determining whether the amount of force used was reasonable

1

under the circumstances. Defendants' failure to adhere to police department policies are relevant, as is the credibility of the defendants.

The police department policies prohibit Defendants from using more force than necessary to effect an arrest. These policies prohibit Defendants from discharging their weapons when an innocent bystander might be injured. Police department policies and state law also prohibit Defendants from shooting when there is no imminent danger to persons.

Therefore, among the totality of circumstances the jury must consider is whether 31 shots was excessive force. Two of the defendants fired until all of their bullets were discharged, and Mr. Gwyn testifies they even fired after Harry was seen slumping over the car's steering wheel and the car had stopped. The extent to which Defendants exposed innocent bystanders to the risk of harm is relevant. Ms. Garcia was shot in the leg, and firing when innocent bystanders might be injured is prohibited by police department policies. Defendants' credibility also is at issue. They claim they did not see any residents or other people on the street and therefore they were free to fire 31 shots.

The U.S. Third Circuit Court of Appeals Model Jury Instructions, 4.9 Section 1983 – Excessive Force states, in part: "In determining whether [defendant's] acts constituted excessive force, you must ask whether the amount of force [defendant] used was the amount which a reasonable officer would have used in [making the arrest] [conducting the stop] under similar circumstances. You should consider all the relevant facts and circumstances (leading up to the time of the [arrest] [stop]) that [defendant] reasonably believed to be true at the time of the [arrest] [stop]. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. The circumstances relevant to this assessment can include [list any of the following factors, and any other factors, warranted by the evidence]:

2

> the severity of the crime at issue;

> whether [plaintiff] posed an immediate threat to the safety of [defendant] or others;

> the possibility that [plaintiff] was armed;

> the possibility that other persons subject to the police action were violent or dangerous;

> whether [plaintiff] was actively resisting arrest or attempting to evade arrest by flight;

> the duration of [defendant's] action;

> the number of persons with whom [defendant] had to contend; and

> whether the physical force applied was of such an extent as to lead to unnecessary injury.

What matters is whether [defendant's] acts were objectively reasonable in light of the facts and circumstances confronting the defendant."

In the Comment section to this Instruction, it states: "[E]ach case alleging excessive force must be evaluated under the totality of the circumstances." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The Comment section also states that an officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.

The Comment section further explains that in order to establish that [defendant] violated the Fourth Amendment by using deadly force, [plaintiff] must prove that [defendant] intentionally committed acts that constituted deadly force against [plaintiff]. If you find that [defendant] [describe nature of deadly force alleged by plaintiff], then you

3

have found that [defendant] used deadly force. In addition, [plaintiff] must prove [at least one of the following things]:

> > deadly force was not necessary to prevent [plaintiff's] escape; or
>
> > [defendant] did not have probable cause to believe that [plaintiff] posed a significant threat of serious physical injury to [defendant] or others; or
>
> > it would have been feasible for [defendant] to give [plaintiff] a warning before using deadly force, but [defendant] did not do so.

In the Comment section to this Instruction, it states that the Court of Appeals has summed up the standard as follows: "Giving due regard to the pressures faced by the police, was it objectively reasonable for the officer to believe, in light of the totality of the circumstances, that deadly force was necessary to prevent the suspect's escape, and that the suspect posed a significant threat of death or serious physical injury to the officer or others?" *Abraham v. Raso*, 183 F.3d 279, 289 (3d Cir. 1999) (citing *Graham v. Connor*, 490 U.S. 386 (1989), and *Garner*).

Additionally, the Comment section states that an officer is not justified in using deadly force at a point in time when there is no longer probable cause to believe the suspect dangerous, even if deadly force would have been justified at an earlier point in time. ("A passing risk to a police officer is not an ongoing license to kill an otherwise unthreatening suspect."). The Comment section notes that the Court of Appeals cited with approval a Ninth Circuit case holding that "the fact that a suspect attacked an officer, giving the officer reason to use deadly force, did not necessarily justify continuing to use lethal force" at a time when "[t]he officer knew help was on the way, had a number of weapons besides his gun, could see that [the suspect] was unarmed and bleeding from multiple gunshot wounds, and had a number of opportunities to evade him." *Abraham*, 183 F.3d at 295 (discussing *Hopkins v. Andaya*, 958 F.2d 881 (9th Cir.1992)).

4

5

      Finally of importance to this case, the Comment section to this Instruction notes in *Grazier v. City of Philadelphia*, then-Chief Judge Becker argued in dissent that "it was an abuse of discretion for the trial judge not to explain to the jury at least the general principle that conduct on the officers' part that unreasonably precipitated the need to use deadly force may provide a basis for holding that the eventual use of deadly force was unreasonable in violation of the Fourth Amendment." *Grazier v. City of Philadelphia*, 328 F.3d 120, 130 (3d Cir. 2003) (Becker, C.J., dissenting) (citing Estate of *Starks v. Enyart*, 5 F.3d 230, 234 (7th Cir.1993), and *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1501 (11th Cir.1985) (en banc)).

      For all of these reasons, Plaintiffs respectfully request this motion be denied.

      Dated this 25th day of September 2006.

                                                  s/Anne T. Sulton
                                                  Sulton Law Offices
                                                  Post Office Box 2763
                                                  Olympia, WA  98507
                                                  (609) 468-6029
                                                  annesulton@comcast.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 25, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF which will send notification of such filing(s) to: Attorney John A. Parkins, Jr. at Parkins@rlf.com; Richards, Layton & Finger, P.A., Post Office Box 551, Wilmington, DE  19899.        s/Anne T. Sulton