IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

      Plaintiffs,

v.

CITY OF WILMINGTON,

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,
and
MATHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

      Defendants.

CIVIL ACTION NO. 04-1254-GMS

_____

**PLAINTIFFS' PRETRIAL BRIEF**
_____

**NATURE OF CASE**

Essentially, Plaintiffs allege Defendants used excessive force during the arrest of Harry Smith, III ("Harry"), resulting in his death. They also allege leaving his body on the street for nearly four hours, handcuffed and bleeding, is abuse of his corpse. They seek damages, and attorneys fees and costs.

**CONTESTED FACTS PLAINTIFFS WILL PROVE**

Plaintiffs will prove Defendants, through an unfortunate series of blunders coupled with flagrant and intentional violation of numerous police department policies, created the situation which resulted in Harry's death.

1

Plaintiffs will prove, contrary to Defendants' assertions, Defendants knew Harry was not armed with a gun at the time they shot him. Plaintiffs will prove Defendants knew the shotgun was locked in the trunk of the car because WPD policy 6.3 directs them to place shotguns in the trunk of marked squad cars.

Plaintiffs will prove, contrary to Defendants' assertions, that they failed to adequately warn Harry before they shot him. Plaintiffs will prove Harry could not hear or see Defendants because he was too far away when Defendants shouted at him, the windows were up on the squad car, and sirens from over ten nearby police cars were screaming. Plaintiffs will prove Harry could not see Defendants because of the flashing emergency lights in front of him, behind him and on top of the police squad car he was driving. Plaintiffs will prove Harry could not see Defendants because he was not wearing his glasses, for which he had a prescription.

Plaintiffs will prove Harry was not attempting to run over Defendants and that all Defendants shot at Harry when no police or other persons were in imminent danger. Plaintiffs will prove all shots fired at Harry were fired as Defendants were on the side of or behind the squad car Harry was operating.

Plaintiffs will prove Defendants failed to tell the truth when they said they did not see each other or other persons on the street while they fired their guns. Plaintiffs will prove over 20 neighborhood residents were on the street, some within a few inches of these officers.

Plaintiffs will prove Defendants intentionally killed Harry, and continued to shoot him after any threat he might have posed passed.

Plaintiffs will prove Defendants knew Harry was not able to leave the 500 block of Harrison Street because 24 police officers had responded to the call and had completely surrounded the area. Furthermore, the emergency lights were flashing on the squad car Harry was driving, making it impossible for him to escape quick capture.

2

## PLAINTIFFS' THEORY OF CASE

Essentially, Plaintiffs' theory of the case is based upon the proof requirements set forth in the Third Circuit Court of Appeals Model Jury Instructions pertaining to Section 1983 claims. More specifically Instruction 4.9.1, which states, in part:

"In order to establish that [defendant] violated the Fourth Amendment by using deadly force, [plaintiff] must prove that [defendant] intentionally committed acts that constituted deadly force against [plaintiff]. If you find that [defendant] [describe nature of deadly force alleged by plaintiff], then you have found that [defendant] used deadly force. In addition, [plaintiff] must prove [at least one of the following things]

- deadly force was not necessary to prevent [plaintiff's] escape; or
- [defendant] did not have probable cause to believe that [plaintiff] posed a significant threat of serious physical injury to [defendant] or others; or
- it would have been feasible for [defendant] to give [plaintiff] a warning before using deadly force, but [defendant] did not do so.

You should consider all the relevant facts and circumstances (leading up to the time of the encounter) that [defendant] reasonably believed to be true at the time of the encounter. The reasonableness of [defendant's] acts must be judged from the perspective of a reasonable officer on the scene."

Dated this 25th day of September 2006.

s/Anne T. Sulton
Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
(609) 468-6029
annesulton@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF which will send notification of such filing(s) to: Attorney John A. Parkins, Jr. at Parkins@rlf.com; Richards, Layton & Finger, P.A., Post Office Box 551, Wilmington, DE  19899.          s/Anne T. Sulton

3