IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 04-1254-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
***FIFTH* MOTION IN LIMINE**
**(TO EXCLUDE EVIDENCE OR ARGUMENT**
**REGARDING RISK OF HARM TO THIRD PARTIES)**

Plaintiffs have stated that they intend to call twenty-five witnesses to support their argument that the defendants somehow violated Harry Smith, III's rights by ostensibly putting the neighborhood residents at risk. In their Fifth Motion *in Limine* (D.I. 139), defendants demonstrated, with supporting authority squarely on point, that the risk to third persons is irrelevant to the determination whether Harry Smith, III's constitutional rights were violated.

Plaintiffs response to defendants' Motion *in limine* is remarkable for what it does ***not*** contain. First, nowhere in plaintiffs' response do they even mention, much less address the authorities cited in defendants' motion. Second, plaintiffs fail to cite a single case holding that the risk of harm to third persons is relevant to the determination whether the plaintiff was deprived of his constitutional rights. They content themselves to refer to pattern jury instructions to the effect that the jury should consider the totality of circumstances in determining whether there has been a deprivation of a Fourteenth Amendment right by the excessive use of force.

Defendants agree that the jury should consider the circumstances leading to the shooting, but the "totality of circumstances" has never extended to the risk of harm to third persons.

Plaintiffs also argue that they should be permitted to introduce evidence to prove the risk posed to third parties because unspecified "police department policies" prohibited the defendant police officers from "discharging their weapons when an innocent bystander might be injured."[1] *Id.* at 2. It is well-settled that a plaintiff can not rely upon a purported violation of police department policy in order to establish a Fourth Amendment violation. *See, e.g., Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir. 1992), *cert. denied*, 504 U.S. 915 (1992). This is especially true where, as here, the referenced policy is intended to protect the rights of third parties not before the Court, as opposed to protecting the rights of a fleeing suspect, such as plaintiff's decedent. *Cf. Howerton v. Fletcher*, 213 F.3d 171, 175 (4th Cir. 2000) ("[T]he question is whether the officer acted reasonably *as against the plaintiff.* That inquiry is not dependent at all on whether the officer did or did not subject third parties to risk or even on whether he employed unreasonable force against them.") (emphasis in original).

In the essence, plaintiffs seek to be compensated on the risk of harm to third persons. But as the cases which have considered the issue uniformly hold, the focus is exclusively on what happened to the plaintiff.

---

[1] Plaintiffs misstate the pertinent Wilmington Police Department policy, which prohibits the use of deadly force only when an injury to an innocent person is "likely."

|  |  |
|---|---|
| OF COUNSEL:<br><br>Rosamaria Tassone<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, Delaware 19801<br>302-576-2175 | /s/ John A. Parkins, Jr.<br>John A. Parkins, Jr. (#859)<br>K. Tyler O'Connell (#4514)<br>Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware 19899<br>302-651-7700<br>Parkins@rlf.com<br>Oconnell@rlf.com<br>Attorneys for Defendants |

Dated: September 28, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on September 28, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
OConnell@rlf.com

RLF1-3063885-1