IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 04-1254-GMS |
| v. | ) ) | |
| CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE*
TO ADMIT CERTAIN EXHIBITS AND TO CONDUCT A JURY VIEW**

Defendants hereby respond to plaintiffs' motion to admit certain exhibits into evidence and their request to conduct a jury view of the scene.

### A. Admission Of Certain Documents As Exhibits

Plaintiffs ask that this Court to admit certain documents as exhibits. The following chart contains defendants' response to those requests.

| Exhibit | Paragraph of Motion | Defendants' Response |
|---|---|---|
| Death Certificate | 1 | No objection. Indeed this document was listed by defendants as an exhibit in the Pretrial Order. |
| Autopsy Report | 1 | No objection. This document, too was listed as an exhibit by defendants in the Pretrial Order. |
| Videotape of interview of Harry Smith, Jr. | 2 | No objection provided (1) Harry Smith, Jr. is unable to testify and (2) the videotape is ended when the interview is ended and the participants leave the room. (The video camera was left on and there is extraneous material on the tape after the interview is concluded. Defendants understand |

| Exhibit | Paragraph of Motion | Defendants' Response |
|---|---|---|
| | | that plaintiffs are in agreement with these conditions. Otherwise, defendants object to this exhibit because it is an out of court statement and is therefore hearsay. |
| Videotape of interviews of defendants | 2 | No objection. |
| Map of City of Wilmington | 3 | No objection. |
| Police Department Policies 6.3, 6.7 and 6.8 | 4 | No objection. |

Defendants note that in agreeing to the admission of certain exhibits, defendants do not necessarily agree with the reasons stated by plaintiffs in their motion in support of the admission of these exhibits.

### B. Request For A Jury View

Plaintiffs request a jury view of the scene. (Motion ¶ 5). A jury view "has long been considered an unusual event." *Armotek Indus., Inc. v. Employers Ins. of Wausau*, 1989 WL 21771, at *4 (D.N.J. Mar. 7, 1989) (citing *Mazinski v. Dight*, 99 F. Supp. 192, 195 (W.D. Pa. 1951)). Accordingly, a decision denying plaintiffs' request to transport the jury to 5th and Harrison Streets is well within this Court's discretion. *See, e.g., Yoham v. Rosecliff Realty Co.*, 267 F.2d 9, 10 (3d Cir. 1959) (holding trial judge's decision to deny jury view was "well within his exercised discretion"); 2 WEINSTEIN'S FEDERAL EVIDENCE § 4.03.07[4] at 403-75 (trial judge's "discretion in this matter is extremely broad.").

Early in this case defendants made available hundreds of photographs as well as a comprehensive videotape taken of the scene on the night of the incident. Defendants early on produced a drawing containing coordinates of the location of evidence (such as the involved cars and shell casings) found at the scene. Thus plaintiffs concede in their motion that "[t]he parties

have ample photographs to accurately re-create the scene of the incident." (Motion, ¶ 5). Denial of a jury view is generally proper where, as here, the jury will be presented with testimony describing the scene of the pertinent events as well as photographs and diagrams depicting the scene as it existed on September 13, 2003. *See, Kelley v. Wegman's Food Markets, Inc.*, 2003 WL 21091390, at *5 (E.D. Pa. May 15, 2003), *aff'd*, 2004 WL 886261 (3d Cir. Apr. 26, 2004) (denying jury view where evidence included photographs and testimony regarding the scene); *U.S. v. Pettiford*, 962 F.2d 74, 76 (1st Cir. 1992) (affirming denial of jury view as unnecessary where jury had photographs and officers' testimony of the scene); *U.S. v. Triplett*, 195 F. 3d 990, 999 (8th Cir. 1999) (same); Wright & Graham, 22 FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5163 at 32 (2006 Supp.) (noting judge's discretion to deny jury view "where relevance is outweighed by the inconvenience or other methods of proof are available.").

Plaintiffs offer no explanations why the photographs and drawings of the scene are inadequate. They only assert that the "[d]istances are hotly contested by the parties." But they fail to inform the Court which distances, if any, are "hotly contested." Moreover, it is a non-sequitur for the plaintiffs to contend that the parties can "accurately recreate the scene of the incident" [Motion, ¶ 5] if distances are "hotly contested." *Id.* Perhaps most importantly, they fail to explain how a visit to the scene would resolve these unidentified disputes about distances.

Plaintiffs claim they intend to call "almost 80 witnesses," (something which the Court has not agreed to) and apparently seek to entice this Court by stating that a visit to the scene *"may* reduce the number of witnesses Plaintiffs will call ...." (Motion, ¶ 5; emphasis added). Aside from the fact that the Court is not obligated to allow plaintiffs to call nearly 80 witnesses (only four of whom plaintiffs even bothered to depose) this contention fails because plaintiffs make no pretense of even attempting to show why a view "may" reduce this number.

Plaintiffs ask that the stolen police car and the cars driven by Detective Ciritella and Sergeant Kurten be positioned at the scene as they were on the night of the incident. They assert that the "travel distance to the scene is about one mile, easily allowing the jury to travel to the scene and review it in about 45 minutes total time." Plaintiffs greatly underestimate the disruptions a view would cause. First, Wilmington police would be required to close off two Wilmington Streets, causing inconvenience to the citizens of Wilmington and unnecessary police costs. This closure would be for far longer than the time the jury would be present. Patrol car 1180 would have to be towed to the side and positioned (along with the other vehicles) in advance of the trial day so that plaintiffs could verify that they were correctly placed -- all the while with the streets closed. Finally, plaintiffs offer no suggestion what would occur if the parties could not agree on the placement of the vehicles. Surely they do not expect that the Court would come the scene prior to the view and act as a referee. In short, a great deal more is entailed than simply driving the jurors to the scene in a van.

In sum, plaintiffs offer only conclusory statements why this case is so unusual that it requires a view by the jury. There are literally hundreds a photographs and a videotape depicting the scene and they concede the photographs are "ample to recreate the scene." In this regard there is nothing to distinguish this case from the scores of personal injury cases which come before this Court. Therefore the request for a view should be denied.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Rosamaria Tassone<br>City of Wilmington Law Department<br>City/County Building, 9th Floor<br>800 N. French Street<br>Wilmington, Delaware 19801<br>302-576-2175 | /s/ John A. Parkins, Jr.<br>John A. Parkins, Jr. (#859)<br>K. Tyler O'Connell (#4514)<br>Richards, Layton & Finger<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware 19899<br>302-651-7700<br>Parkins@rlf.com<br>Oconnell@rlf.com<br>Attorneys for Defendants |

Dated: September 29, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Kester I.H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street
> Suite 300
> Wilmington, DE 19801

I hereby certify that on September 29, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

> Anne T. Sulton, Esquire
> Post Office Box 2763
> Olympia, WA 98507

/s/ John A. Parkins
John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com

RLF1-3063403-1