IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, <br><br> Defendants. | Case No. 04-1254-GMS <br><br><br> -REDACTED- <br> PUBLIC VERSION |

### DEFENDANTS' MOTION FOR CONTINUANCE OF THE TRIAL DATE

Defendants move for a continuance of the trial because their forensic expert, Jon Nordby, Ph.D. has recently been REDACTED and will be unable to testify at the currently scheduled November 6, 2006 trial. Dr. Nordby will testify that the physical evidence is inconsistent with plaintiffs' version of the events and is consistent with defendants' version. In support of their motion, defendants state the following:

#### A. Background

1. This case arises from an incident at 5th and Harrison Streets in Wilmington in which Harry Smith, III was shot to death by Wilmington police officers after a pursuit through the city. The plaintiffs are Mr. Smith's estate and his parents. The estate raises federal civil rights claims and a state law survival claim; the parents allege a state law wrongful death claim. The defendants are three Wilmington police officers and the City of Wilmington.

2. The defendants' motion for summary judgment is currently pending before the Court.

### B. Why Dr. Nordy's Testimony Is Important

3.　There are two markedly different versions of the events at 5th and Harrison Streets. According to plaintiffs:

> Harry Smith, III, was seen slumping over the car's steering wheel, apparently unconscious, helpless, unarmed, and non-threatening to himself or others.
>
> Defendants ... continued shooting into the car.

(Amended Complaint, ¶¶ 28, 29; D.I. 39). Plaintiffs also filed an affidavit of David Gwyn, a neighborhood resident, in which Mr. Gwyn swears:

> I saw what appeared to be an African American make slumped over the steering wheel of the car.
>
> This man appeared to be unconscious and helpless and unarmed and non-threatening.
>
> I then saw a Wilmington Police Department officer walk over to the side of this police car and fire shots into the body of the man slumped over the steering wheel.

(Gwyn Aff., ¶¶ 6, 7; D.I. 15). In contrast the defendant police officers deny the plaintiffs' allegations and the assertions in the Gwyn Affidavit. They testified in their depositions, and will testify at trial, that the stolen police car was moving when they shot at Mr. Smith and they stopped firing once the car stopped.

4.　Plaintiffs apparently recognize the significance of physical evidence at the scene in recreating what occurred at 5th and Harrison Streets. For example, in their Brief in Opposition to Defendants' Motion for Summary Judgment they speculated about events based upon the location of certain shell casings and bullet holes:

> The physical evidence in this case contradicts the police version. First, the stolen car's airbag did not deploy, indicating this was either a very low speed crash into the Jeep out of the way.

2

> Second, the photo numbered B-4 (in the sealed materials being sent to the Court) show the bullet casings from defendant Ciritella's bullets land between the stop sign and the building. It is reasonable to assume this is where he was standing as Harry tried to go through the opening between the stop sign and Ciritella's car, meaning Harry was intentionally moving **away** from Ciritella. We know Harry was intentionally moving away from Ciritella to avoid the gunfire. We know this because of the next photo.
>
> The photo numbered B-2 (in the sealed materials being sent to the Court) show three bullet holes in the front windshield. In this photo are the trajectory sticks, placed there by someone working on defendants' behalf. The trajectory sticks clearly show Ciritella was on the passenger side of the car when he fired into the windshield, not in front of the car.

(D.I. 117 at 35; attached hereto as Exhibit A).

      5.      The expert testimony of Dr. Nordby will be of considerable assistance to the jury in resolving the competing versions of these events. Dr. Nordby is a forensic crime scene investigator with extensive training and experience in crime scene re-creation. (A copy of his C.V. is attached hereto as Exhibit B). Dr. Nordby spent several days examining the patrol car stolen by Mr. Smith and the scene of this incident. He also did testing of the interior of the stolen police car and Mr. Smith's clothing for gunshot residue, as well as test firing Defendant Ciritella's weapon. (The Bureau of Alcohol, Tobacco and Firearms identified Detective Ciritella's weapon as having been the weapon which fired the fatal bullet). Dr. Nordby will testify that the physical evidence is inconsistent with plaintiffs' versions of these events and is consistent with defendants' version. (Copies of his two reports are attached hereto as Exhibits C and D.)

6.   Dr. Nordby has very recently

REDACTED

As a result, he will be unable to testify during the time when this case is scheduled for trial.

7.   Defendants sent a draft of this motion to plaintiffs' counsel and asked her position so that defendants could advise the Court of plaintiffs' position. Plaintiffs' counsel responded that "I am willing to consider allowing Dr. Nordby's two written reports to be entered into evidence as an exhibit, or allow you to name another expert in the same field (as long as this expert's report reaches me two weeks before trial), or to postpone the trial to January or February 2007." For the reasons stated below, these proposals are unworkable or unfair:

(a)   **Introduction Of The Reports Only.** The unfairness of asking the jury to read the reports and not hear live testimony and explanations is obvious on its face

(b)   **Obtain An Alternative Expert.** Dr. Nordby is one of the nation's premier forensic analysts. He spent nearly a week examining the scene and dozens of homes in the laboratory analyzing the physical evidence. The City has spent approximately $80,000 for his services. It is extremely doubtful that someone as qualified as Dr. Nordby (if indeed, such an individual exists) would be available and have sufficient time in the one month plaintiffs would "consider allowing" defendants to prepare such a report. Moreover, the City (which is not insured) has limited funds and not able to spend the money necessary to have someone do another analysis and prepare another report.

(c)   **Continue Trial Until January Or February.** This borders on no proposal at all. Plaintiffs are aware that Dr. Nordby would be undergoing either chemotherapy

or radiation therapy and unable to work for at least four months, which encompasses the dates offered by plaintiffs.

WHEREFORE, defendants pray that the trial be continued to a date set by the Court.

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
K. Tyler O'Connell (#4514)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Oconnell@rlf.com
Attorneys for Defendants

Dated: September 29, 2006

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 04-1254-GMS |
| v. ) ) | |
| CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, ) ) ) ) ) | -REDACTED- PUBLIC VERSION |
| Defendants. ) | |

## ORDER

WHEREAS, it appearing to the Court that defendants' expert is unable to testify at trial because of an unexpected illness; and

WHEREAS, it appearing to the Court that it is not feasible for defendants to obtain an alternative expert; and

WHEREAS, it appearing to the Court that defendants will be prejudiced if required to go to trial without their expert.

IT IS HEREBY ORDERED, that trial in this matter is continued until _____, 2007.

_____
U.S. District Judge

RLF1-3060142-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

> Kester I.H. Crosse, Esquire
> Williams & Crosse
> 1214 King Street
> Suite 300
> Wilmington, DE 19801

I hereby certify that on September 29, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

> Anne T. Sulton, Esquire
> Post Office Box 2763
> Olympia, WA 98507

> /s/ John A. Parkins, Jr.
> John A. Parkins, Jr. (#859)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> Parkins@rlf.com

RLF1-3060142-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE  19801

I hereby certify that on October 3, 2006, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

John A. Parkins, Jr. (#859)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Parkins@rlf.com