# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

                                                                    Page

1. General Instructions – Deliberations                               2

2. Evidence                                                           4

3. Direct and Circumstantial Evidence                                6

4. Credibility of Witnesses                                          7

5. Introduction to Claims                                            9

6. The Estate's Federal Claim                                        10

7. Compensatory Damages                                              12

8. State Law Claims – Introduction                                   13

9. Use of Deadly Force By Police Officer                             14

10. Use of Deadly Force By A Police
    Officer To Prevent Escape                                        15

11. The Scope of Public Officers' Immunity
    From Tort Liability                                              17

12. The Estate's Damages                                             18

13. Damages for Wrongful Death                                       20

14. Risk Of Harm To Third Parties and
    Number of Shots Fired                                            22

## GENERAL INSTRUCTIONS

### GENERAL INSTRUCTIONS -- DELIBERATIONS.

When you retire to the jury room to deliberate, you may take with you these instructions, the verdict form, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trail was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel forward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

2

convections about the evidence just because of the opinions of your fellow jurors.  Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.  When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case.  If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.  Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give you your verdict.  Unless I direct you otherwise, do not reveal your answers until you are discharged.After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

<u>Source</u>:  Third Circuit Pattern Civil Jury Instruction 3.1.

<u>EVIDENCE.</u>

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated -- that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed -- that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments and questions of the lawyers for the parties in this case;

2.      Objections by lawyers;

3.      Any testimony I told you to disregard; and

4.      Anything you may have seen or heard about this case outside the courtroom.

You must make your decision based only on the evidence that you saw and heard in court.  Do not let rumors, suspicions or anything else that you may have seen or heard outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what was received into evidence.  When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought that it is not permitted by the rules of evidence, that lawyer objected.  This simply meant that the lawyer

requested that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection was made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If it was overruled, treat the answer like any other.  If you are instructed that some item of evidence was received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may have been ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that was struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

<u>Source:</u>        Third Circuit Pattern Civil Jury Instruction 1.5.

DIRECT AND CIRCUMSTANTIAL EVIDENCE.

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses -- something the witness has seen, felt, touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is the existence of a current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

Source:        Third Circuit Model Jury Instruction 1.6.

CREDIBILITY OF WITNESSES.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness said or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1.      the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2.      the quality of the witness's understanding and memory;

3.      the witness's manner while testifying;

4.      whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.      whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.      how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.      any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:          Third Circuit Model Jury Instructions 1.7.

<u>Introduction to Claims.</u>

Plaintiffs claim that Detective Ciritella, Sergeant Dempsey and Officer Kurten used excessive force in attempting to arrest Harry Smith, III. The defendants deny that they did so. The Estate of Harry Smith, III, one of the plaintiffs, alleges two claims: one under federal law and the other under Delaware law. The parents of Harry Smith, III assert a claim known as a wrongful death action under Delaware law. I will instruct you separately on each of these claims a little later.

There are three defendants in this case. You should consider the claims separately against each defendant. You may find that the plaintiffs have proven that all of the defendants are liable, that they have proven that only one or two are liable, or that they have failed to prove that any of the defendants are liable to them.

I will now give you a brief summary of what the plaintiffs must prove to make their case:

<u>Source</u>: Third Circuit Pattern Jury Instruction 1.2.

THE ESTATE'S FEDERAL CLAIM.

I will now instruct you on the Estate's federal claim.  The Estate of Harry Smith, III is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under by persons acting under color of state law.  The parties agree that the defendants were acting under color of state law, but they disagree whether the defendants deprived Harry Smith, III of his constitutional rights.

The Estate claims, and must therefore prove, that either Detective Ciritella, Sgt. Dempsey or Officer Kurten (or any combination of them) deprived Harry Smith, III of the rights guaranteed to him by the Fourth Amendment of the United States Constitution.  Specifically, the Estate alleges that the defendants used excessive force in attempting to stop or arrest Mr. Smith and in attempting to prevent his escape.  The Fourth Amendment protects persons from being subjected to excessive force while being arrested or stopped by police.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make an arrest or conduct a stop.  Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped by police, even if the arrest or stop is otherwise proper.

An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.  Also, the officer must give the suspect a warning before using deadly force, if it is feasible under the circumstances to give such warning.

In order to establish that a defendant police officer violated the Fourth Amendment by using deadly force, the Estate must prove that the defendant intentionally committed acts that constituted deadly force against Harry Smith, III.  The Estate must prove at least one of the following things:

· Deadly force was not necessary to prevent Harry Smith, III's escape; or

· The officers did not have probable cause to believe that Harry Smith, III posed significant threat of serious physical injury to themselves or others.

In making this decision you should consider all the relevant facts and circumstances leading up to the time of the encounter that the defendants reasonably believed to be true at the time of the encounter.  The reasonableness of the defendants' acts must be judged from the perspective of a reasonable officer on the scene.  The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, the Estate must prove that the defendant intended to commit the acts in question; but apart from that requirement, the defendant's actual motivation is irrelevant.  If the force the defendant used was unreasonable, it does not matter whether the defendant had good motivations.  And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

Source:  Third Circuit Pattern Jury Instructions 4.1, 4.3, 4.9.1.

<u>Compensatory Damages</u>.

I am now going to instruct you on damages relating to the Estate's federal law claim. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any of the defendants should be held liable.

If you find that one or more of the defendants are liable, then you must consider the issue of compensatory damages. You must award the Estate an amount that will fairly compensate it for any injury Harry Smith, III actually sustained as a result of the defendants' conduct. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The Estate has the burden of proving compensatory damages by a preponderance of the evidence.

The Estate claims compensation for the  physical harm to Harry Smith III during  the events at issue, including physical pain. In assessing such harm, you should consider the nature and extent of the injury.

<u>Source</u>: Third Circuit Pattern Jury Instructions 4.8.1.

S<small>TATE</small> L<small>AW</small> C<small>LAIMS</small> - I<small>NTRODUCTION.</small>

 The Estate of Harry Smith and Mr. and Mrs. Smith assert claims based on the alleged violation of Delaware law.  In their state law claims, the Smiths and the Estate allege that the defendant police officers used excessive force as defined by state law in attempting to stop or arrest Harry Smith, III and in attempting to prevent his escape.  In order to prevail on these claims, the plaintiffs must prove that one or more of the officers used excessive force.  Second, the plaintiffs must prove that the defendants acted wantonly or with gross negligence when they shot at Mr. Smith.  If you find that they have failed to prove either of these things, your verdict on the state law claims must be for the defendants.  If you find plaintiffs have proven both of these things, then you must determine the damages to be awarded to the Estate and to Mr. and Mrs. Smith.

Use of Deadly Force By a Police Officer.

Insofar as plaintiffs' state law claims are concerned, the use of deadly force is justified if the defendant believed that such force was necessary to protect him or another of the defendants against death or serious physical injury.  The issue is not whether the use of deadly force was reasonable under the circumstances or whether a reasonable person would have perceived the need for employing deadly force; rather the test is whether the defendant in fact had such a belief at the time deadly force was used.

Source:  11 Del. C. §§ 464, 465; Moore v. Licciardello, 463 A.2d 268 (Del. 1983); State v. Scott, 1989 Del. Super. LEXIS 291 (Del. Super., July 19, 1989).

<u>Use of Deadly Force By A Police Officer To Prevent Escape</u>.

You have heard testimony that the defendants shot at Mr. Smith to prevent his escape. Under the law, the defendants' use of deadly force to prevent Mr. Smith's escape is justified if:

1. THEY BELIEVED MR. SMITH COMMITTED A FELONY INVOLVING PHYSICAL INJURY OR A THREAT OF PHYSICAL INJURY; AND

2. THEY BELIEVED THAT THE FORCE EMPLOYED CREATED NO SUBSTANTIAL RISK OF INJURY TO INNOCENT PERSONS; AND

3. THEY BELIEVED THERE WAS A SUBSTANTIAL RISK THAT MR. SMITH WOULD CAUSE DEATH OR SERIOUS PHYSICAL INJURY IF HIS APPREHENSION WAS DELAYED.

In determining whether the defendant officers believed these things, the test is not whether a reasonable person would have believed them; rather, the test is whether the defendants in fact believed them.

Source:   11 Del. C. § 467; Moore v. Licciardello, 463 A.2d 268 (Del. 1983); State v. Scott, 1989 Del. Super. LEXIS 291 (Del. Super., July 19, 1989).

<u>The Scope of Public Officers' Immunity From Tort Liability</u>.

If you find that either Detective Ciritella, Sgt. Dempsey or Officer Kurten used excessive force in attempting to arrest or stop Mr. Smith or in attempting to prevent his escape, you must then determine whether plaintiffs have proven that the defendant police officer acted who used excessive force acted wantonly or with gross negligence. Delaware law provides that no damages may be recovered against a public officer or employee if the claim arose because of the performance of an official duty that was conducted in good faith for the benefit of the public. This is known as sovereign immunity. There is an exception to this rule, however, if the public officer or employee acted with gross or wanton negligence. Gross or wanton negligence refers to conduct of such a nature or degree that it constitutes a gross deviation from what a reasonable, ordinary person would do in the same situation.

For plaintiffs' state law claims to fall within this exception to sovereign immunity, plaintiffs must prove that Detective Ciritella, Sergeant Dempsey or Officer Kurten acted with gross or wanton negligence.

<u>Source:</u>  Superior Court Pattern Civil Jury Instruction 10.13.

The Estate's Damages

If you do not find that the Estate has sustained its burden of proof, the verdict must be for the defendants.  If you do find that the Estate has sustained its burden of proof, you should consider the compensation to which it is entitled.  I will now instruct you on those damages.  As I told you earlier, the fact that I am instructing you on damages does not mean that I have an opinion on whether you should award damages.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done.  Certain guiding principles must be employed to reach a proper damages award.  First, damages must be proved with reasonable probability and not left to speculation.  Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists.  While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Mr. Smith's Estate, you should award to it the sum of money that in your judgment would have fairly and reasonably compensated Mr. Smith for any conscious pain and suffering he suffered from the time of the first wrongful act you found one of these defendants committed until his death.  Plaintiffs bear the burden of proving that Mr. Smith consciously suffered pain and suffering.  If he dies instantaneously or almost instantaneously after the wrongful act you have found, or if he was unconscious from the time of the first wrongful act, then the law requires that you not make an award to the Estate.

<u>Source</u>:  Superior Court Pattern Jury Instruction 22.1; <u>Magee v. Rose</u>, 405 A.2d 143 (Del. Super. 1979) (damages limited to conscious pain and suffering from time of injury until time of death and plaintiff bears burden of showing existence of conscious pain and suffering); <u>Loden v. Getty Oil Co.</u>, 340 A.2d 174 (Del. Super. 1975) <u>aff'd</u>, 359 A.2d 161 (Del. 1976) (damages subsequent to or relating to death not recoverable).

<u>Damages for Wrongful Death</u>.

Mr. and Mrs. Smith assert a claim for wrongful death.  The law recognizes that when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to immediate family members.  While it is impossible to compensate the deceased for the loss of his life, it is possible to compensate certain family members for the losses that they have suffered from the death of a loved one.  For this reason, Delaware law provides that when a person dies as a result of another's wrongful act, certain family members may recover fair compensation for their losses resulting from the death.  In determining fair compensation, you may consider the following:

1.      the loss of the expectation of monetary benefits to Mr. and Mrs. Smith that would have resulted from the continued life of Harry Smith, III; that is, the expectation of inheritance that Mr. and Mrs. Smith have lost;

2.      the loss of the portion of Harry Smith, III's earnings and income that probably would have been used for the support of Mr. and Mrs. Smith;

3.      the loss of Harry Smith, III's household services;

4.      the reasonable cost of funeral expenses, not to exceed $2000; and

5.      the mental anguish suffered by Mr. and Mrs. Smith  as a result of Harry Smith, III's death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one.  You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration.  The ability to cope with the loss may be different for each person.  There is no

fixed standard or measurement.  You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances presented to you during the trial.  Mr. and Mrs. Smith carry the burden of proving their damages by a preponderance of the evidence, but they are not required to claim and prove with mathematical precision exact sums of money representing their damages for mental anguish.  It is required only that Mr. and Mrs. Smith furnish enough evidence so that you, the jury, can make a reasonable determination of any damages for mental anguish.

Source:  Superior Court Pattern Jury Instruction 22.8.

Risk Of Harm To Third Parties and Number of Shots Fired [Include in section regarding the Estate's Federal Claim]

In determining whether any of the defendants used excessive force, you should not consider whether other persons were put at risk by the defendants' conduct. Your sole focus should be whether the force used was excessive in connection with Harry Smith, III. The fact that bystanders may or may not have been put at risk by the defendants' actions has no bearing on whether they used excessive force on Harry Smith, III.

Likewise, the number of bullets fired at Harry Smith, III should not affect your determination of whether excessive force was used. If you find that the defendant police officers were not permitted to use deadly force to prevent the escape of Harry Smith, III, then it does not matter whether the police fired 1 or 31 shots at Harry Smith, III. If on the other hand you find that the defendant police officers were permitted to use deadly force to prevent his escape, then the defendants were free to fire as many shots as necessary to accomplish this.

Sources:    Altman v. City of High Point, N.C., 330 F.3d 194 (4th Cir. 2003) (Fourth Amendment inquiry does not consider potential harm to third parties); Howerton v. Fletcher, 213 F.3d 171 (4th Cir. 2000) (same); Elliot v. Leavitt, 99 F.3d 640 (4th Cir. 1996), cert. denied, 521 U.S. 1120 (1997) (number of shots fired cannot determine issue of excessive force); Archuleta v. McShan, 897 F.2d 495 (10th Cir. 1990) (claim under 42 U.S.C. § 1983 must be predicated on alleged violation of plaintiff's rights, not rights of third parties); Robins v. City of Hanford, 2006 WL 1716220 (E.D.Cal. Jun 19, 2006) (issue under Fourth Amendment is not whether defendant acted reasonably with respect to third parties); Chandie v. Whelan, 21 F. Supp. 2d 170 (S.D.N.Y 1998) (no basis to second-guess number of shots fired by officer in dangerous circumstances);

Frane v. Kijowski, 992 F. Supp. 985 (N.D. Ill. 1998) (same); Austin v. Town of Blacksburg, 66 F.Supp. 2d 771 (W.D. Va. 1998), aff'd, 188 F.3d 503 (4th Cir. 1999) (use of deadly force is permitted until threat abates); see also Rakas v. Illinois, 439 U.S. 128 (1978) (Fourth Amendment right to be free from unreasonable searches can not be asserted vicariously).