IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR., and ROSLYN WOODARD SMITH, individually and as Administrators of the ESTATE OF HARRY SMITH, III, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-1254-GMS ) ) ) ) ) ) |

**ORDER**

**I.    BACKGROUND**

Harry Smith, Jr. and Roslyn Woodard Smith (collectively, the "plaintiffs") filed the above captioned suit on their own behalf and as representatives of Harry Smith, III's ("Mr. Smith") alleging that the defendants violated Mr. Smith's civil and constitutional rights, during a September 13, 2003 incident with police in which he was shot and killed.  In addition, the plaintiffs allege violations of Delaware constitutional provisions, a state wrongful death claim, and a state law claim for abuse of a corpse.  Presently before the court is the plaintiff's motion to file a second amended complaint.  (D.I. 98.)  For the following reasons, the court will grant the motion in part and  deny the motion in part.

**II.    ANALYSIS**

A.    **Standard**

Leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).[1] The court has discretion to deny leave to amend when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D.Pa. 1993). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See Burlington Coat Factory*, 114 F.3d at 1434. If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

B.    **Motion to Amend**

The plaintiffs move to amend on the bases that the complaint should be corrected to be consistent with the court's ruling granting defendants' partial motion to dismiss, and also that the complaint needs to be amended to conform to the evidence obtained during discovery. (D.I. 98.) The proposed amended complaint contains six counts. Count I is brought pursuant to 42 U.S.C. § 1983 and raises an excessive force claim under the Fourth Amendment; Count II alleges a respondeat superior claim against the City of Wilmington; Count III raises a *Monell*[2] claim

---

[1] Rule 15(b) allows for amendment to the complaint when an issue that has not been raised in the pleadings has already been tried. Fed. R. Civ. P. 15(b).

[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A *Monell* claim is a claim brought under section 1983 against a local government body or supervising employee "where the

against the City of Wilmington; Count IV alleges violations of the Delaware Constitution, Article I, §§ 6 and 11; Counts V and VI raise supplemental claims under Delaware law for wrongful death and abuse of a corpse, respectively.

The defendants oppose the motion on the basis that the plaintiffs unreasonably delayed asserting new claims and that they are prejudiced by the delay. The defendants also posit that many, if not all, of the new claims plaintiffs assert are futile, and as a result, amendment should not be allowed.

The court will grant in part the motion to file a second amended complaint as to all counts, except Count II as discussed below. Keeping in mind that this case is rapidly proceeding to trial, the defendants will be given an opportunity to file a supplemental motion for summary judgment on the newly raised issues. So there is no confusion, those new claims are the Fourth Amendment excessive force claim found in Count I and the *Monell* claim raised in Count III.

### C. Respondeat Superior

The court agrees that the proposed Count II of the second amended complaint alleges that a futile claim. The plaintiffs allege that the City of Wilmington, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell*, 436 U.S. at 692; *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat

---

alleged unconstitutional action [complained of] was the result of the execution or implementation of a policy, ordinance, regulation, or custom officially adopted or promulgated by that body's officers." *Id.* at 690.

superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

The proposed respondeat superior claim against the City of Wilmington fails to state a claim upon which relief may be granted, making amendment futile. Accordingly, the court will deny the motion to amend (D.I. 98) to the extent that it moves to add this claim.

**III.   CONCLUSION**

THEREFORE, at Wilmington this 7th day of February, 2007, IT IS ORDERED that:

1. The motion to file a second amended complaint (D.I. 98) is GRANTED as to Counts I, III, IV, V and VI and DENIED as to Count II.

2. Defendants are given leave to file a supplemental motion for summary judgment on the newly added claims (i.e., excessive force and *Monell*). The supplemental summary judgment motion and opening shall be filed no later than **February 21, 2007**; the plaintiffs' answering brief shall be due on or before **March 7, 2007**; and the defendants' reply brief shall be due on or before **March 14, 2007**.

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE