IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN,<br><br>Defendants. | Case No. 04-1254-GMS |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FURTHER SUPPORT FOR THEIR SEPTEMBER 25, 2006 MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

Defendants John Ciritella, Thomas Dempsey and Matthew Kurten (collectively, "Defendants"), by and through their undersigned counsel, respond as follows to Plaintiffs' Further Support for Their September 25, 2006 Motion *in Limine* to Exclude Evidence.

**Introduction**

On September 25, 2006, Plaintiffs moved to exclude the introduction at trial of any evidence that Harry Smith, III "had a scalpel, attempted to carjack a vehicle, and/or had possession of a gun of any type." (D.I. 138). At the pretrial conference, the Court denied the motion with respect to the scalpel issue without prejudice to Plaintiffs' opportunity to "attempt to adduce record evidence that supports [Plaintiffs'] contention that they didn't know [about the scalpel]."[1] For the reasons described in Defendants' opposition filed on October 6, 2006, and for

---

[1] The Court resolved the other issues at the pretrial conference and Plaintiffs were not granted leave to supplement the record on those issues. As a result, this response is limited to the scalpel issue.

the reasons set forth below, the Court should not exclude reference to Mr. Smith's possession of a scalpel.

### A. Plaintiffs' Supplemental Submission Does Not Support The Representations Made During The Pretrial Conference Nor Does It Support Exclusion.

During the pretrial conference, Plaintiffs represented that Defendants were specifically asked during their depositions whether they had heard that Mr. Smith was armed with a scalpel. Specifically, Plaintiffs made the following representations during the pretrial conference:

> When they were asked during their depositions, did you know that he allegedly had run out of the hospital with a scalpel? No. did you know or did you hear that there had been this carjacking? No. Did you know that he had a gun? No. (Tr. at 13).
>
> Your Honor, my best recollection of the depositions is that when I asked each of these men, did you know that this man was in possession of a scalpel he had gotten from the hospital, their answer was no. (Tr. at 15).

The deposition references cited in Plaintiffs' Further Support For Their September 25, 2006 Motion *In Limine* To Exclude Evidence demonstrate that no such questions were posed to Defendants. Plaintiffs never specifically asked Defendants whether they heard that Mr. Smith was armed with a scalpel. The passages quoted by Plaintiffs refer to broad questions about what the officers recall hearing. By way of example, Officer Kurten was asked "do you recall what you heard, specifically," to which he responded "[s]pecifically, no. I haven't listened to the tapes." That statement does not mean that, at the time, Officer Kurten did not hear the radio transmission stating that Mr. Smith was armed with a knife. It cannot be disputed that Mr. Smith's possession of a scalpel [knife] was transmitted over the radio -- there is an audio recording of the police dispatcher stating "a male subject armed with a knife, 14th and Washington, 16 Charles requesting backup" that confirms as much. While Plaintiffs may cross-

2

examine Defendants on their knowledge, exclusion based upon the general questioning during the depositions would not be appropriate.

Assuming *arguendo*, that Defendants did not have knowledge of Plaintiffs' possession of the scalpel, the evidence is still relevant. As described above, the possession and use of the scalpel explains how and why the police chase of Mr. Smith commenced. Plaintiffs attempt to argue that if the officers were not aware of Mr. Smith's possession of the scalpel, such evidence is not relevant. Plaintiffs misapprehend the relevance standard. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without this evidence." F.R.D. 401. Here, the admission of evidence of Mr. Smith's possession and use of the scalpel sheds light on the events on Washington Street -- an important predicate for the jury. In contrast, Plaintiffs have offered no explanation, nor could they, as to why such relevant evidence should be excluded. *See* F.R.D. 403 ("Although relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.").

B.   **The Events On Washington Street, Including Plaintiffs' Possession Of A Scalpel, Are Relevant And Not Prejudicial To Plaintiffs.**

Plaintiffs offer no reasoned basis why Defendants should not be allowed to introduce evidence of Mr. Smith's possession of a scalpel. Although Plaintiffs seemingly would prefer that the jury only hear about the events on 5th and Harrison Streets, this case cannot, and should not, be tried in a vacuum. The events that transpired on Washington Street are central to the issues that will be presented to the jury. Indeed, Mr. Smith's actions in attempting to steal William Stevenson's car, followed by the theft of the police vehicle, started the chain of events that ended on 5th and Harrison. As this Court stated, "it is clear in reading the second amended complaint that the plaintiffs aver a continuation of events and actions on September 13, 2003, all of which

3

led to the alleged violation of Smith's constitutional rights." Memorandum Opinion at 14. The jury should understand and appreciate the sequence of events that ultimately resulted in Defendants' actions on 5th and Harrison Streets. Otherwise, the jury is left to speculate as to what instigated the police chase throughout the city. Plaintiffs' possession of a scalpel is a key element of those events.

Plaintiffs will suffer no prejudice by the introduction of this evidence, and should not be entitled to expunge details from the factual record solely in an effort to cast Mr. Smith in a more favorable light. Indeed, Plaintiffs never make any effort in either their original motion or in their supplemental filing to identify how the introduction of such evidence would be prejudicial. Instead, Plaintiffs simply make the conclusory statements that it "will serve only to confuse or mislead the jury" and that "[i]ts prejudicial impact clearly outweighs its probative value." Plaintiffs have failed to satisfy their burden.

Conversely, while Plaintiffs would suffer no prejudice from the introduction of this evidence, Defendants would be strongly prejudiced by its exclusion. By way of example, the medical examiner is expected to testify that an examination of Mr. Smith's body revealed stab wounds. Other witnesses may testify that Mr. Smith was wearing a white tee shirt with blood stains -- blood stains that resulted from self-inflicted stab wounds from the scalpel. If evidence relating to the scalpel is excluded, the jury will not have been provided with the complete story, and will be left to speculate and potentially conclude that the police inflicted these wounds. Moreover, fearing that Mr. Smith might stab him with the scalpel, Officer Whitehead shot Mr. Smith in the leg. Again, multiple witnesses, including but not limited to the medical examiner, will likely testify about a bullet wound to Mr. Smith's leg. Defendants would be severely

prejudiced if the jury were precluded from hearing evidence that Mr. Smith was armed with a scalpel.[2]

### C. The Evidence Is Relevant To Plaintiffs' Economic Expert's Testimony.

Plaintiffs will offer the expert testimony of Jerry Boswell, D.B.A., who will testify as to the money Mr. Smith would have earned during his lifetime. Dr. Boswell based his calculations on the assumption that Mr. Smith would have graduated from college in 2004 and started working at that time. However, the fact that Mr. Smith committed crimes (using the scalpel) punishable by a potentially lengthy prison sentence on Washington Street raises serious questions about Dr. Boswell's underlying assumptions that Mr. Smith would have graduated from college and started working in 2004. Thus, the challenged evidence is relevant to Plaintiffs' economic claim.

OF COUNSEL:
Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
Steven J. Fineman (#4025)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Fineman@rlf.com
Attorneys for Defendants

Dated: April 3, 2006

---

[2] Redacting references to the scalpel in the record evidence is not a panacea and would only serve to compound the prejudice to Defendants if they are not allowed to provide a complete record to the jury.

RLF1-3133819-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on April 3, 2007, I have sent by U.S. Regular Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-3133819-1