IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 04-1254-GMS |
| v. | ) ) | |
| CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATHEW KURTEN, | ) ) ) ) | |
| Defendants. | ) | |

# PRELIMINARY JURY INSTRUCTIONS

## INTRODUCTION

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

## THE PARTIES AND THEIR CONTENTIONS

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends. The parties in this case are the plaintiffs, Harry Smith, Jr., Roslyn Smith, and the Estate of Harry Smith, III, and the defendants, John Ciritella, Matthew Kurten and Thomas Dempsey. Plaintiffs claim that Detective Ciritella, Sergeant Dempsey and Officer Kurten used excessive force in attempting to arrest Harry Smith, III. The defendants deny that they did so. The Estate of Harry Smith, III, one of the plaintiffs, alleges two claims: one under federal law and the other under Delaware law. The parents of Harry Smith, III assert a claim known as a

1

wrongful death action under Delaware law. I will instruct you separately on each of these claims a little later.

You will be asked to determine the liability, if any, of each party. If appropriate, you will be asked to determine the amount of money damages necessary to compensate the plaintiffs for all of their injuries.

**DUTIES OF THE JURY**

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case. It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the

attorneys or the court -- you may not ask questions). Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom. There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

**SUMMARY OF APPLICABLE LAW**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which plaintiff(s) must prove to make their case:

I will now instruct you on the Estate's federal claim. The Estate of Harry Smith, III is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights by persons acting under color of state law. The parties agree that the defendants were acting under color of state law, but they disagree whether the defendants deprived Harry Smith, III of his constitutional rights.

The Estate claims, and must therefore prove, that either Detective Ciritella, Sgt. Dempsey or Officer Kurten (or any combination of them) deprived Harry Smith, III of the rights guaranteed

to him by the Fourth Amendment of the United States Constitution. **Specifically, the Estate alleges that the defendants used excessive force in attempting to stop or arrest Mr. Smith and in attempting to prevent his escape.** The Fourth Amendment protects persons from being subjected to excessive force while being arrested or stopped by police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make an arrest or conduct a stop. Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped by police, even if the arrest or stop is otherwise proper.

An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. Also, the officer must give the suspect a warning before using deadly force, if it is feasible under the circumstances to give such warning.

In order to establish that a defendant police officer violated the Fourth Amendment by using deadly force, the Estate must prove that the defendant intentionally committed acts that constituted deadly force against Harry Smith, III. The Estate must prove at least one of the following things:

- Deadly force was not necessary to prevent Harry Smith, III's escape; or
- The officers did not have probable cause to believe that Harry Smith, III posed significant threat of serious physical injury to themselves or others.

In making this decision you should consider all the relevant facts and circumstances leading up to the time of the encounter that the defendants reasonably believed to be true at

the time of the encounter. The reasonableness of the defendants' acts must be judged from the perspective of a reasonable officer on the scene. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

The Estate must prove that the defendant intended to commit the acts in question; but apart from that requirement, the defendant's actual motivation is irrelevant. If the force the defendant used was unreasonable, it does not matter whether the defendant had good motivations. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

The Estate of Harry Smith and Mr. and Ms. Smith also assert claims based on the alleged violation of Delaware law. In their state law claims, the Smiths and the Estate allege that the defendant police officers used excessive force as defined by state law in attempting to stop or arrest Harry Smith, III and in attempting to prevent his escape. In order to prevail on these claims, the plaintiffs must prove that one or more of the officers used excessive force. Second, the plaintiffs must prove that the defendants acted wantonly or with gross negligence when they shot at Mr. Smith. If you find that they have failed to prove either of these things, your verdict on the state law claims must be for the defendants. If you find plaintiffs have proven both of these things, then you must determine the damages to be awarded to the Estate and to Mr. and Ms. Smith.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the plaintiffs have the burden of proving their case by what is called a preponderance of the evidence. That means the plaintiffs have to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiffs claim is more likely true than not. To put it differently, if you were to put the plaintiffs' and the defendants' evidence on opposite sides of a scale, the evidence supporting the plaintiffs would have to make the scale tip somewhat on their side. If the plaintiffs fail to meet this burden, the verdict must be for the defendants. The plaintiffs must also prove their damages by a preponderance of the evidence. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(2)   These preliminary instructions to you;

(3) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(4) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5) My final instructions on the law to you;

(6) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(7) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind. We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take five days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you

for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.