IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF HARRY SMITH, III, HARRY SMITH, JR., AND ROSLYN WOODARD SMITH, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 04-1254 GMS ) ) ) ) ) ) ) ) |

## **ORDER**

1. On March 22, 2007, the court held a pretrial conference in the above-captioned action. During the pretrial conference, the court addressed the parties motions in limine. The court reserved ruling on the defendants' Fifth Motion in Limine To Exclude Evidence or Argument Regarding Risk of Harm to Third Parties (D.I. 139), in order to further examine the issue.

2. The defendants' motion asserts that argument from the plaintiffs or witness testimony regarding the potential harm to third parties should be excluded, because it has no bearing on whether the defendants' actions violated the rights of the plaintiffs' decedent.

3. The plaintiffs oppose the motion and maintain that the jury must consider the totality of circumstances, including the potential harm to third parties, when determining whether the

amount of force used by the defendants was reasonable.[1]

4. After having further considered the parties' submissions on the motion (D.I. 139, 142, 148) and the relevant case law, the court concludes that argument and witness testimony regarding the potential harm to third parties is not relevant to the jury's determination of the plaintiffs' excessive force claim. *See Howerton v. Fletcher*, 213 F.3d 171, 175 (4th Cir. 2000) ("[T]he risk posed to third parties by the official use of force is not to be considered in determining whether that use of force was excessive as against a particular section 1983 plaintiff."); *see also Chambers v. Doe*, 453 F. Supp. 2d 858, 867-68 (D. Del. 2006) ("In judging the reasonableness of the officers' actions, the court assesses only the reasonableness of their actions vis-a-vis [the section 1983 plaintiff] and does not consider the potential harm to third parties.").

5. However, the court further concludes that evidence of potential harm to third parties is relevant to the jury's determination of the plaintiffs' wrongful death claim. Under Delaware law, the Tort Claims Act (the "Act") provides that "an employee may be personally liable for acts and omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." Del. Code Ann. tit. 10, § 4011(c). In order to find a defendant's conduct wanton, a plaintiff must show that the individual defendant acted with conscious indifference to his or her conduct, or with an "I don't care" attitude. *Cloroben Chem. Corp.*

---

[1] Neither the plaintiffs nor the defendants address the issue in the context of the plaintiffs' wrongful death claim.

*v. Comegys*, 464 A.2d 887, 891 (Del. 1963). Accordingly, the defendants' intent is at the heart of the plaintiffs' wrongful death claim and, because the potential risk to third parties is probative to the defendants' intent, the court will permit its use for this limited purpose.

6. Finally, because permitting testimony and argument regarding the potential harm to third parties has the ability to prejudice the defendants with respect to the excessive force claim, for which its use is improper, the court shall use a limiting instruction for that claim.

Therefore, IT IS HEREBY ORDERED that:

1. The defendants' Fifth Motion in Limine to Exclude Evidence or Argument Regarding Risk of Harm to Third Parties (D.I. 139) is GRANTED in part and DENIED in part as follows:

    a. The defendants' motion is GRANTED with respect to the plaintiffs' excessive force claim.

    b. The defendants' motion is DENIED with respect to the plaintiffs' wrongful death claim.

    c. The court shall use a limiting instruction for the excessive force claim to prevent any prejudice to the defendants that may arise out of the introduction of testimony and argument regarding the potential harm to third parties.

Dated: April 5, 2007                                    /s/ Gregory M. Sleet
                                                        UNITED STATES DISTRICT JUDGE