*Read in open court 4/9/07*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR., and ROSLYN WOODARD SMITH, individually and as Administrators of the ESTATE OF HARRY SMITH, III, ) ) ) ) ) | |
| Plaintiffs ) ) | |
| v. ) ) | Civil Action No. 04-1254 GMS |
| JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, ) ) ) ) | |
| Defendants. ) | |

## VOIR DIRE

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a)   to enable the court to determine whether or not any prospective juror should be excused for cause;

(b)   to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges -- that is, challenges for which counsel need not give a reason.

- **Staff introduced.**

- **Panel sworn.**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take 5 days to try. The schedule that I expect to maintain over those 5 days will be as follows:

We will normally begin the day at 9:00 a.m promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen

minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**DESCRIPTION OF THE CASE**

This is a civil case. In this case, Harry Smith, Jr. and Roslyn Woodard Smith, the parents of Harry Smith, III, who is deceased, allege that the defendants, Officers John Ciritella, Thomas Dempsey, and Matthew Kurten, deprived Harry Smith, III of certain rights guaranteed him under the United States and Delaware Constitutions and protected by various federal and state statutes. The Smiths contend that this deprivation occurred when their son was shot to death by the defendants during an attempt to arrest him on September 13, 2003. The defendants deny the allegations by the Smiths.

2. Has any member of the panel heard or read anything about this case?

- **Counsel will be asked to introduce themselves, their firms, etc.**

3. Does any member of the panel, or your immediate family (spouse, child, parent or sibling) know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms or agencies?

4. Have you or any member of your immediate family ever been employed by the Wilmington Police Department or any other local, state, or federal law enforcement or corrections agency?

5. Would any member of the panel tend to believe the testimony of a law enforcement officer over that of a civilian witness?

6. Have you or any member of your immediate family or a close friend had any encounters with a member of a law enforcement agency that might interfere with your ability to be a fair and impartial juror?

7. Is any member of the panel opposed to the use of deadly force by law enforcement officers under any circumstances?

8. Is any member of the panel familiar with the use of firearms?

- **Counsel will be asked to read names of potential witnesses.**

9. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

10. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

11. Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

12. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

13. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

14. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?