IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 04-1254-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**<u>JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

Page

Introduction                                                          1

Evidence Defined                                                     3

Direct and Circumstantial Evidence                                   4

Consideration of Evidence                                            5

Statements of Counsel                                                6

Credibility of Witnesses                                             7

Expert Testimony                                                     8

Number of Witnesses                                                  9

Burden of Proof: Preponderance of the Evidence                      10

Deliberation and Verdict                                            11

Multiple Defendants                                                 13

Spoliation [Defendants Object]                                      14

Plaintiffs' Federal Claims                                          15

Plaintiffs' State Law Claims                                        19

42 USC 1983 State-Created Danger [Defendants Object]                20

Negligence As A Matter of Law [Defendants Object]                   22

Compensatory Damages                                                24

Delaware Wrongful Death Compensatory Damages                        26

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into the deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to

you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

4

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make on harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People tend to forget some things or remember other things inaccurately. If a witness had made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that my depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

7

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired b y the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

## **NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiffs have the burden of proving their claims and damages by what is call a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiffs have met their burden of proof on various issues.

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in this case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has bee prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

11

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages are normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

## MULTIPLE DEFENDANTS

There are several Defendants in this case. Some may be liable while others are not. All the Defendants are entitled to your fair consideration of their own defenses. If you find against one Defendant, that shouldn't affect your consideration of other Defendants. Unless I tell you otherwise, all my instructions apply to every defendant.

**Source:   Delaware Jury Instruction 5.5**

## SPOLIATION

There is evidence from which you may conclude that one or more of the Defendants, or someone working on their behalf, may have intentionally and/or recklessly suppressed or destroyed the video tape located in the police car Harry Smith, III was driving. In your deliberations, if you conclude that this is the case, that is, that the loss or destruction of this video tape was due to the intentional and/or reckless conduct of one or more of the Defendants, or someone working on their behalf, then you may infer, if you choose to do so, that the missing evidence would have been unfavorable to the Defendants in this case.

**Source:**        **Delaware Jury Instruction 23.17**

**DEFENDANTS' OBJECTION:**      There is no evidence to support this instruction. However, if the Court decides to give a spoliation instruction, defendants agree that the above language is appropriate.

## PLAINTIFFS' FEDERAL CLAIMS

Plaintiffs claim that John Ciritella, Thomas Dempsey and Matthew Kurten used excessive force in attempting to arrest Harry Smith, III. The defendants deny that they did so. The Estate of Harry Smith, III, asserts a federal claim while Mr. and Mrs. Smith assert a claim known as a wrongful death action under Delaware law. I will instruct you separately on each of these claims a little later.

There are three defendants in this case. You should consider the claims separately against each defendant. You may find that the plaintiffs have proven that all of the defendants are liable, that they have proven that only one or two are liable, or that they have failed to prove that any of the defendants are liable to them.

I will now instruct you on what the Estate of Harry Smith, III must prove to make its federal case: The plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights by persons acting under color of state law. The parties agree that the defendants were acting under color of state law, but they disagree whether the defendants deprived Harry Smith, III of his constitutional rights.

The plaintiffs claim, and must therefore, prove that either John Ciritella, Thomas Dempsey or Matthew Kurten (or any combination of them) deprived Harry Smith, III of the rights guaranteed to him by the Fourth Amendment of the United States Constitution. Specifically, the plaintiffs claim that the defendants used excessive force in attempting to apprehend Mr. Smith and in attempting to prevent his escape.

The Fourth Amendment protects persons from being subjected to excessive force while being arrested or stopped by police. In other words, a law enforcement officer may only use the amount

of force necessary under the circumstances to make the arrest. Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped by police, even if the arrest or stop is otherwise proper.

In order to establish that the defendants used excessive force, the plaintiffs must prove both of the following by a preponderance of the evidence:

First:   The defendants intentionally committed certain acts; and

Second:   Those acts violated Mr. Smith's Fourth Amendment right not to be subjected to excessive force.

Now, in this case, the plaintiffs claim that the defendants violated Mr. Smith's Fourth Amendment rights by used a type of excessive force, that is, deadly force, against him. A law enforcement officer may use deadly force to prevent escape by a fleeing suspect when the officer has probable cause to believe that the fleeing suspect poses a threat of serious physical harm, either to the officer or to others. Thus, if the fleeing suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape.

In determining whether the defendants' acts constituted excessive force, you must ask whether the amount of force that the defendants used was the amount which a reasonable officer would have used in making the arrest or preventing the escape under similar circumstances. You should consider all of the relevant facts and circumstances leading up to the time of the attempt to prevent the escape and apprehend the decedent that the defendants reasonably believed to be true at the time. You should consider those facts and circumstances in order to assess whether there was a need for the application of deadly force, or any force, and the relationship between that need for

16

deadly force or force, if any, and the amount of force applied. The circumstances relevant to this assessment can include:

- the severity of the crime at issue;

- whether the decedent posed an immediate threat to the safety of the defendant or others;

- the possibility that the decedent was armed;

- whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

- the duration of the defendants' action; and

- whether the physical force applied was of such an extent as to lead to unnecessary injury or death.

One circumstance that you must not include in making your assessment, however, is the potential risk of harm to bystanders or other third parties caused by the defendants' acts.

The reasonableness of the defendants' acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to prevent the suspect from escaping or to make the arrest. In determining whether the defendants' acts were reasonable, you must consider that a police officer is often forced to make split-second judgments under circumstances that are sometimes tense, uncertain, and rapidly evolving

In determining whether any of the defendants used excessive force in violation of the federal law claims, you should not consider whether other persons were put at risk by the defendants' conduct. Your sole focus should be whether the force used was excessive in connection with Harry

Smith, III. The fact that bystanders may or may not have been put at risk by defendants' actions has no bearing on whether they used excessive force on Harry Smith, III.

*Likewise, the number of bullets fired at Harry Smith, III should not affect your determination of whether excessive force was used. If you find that the defendant police officers were not permitted to use deadly force to prevent the escape of Harry Smith, III, then it does not matter whether the police fired 1 or 31 shots at Harry Smith, III. If on the other hand you find that the defendant police officers were permitted to use deadly force to prevent his escape, then the defendants were free to fire as many shots as necessary to accomplish this.*

The plaintiffs must prove that the defendants intended to commit the acts in question; but apart from that requirement, the defendants' actual motivation is irrelevant. If the force the defendants used was unreasonable, it does not matter whether the defendants had good motivations. And, an officer's improper motive does not establish excessive force if the force used was objectively reasonable.

**PLAINTIFFS' OBJECTION**:     Plaintiffs object to the italicized language.

## PLAINTIFFS' STATE LAW CLAIMS

Plaintiffs, Mr. And Mrs. Smith, assert a claim under Delaware law that the defendants wrongfully caused the death of Harry Smith, III. In order to prevail on their state law claims, the plaintiffs must prove that one or more defendants used excessive force. The plaintiffs must also prove that the defendants acted wantonly or with willful and malicious intent. If you find that the plaintiffs have proven both of these things, then you must determine the damages to be awarded to plaintiffs for their wrongful death claim.

Conduct is "wanton" only when it reflects a conscious indifference or an "I don't care" attitude. In determining whether the defendants used excessive force, you should keep in mind the factors I described to you in connection with plaintiffs' constitutional claim. In determining whether the defendants acted wantonly or with willful and malicious intent, you may consider whether defendant violated Wilmington Police Department policies, whether other persons were put at risk by defendants' conduct and that, under Delaware law, a police officer has no duty to retreat while performing his or her duties.

**Source for definition of wanton conduct:  Couden v. Duffy, 446 F.3d 483 (3rd Cir. 2006) (construing 10 Del. C. §4011).**

19

## 42 U.S.C. SECTION 1983 – STATE CREATED DANGER

Plaintiffs claim Harry Smith, III was killed as a result of Defendants shooting him. The United States Constitution prohibits police officers from engaging in conduct that renders an individual more vulnerable to harm.

In this case, Plaintiffs claim City of Wilmington police officers rendered Harry Smith, III more vulnerable to harm by failing to follow departmental policies. This failure created and set into motion a chain of events leading to his death.

To establish this claim, Plaintiffs must prove all of the following four things by a preponderance of the evidence:

First: The harm to Harry, i.e., his death by police gunfire, was a foreseeable and fairly direct result of City of Wilmington police officers' conduct.

Second: City of Wilmington police officers acted with conscious disregard of a great risk of serious harm or deliberate indifference.

Third: There was a relationship between City of Wilmington police officers and Harry that distinguished Harry from the public at large.

Fourth: City of Wilmington police officers' actions made Harry more vulnerable to being shot to death by Defendants Ciritella, Dempsey and Kurten, or police used their authority to create an opportunity that otherwise would not have existed for harm to occur.

The first of these four elements requires Plaintiffs to show Harry's death by police gunfire was a foreseeable and fairly direct result of City of Wilmington police officers' conduct. This element includes two related concepts: foreseeability and directness.

Foreseeability concerns whether City of Wilmington police officers should have foreseen

20

Harry's death by Defendants' gunfire.

Directness concerns whether it is possible to draw a direct enough connection between City of Wilmington police officers' conduct and Harry's death by Defendants' gunfire. To consider the question of directness, you should look at the chain of events that led to Harry's death, and you should consider where City of Wilmington police officers' conduct fits within that chain of events, and whether that conduct can be said to be a fairly direct cause of Harry's death by Defendants' gunfire.

**Source:  U.S. Third Circuit Model 4.14**


**DEFENDANTS' OBJECTION:**    The first paragraph of this instruction -- which plaintiffs omit -- show that it relates to the state created danger doctrine which arises under the Fourteenth Amendment. *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1994). This Court has previously dismissed plaintiff's Fourteenth Amendment claims.

Plaintiffs never alleged a State created Danger claim in their Complaints.

21

## NEGLIGENCE AS A MATTER OF LAW

A person is considered negligent if he violates a statute and/or regulation that has been enacted for people's safety. The violation of the statute and/or regulation is negligence as a matter of law. If you find that one or more of the Defendants has/have violated the statute and/or regulation that I am about to read to you, then you must conclude that the Defendant or those Defendants were negligent.

**Statute:**

Section 467(c) of Title 11 of the Delaware Code refers to law enforcement officials' use of deadly force. It states: "The use of deadly force is justifiable under this section if all other reasonable means of apprehension have been exhausted, and: (1) The defendant believes the arrest is for any crime involving physical injury or threat thereof, and the deadly force is directed at a vehicle to disable it for the purpose of effecting the arrest, or the defendant believes the arrest is for a felony involving physical injury or threat thereof; (2) The defendant believes that the force employed creates no substantial risk of injury to innocent persons; and (3) The defendant believes that there is a substantial risk that the person to be arrested will cause death or serious physical injury, or will never be captured if apprehension is delayed."

**Regulation:**

Wilmington Police Department Policy 6.7 states: "6 (c). Police officers shall not fire their weapons at, or from a moving vehicle except for under exigent, life-threatening circumstances. 6 (d). Firearms shall not be discharged when it appears likely that an innocent person maybe injured."

**Source:  Delaware Jury Instruction 5.7**

22

**<u>DEFENDANTS' OBJECTION:</u>**     This principle applies only to persons who are injured who fall within the class of persons the regulation or statute is designed to protect. There is no evidence Harry Smith, III falls within such a class.

The instruction may confuse the jury on what standard is to be applied in assessing the Fourth Amendment claims.

## COMPENSATORY DAMAGES

I am now going to instruct you on damages relating to the Estate's federal law claim. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any of the defendants should be held liable.

If you find that one or more of the defendants are liable, then you must consider the issue of compensatory damages. You must award the Estate an amount that will fairly compensate it for any injury Harry Smith, III actually sustained as a result of the defendants' conduct. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The Estate has the burden of proving compensatory damages by a preponderance of the evidence.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.

The Estate claims compensation for the physical harm to Harry Smith III during the events at issue, including physical pain. In assessing such harm, you should consider the nature and extent of the injury. Compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be

24

fair and just in the light of the evidence.

**Source: Third Circuit Pattern Jury Instructions 4.8.1.**

## DELAWARE WRONGFUL DEATH: COMPENSATORY DAMAGES

The law recognizes when a person dies as the result of another's wrongful conduct, there is injury not only to the deceased but also to immediate family members. While it is impossible to compensate the deceased for the loss of his life, it is possible to compensate certain family members for the losses they have suffered from the death of a loved one. For this reason, Delaware law provides when a person dies as a result of another's wrongful act, certain family members, such as the Parents in this case, may recover fair compensation for their losses resulting from the death of their son, Harry Smith, III.

In determining a fair compensation, you may consider the following:

(1)    the loss of the expectation of monetary benefits that would have resulted from the continued life of Harry; that is, the expectation of inheritance that Harry Smith, III's parents have lost;

(2)    the loss of the portion of Harry Smith, III's earnings and income that probably would have been used for the support of his parents;

(3)    the loss of Harry Smith, III's household services;

(4)    the reasonable cost of funeral expenses, up to $7,000; and

(5)    the mental anguish suffered by Harry Smith, III's parents as a result of his death.

The term "mental anguish" encompasses the grieving process associated with the loss of a loved one. You may consider that the grieving process, accompanied by its physical and emotional upheaval, will be experienced differently by different people, both in its intensity and in its duration. The ability to cope with the loss may be different for each person. There is no fixed standard or measurement. You must determine a fair and adequate award through the exercise of your judgment and experience after considering all the facts and circumstances

26

presented to you during the trial.

While Plaintiffs carry the burden of proving their damages by a preponderance of the evidence, they are not required to claim and prove with mathematical precision exact sums of money representing their damages for mental anguish. It is required only that Plaintiffs furnish enough evidence so that you, the jury, can make a reasonable determination of those damages.

**Source:   Delaware Jury Instruction 22.8**

27