IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRY SMITH, JR. and ROSLYN WOODARD SMITH, Individually and as Administrators of THE ESTATE OF HARRY SMITH, III<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN,<br><br>Defendants. | Case No. 04-1254-GMS |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO FED. R. CIV. P. 50**

Defendants John Ciritella, Thomas Dempsey and Matthew Kurten (collectively, "Defendants"), by and through their undersigned counsel, hereby move for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 as follows:

**1.    The Estate Failed To Offer Evidence To Support Certain Claims For Damages**

The Estate of Harry Smith, III ("Smith") seeks to recover damages under the Delaware wrongful death statute. In support of their claim for damages, Plaintiffs adduced the testimony of Jerry D. Boswell, however, Dr. Boswell did not offer any testimony as to the expected pecuniary benefits to the beneficiaries. *See* Trial Tr. at 410-463. Instead, Dr. Boswell only offered his opinion as to Smith's projected lifetime earnings -- an opinion that does not speak to the applicable recovery under the Delaware wrongful death statute.

The terms of the Delaware wrongful death statute do not permit recovery of the decedent's lifetime earnings. Rather, the pertinent provision of the statute allows recovery only for:

> Deprivation of the expected pecuniary benefits to the beneficiary or beneficiaries that would have resulted from the continued life of the deceased.

(10 *Del. C.* § 3724(a)(1)). Delaware's wrongful death statute is in derogation of common law and is therefore strictly construed. *Sterner v. Wesley College*, 747 F. Supp. 263, 268 (D. Del. 1990). There is simply no room in this language for the conclusion that the beneficiaries can recover the decedent's entire lifetime earnings. As the Delaware courts have held, this recovery is the "value of the estate [the decedent] probably would have earned, saved and left to his next of kin at the end of his life expectancy." *Cann v. Mann Construction Co.*, 93 A.2d 741, 743 (Del. Super. 1952). Although the *Cann* court was interpreting a predecessor wrongful death statute, Delaware courts have applied the same formulation to the current statute. *E.g. Bradley v. Dionisi*, 1988 Del. Super. LEXIS 426 (Del. Super. Nov. 17, 1988). Thus, Dr. Boswell's opinion relating to the decedent's lifetime earnings is not relevant to the Estate's claim.

Pursuant to Fed. R. Civ. P. 50(a), "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." Here, the record is devoid of any evidence that Smith would have saved any money and left pecuniary benefits for his beneficiaries. Similarly, no evidence was introduced with respect to loss of contributions for support or household services. As a result, Plaintiffs should be barred

as a matter of law from recovering damages for any loss other than mental anguish and funeral expenses. Otherwise, any award by the jury would be based purely on speculation.

2.  **Plaintiffs Offered No Evidence To Prove That Thomas Dempsey or Matthew Kurten Caused the Death Of Harry Smith, III**

The wrongful death claims against defendants Kurten and Dempsey and must be dismissed because there is no evidence they proximately caused Smith's death. There is no evidence that the shots fired by defendants Kurten and Dempsey proximately caused Smith's death. Consequently, the wrongful death claims against them must be dismissed.

It is axiomatic that a plaintiff in a civil rights action, as well as in an action brought under Delaware law, must prove that "but for" the alleged wrongful conduct his injuries would not have occurred. *Arnold v. IBM Corp.*, 637 F.2d 1350, 1354 (9th Cir. 1981). The record here is devoid of any evidence that the shots fired by defendants Kurten and Dempsey caused Smith's death. Plaintiffs will likely point, as they have in the past, to the Medical Examiner's testimony that she was "[L]ooking at all the wounds to contribute to his death." (Trial Tr. at 70). But, as a matter of law, the fact that conduct "contributed" to a result does not satisfy the "but for" test. *Metropolitan Pittsburgh Crusade for Voters v. City of Pittsburgh*, 964 F.2d 244, 251 (3rd Cir. 1992) ("A requirement that the lawsuit be a 'but for' cause or 'the proximate cause' of the benefit achieved is significantly more stringent than the 'material contributing factor' test....").

Plaintiffs cannot dismiss this merely as a matter of semantics. The Third Circuit, as noted, has made it clear it is not. The Medical Examiner's testimony likewise makes clear that she was unable to offer "but for" testimony. She acknowledged, for example, that only the shot which struck Mr. Smith in the head struck an organ, and she did not know whether any of the non-head wound shots struck a major blood vessel. (Trial Tr. at 79). Finally, she could not say

whether, if Smith had not been struck in the head, he would have lived. (Tr. 80). In other words, she could not say whether Smith would have died as a result of the wounds to Smith's body.

### 3. Plaintiffs Have Failed To Support Their Claims For Constitutional Violations and Wrongful Death

For the reasons set forth in Defendants' briefs in support of their motions for summary judgment (June 14, 2006 [D.I. 109], July 12, 2006 [D.I. 121], February 21, 2007 [D.I. 162] and March 14, 2007 [D.I. 171]), Defendants are entitled to judgment as a matter of law on all claims.

### 4. Defendants Are Entitled To Official Immunity

For the reasons set forth in Defendants' briefs in support of their motions for summary judgment (June 14, 2006 [D.I. 109], July 12, 2006 [D.I. 121], February 21, 2007 [D.I. 162] and March 14, 2007 [D.I. 171]), Defendants are entitled to official immunity on all claims.

WHEREFORE, Defendants move for judgment as a matter of law that (1) Plaintiffs are not entitled to recover damages for pecuniary benefits to the beneficiaries, loss of contributions and household services; (2) Defendants Dempsey and Kurten are not liable for Smith's alleged wrongful death; (3) Defendants are entitled to judgment in their favor on all claims; and (4) Defendants are entitled to official immunity on all claims.

OF COUNSEL:

Rosamaria Tassone
City of Wilmington Law Department
City/County Building, 9th Floor
800 N. French Street
Wilmington, Delaware 19801
302-576-2175

John A. Parkins, Jr. (#859)
Steven J. Fineman (#4025)
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
302-651-7700
Parkins@rlf.com
Fineman@rlf.com
Attorneys for Defendants

Dated: April 16, 2007

RLF1-3139070-1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Kester I.H. Crosse, Esquire
Williams & Crosse
1214 King Street
Suite 300
Wilmington, DE 19801

I hereby certify that on April 16, 2007, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Anne T. Sulton, Esquire
Post Office Box 2763
Olympia, WA 98507

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-3139073-1