IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARRY SMITH, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Case No 04-1254-GMS |
| JOHN CIRITELLA, et al., | : | |
| Defendants. | : | |

**PLAINTIFF'S BENCH MEMO ON THE ISSUE OF WHY THERE IS MORE THAN SUFFICIENT EVIDENCE TO SUPPORT AN AWARD OF PUNITIVE DAMAGES SUCH THAT THE ISSUE MUST BE SUBMITTED TO THE JURY**

**A. Introduction:**

The record is more than sufficient for the issue of punitive damages to be submitted to the jury. During trial, plaintiffs have offered evidence of reckless, callous, intentional and malicious behavior by defendants, entitling plaintiffs to have the punitive damages issue submitted to the jury. This evidence includes the following:

- Plaintiffs have presented sufficient evidence to demonstrate that each defendant intentionally killed Harry Smith, III, when they each shot multiple times at him with the specific intent to kill him. This is <u>intentional</u> behavior.

- Each defendant testified that he is aware of the laws which forbid excessive use of force. There is more than sufficient evidence to support a jury finding that each defendant used excessive force against Harry Smith, III anyway, despite their knowledge of these laws. This is <u>reckless, malicious</u> and <u>intentional</u> behavior.

- Each defendant has given ever-changing reasons for shooting Harry Smith, III. This demonstrates that each defendant is having significant problems telling the truth. Falsehood is evidence of <u>malice, ill will</u> and <u>intentional</u> wrongdoing.

- Each defendant violated police department rules for police officers. Violating your own rules is evidence of <u>recklessness</u> and <u>ill will</u>.

**B. The Law of Punitive Damages.** The leading case on the issue of punitive damages is <u>Smith v. Wade</u>, 461 U.S. 30 (1983). <u>Smith</u> was a § 1983 action arising from a brutal assault against a youthful first offender while in a juvenile reformatory. A jury awarded $25,000 in compensatory damages to the youth as well as $5,000 in punitives. The defendant appealed the punitive damages award on two grounds. First, he argued that the proper test for punitive damages is one of "actual malicious intent - ill will, spite, or intent to injure." <u>Id.</u> at 37-38. (internal punctuation omitted). Second, that the requisite standard for punitive damages had to be higher than the liability standard. <u>Id.</u> at 38.[1] The Supreme Court explicitly rejected both of these arguments. <u>Id.</u> at 56.

As to the first argument, the Supreme Court extensively surveyed the common law both at the time and since the enactment of § 1983 in 1871, <u>id.</u> at 39-51, and found that

> we are content to adopt the policy judgment of the common law - that reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages.

<u>Id.</u> at 51. The Court rejected the defendants' contentions that the higher standard of "actual malicious intent - ill will, spite, or intent to injure," <u>id.</u> at 37-38 (internal punctuation omitted), were prerequisites for punitive damages and instead held that although these would warrant consideration of punitive damages, "reckless or callous indifference to the federally protected rights of others" is all that is needed as an alternative basis for punitive damages. <u>Id.</u> at 56.

The Court also rejected the defendant's second argument that "the threshold for punitive damages" had to be higher "than the underlying standard for liability in the first instance." <u>Id.</u> at

---

51. The Court observed that "[t]here has never been any general common-law rule that the threshold for punitive damages must always be higher than that for compensatory liability." Id. at 53. Continuing, the Court found "society has an interest in deterring all intentional or reckless invasions of the rights of others, even though it sometimes chooses not to impose any liability for lesser degrees of fault." Id. at 54-55.[2]

Importantly, none of the Supreme Court cases dealing with punitive damages since Smith v. Wade have overruled its holding.[3] Rather, these cases either discuss the Smith standard, as in Kolstad v. American Dental Assoc., 527 U.S. 526 (1999), or deal with the entirely separate issue of Constitutional limitations on the size of the award of punitive damages, not the jury's ability to award punitive damages themselves. See Browning-Ferris Indus. v. Kelco Disposal, 492 U.S. 257 (1989) (Eighth Amendment Excessive Fines Clause); Pacific Mutual Life Insur. Co. v. Haslip, 499 U.S. 1 (1991) (Fourteenth Amendment Due Process); TXO Produc. Corp. v. Alliance Resources Corp., 509 U.S. 443 (1993) (same); Honda Motor Co. v. Oberg, 512 U.S. 415 (1994) (same); BMW of North America v. Gore, 517 U.S. 559 (1996) (same).

Accordingly, "intentional violations of federal law" are sufficient to trigger a jury's consideration of the appropriateness of punitive damages. Smith, 461 U.S. at 51. In the same way, "a jury may assess punitive damages in a civil rights action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Alexander v. Riga, 208 F.3d 419, 430-31 (3d Cir. 2000) (quoting Smith, 461 U.S. at 56) (internal punctuation omitted). Thus, "the

---

[2] Accordingly, because plaintiffs have presented sufficient evidence that each defendant intentionally used excessive force against Harry Smith, III, which is sufficient to support a liability finding, this evidence also is sufficient to support a punitive damages award.

3

defendant's conduct must be, at a minimum, reckless or callous." Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); accord Kolstad, 527 U.S. at 536 (noting that at a minimum, Smith requires "recklessness in its subjective form"). Obviously then, punitives also are permitted "if the conduct is intentional or motivated by evil motive, but the defendant's actions need not meet this higher standard." Savarese, 883 F.2d at 1204.

Furthermore, as the Third Circuit recently explained, the "jury may award punitive damages when it finds reckless, callous, intentional or malicious conduct." Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006).

> This standard is disjunctive. The defendant's conduct must be, at a minimum, reckless or callous. Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard.

Id.

In summary, at a minimum, a defendant may be liable for punitive damages if his conduct is reckless or callous. Intentional conduct, being an even higher standard, thus also warrants punitives. Lastly, actual malicious intent or evil motive, being an even higher standard than intentional, also is sufficient. As discussed above, plaintiff has presented more than sufficient evidence of defendant's reckless, callous, intentional and malicious behavior.

Respectfully submitted this /6 day of April 2007.

Anne T. Sulton

4