**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.                                                              CIVIL ACTION NO. 04-1254-GMS

JOHN CIRITELLA,
THOMAS DEMPSEY,
and
MATTHEW KURTEN,

    Defendants.

_____

**PLAINTIFFS' MOTION FOR AN INJUNCTION**

_____

    Come now the Plaintiffs, by their attorneys, and move this honorable Court for an order prohibiting Defendants and their attorneys from contacting potential witnesses, the employers of potential witnesses, jurors, or doing any other thing that might impede or otherwise affect the Court's investigation of why the jury verdict was published by a local newspaper almost an hour before it was delivered in open court.

    The basis for this motion is that Defendants' attorney John Parkins sent a letter to Ms. Desiree Young, a potential witness, regarding a subpoena he intends to serve upon her employer to check the computer and printer she uses at her workplace. [Please see Exhibit 1 attached hereto.] Ms. Young resides in Pennsylvania.

    Plaintiffs do not know the intentions or motivations of attorney Parkins. However, the effect of his letter is to intimidate Ms. Young, a potential witness.

1

As suggested in *United States v. Resko*, 3 F.3d 684, 688 (3d Cir. 1993), the responsibility for investigating allegations of irregularities in the jury deliberation process lie squarely with the Court. The investigation requested by Plaintiffs should be conducted by the Court, and in a manner the Court deems appropriate, including contacting potential witnesses (whether in or out of the state) and gaining access to any out-of-state non-party's computer hard drives.

The Court is responsible for making certain that the integrity of the jury deliberation process is protected. The Court also has the power to determine how the investigation will be conducted. None of the parties to the litigation should do anything that usurps or adversely affects the Court's authority to determine how it will conduct its investigation.

Therefore, Plaintiffs respectfully request that this honorable Court issue an order enjoining Defendants and their counsel from contacting potential witnesses, the employers of the potential witnesses, jurors, and doing any other thing that might impede or in any way affect the Court's investigation.

Respectfully submitted this 30th day of April 2007.

/s/ Anne T. Sulton
Anne T. Sulton
Admitted: Pro Hac Vice

Sulton Law Offices
Post Office Box 2763
Olympia, WA  98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**

Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street
Wilmington, DE  19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2007, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Attorney John Parkins   E-mail Parkins@rlf.com

/s/ Anne T. Sulton
Anne T. Sulton