IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF HARRY SMITH, III, HARRY SMITH, JR., AND ROSLYN WOODARD SMITH, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF WILMINGTON, JOHN CIRITELLA, THOMAS DEMPSEY, and MATTHEW KURTEN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-1254 GMS |

## **ORDER**

WHEREAS, on April 17, 2007, at the conclusion of trial in the above-captioned action, the court directed the parties to submit a joint proposed post-trial briefing schedule for the court's approval;

WHEREAS, as of the date of this Order, the court's docket does not reflect having received a joint proposed post-trial briefing schedule;

WHEREAS, on April 27, 2007, the plaintiffs filed a Motion for a New Trial - Part One (D.I. 225), based on an alleged irregularity in the jury deliberation process;

WHEREAS, on April 30, 2007, the plaintiffs filed a Motion for a New Trial (D.I. 226), with accompanying brief and exhibits (D.I. 226, Attachments 2-6);

WHEREAS, the motion requests the court to grant a new trial, alter or amend the judgment, and/or grant the plaintiffs "judgment notwithstanding the verdict;"[1]

---

[1] D.I. 226, at 1.

WHEREAS, it is the court's long-held procedure to conduct post-trial briefing according to an agreed-upon schedule filed by the parties, after they have taken some time to decompress and digest the jury verdict;[2]

WHEREAS, the court concludes that it will strike the plaintiffs' brief and exhibits from the record, because they were not filed in accordance with the court's procedure;[3] and

---

[2] The court directs the parties to take some time to decompress and submit a joint proposed briefing schedule for several reasons. First, the court understands the pressures and emotions attributable to trial and, in its experience, has found that providing the parties with time to digest the verdict results in coherent, well-reasoned briefing of post-trial issues. Moreover, the court's directive contemplates the completion of the trial transcript so that the court can avoid receiving incoherent statements of fact and arguments not supported by citation to the transcript but, instead, based on the parties' imperfect, or somewhat inaccurate, recollection of events. For further edification, the court refers the parties to its Memorandum and Amended Order in *Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 04-163 GMS, 2006 WL 3404819 (D. Del. Nov. 27, 2006), which provides in greater detail its reasons for directing parties to file post-trial briefs on an agreed-upon briefing schedule after the trial transcript becomes available.

[3] The court will treat both of the plaintiffs' motions as properly-filed, pursuant to Federal Rule of Civil Procedure 59, which permits a party to file a motion for a new trial "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b). However, the time for filing so-called motions for "judgement notwithstanding the verdict" has expired. Preliminarily, and to clarify for the plaintiffs, the court notes that there no longer exists such a motion referred to as a motion for "judgment notwithstanding the verdict." Rather, the relief that the plaintiffs seek is termed a motion for "judgment as a matter of law" and governed by Federal Rule of Civil Procedure 50. Pursuant to Rule 50, "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to judgment." Fed. R. Civ. P. 50(a)(2). Additionally, if the court does not grant the motion and submits the action to the jury, a party may renew its request for judgment as a matter of law by "filing a motion no later than 10 days after the entry of judgment." Fed. R. Civ. P. 50(b). In the present case, despite discussion on the record regarding the parties' ability to file such a motion, the plaintiffs did not move the court for judgment as a matter of law before the case was submitted to the jury. Accordingly, the plaintiffs are precluded from filing a motion for judgment as a matter of law at this time, because they waived their right to do so, and the court will deny the plaintiffs' request for judgment as a matter of law.

WHEREAS, the court further directs the parties to file a joint proposed briefing schedule in accordance with the its April 17, 2007 directive;

IT IS HEREBY ORDERED that:

1. The plaintiffs' brief and exhibits in support of their Motion for a New Trial (D.I. 226, Attachments 2-6) are STRICKEN from the record.

2. The court will not accept any briefing on post-trial motions until the parties submit a joint proposed briefing schedule in accordance with the court's April 17, 2007 directive.

Dated: May 2, 2007                                  /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE