IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARRY SMITH, JR. and
ROSLYN WOODARD SMITH,
Individually and as Administrators of
The ESTATE OF HARRY SMITH, III,

    Plaintiffs,

v.                                                                                           CIVIL ACTION NO. 04-1254-GMS

JOHN CIRITELLA, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

THOMAS DEMPSEY, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department, and

MATTHEW KURTEN, in his individual capacity
and in his official capacity as a police officer of
the Wilmington Police Department,

    Defendants.
_____

**PLAINTIFFS' RELY BRIEF IN SUPPORT OF MOTION FOR A NEW TRIAL**
_____

Dated this 20th day of July 2007        Plaintiff's Attorneys

                                                  Anne T. Sulton
                                                  Post Office Box 2763
                                                  Olympia, WA 98507
                                                  Telephone: (609) 468-6029
                                                  E-Mail: annesulton@comcast.net

                                                  **Local Counsel:**

                                                  Kester I.H. Crosse [Bar I.D. 638]
                                                  1214 King Street, Suite 300
                                                  Wilmington, DE  19801
                                                  Telephone: (302) 652-3141
                                                  E-Mail: kesterih@aol.com

**TABLE OF CONTENTS**

|      |                    | Page |
|------|--------------------|------|
| I.   | Table of Citations | 3    |
| II.  | Argument           | 4    |
| III. | Conclusion         | 8    |

## I. TABLE OF CITATIONS

|  | Page |
|---|---|
| **Cases:** | |
| *Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999) | 6, 7 |
| *E.E.O.C. v. Indiana Bell Telephone Co.*, 256 F.3d 516, 533 (7th Cir. 2001) | 6 |
| *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994) | 6, 7 |
| *United States v. Elkins*, 885 F.2d 775 (11th Cir. 1989) | 4 |
| *United States v. Foster,* 986 F.2d 541 (D.C. Cir. 1993) | 4 |
| *United States v. Russo,* 104 F.3d 431, 434 (D.C. Cir. 1997) | 4 |
| *United States v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657 (3d Cir. 2000) | 4 |

## II. ARGUMENT

**Introduction:**

The Court possesses broad discretion to admit relevant evidence if it has any tendency to prove or disprove a fact in issue. The Court should view the relevant evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact. Relevant evidence should be excluded when its prejudicial effect substantially outweighs its probative value. *See United States v. Universal Rehabilitation Services (PA), Inc*., 205 F.3d 657 (3d Cir. 2000); *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989).

However, this weighing occurs after the Court determines the evidence is relevant. Evidence is relevant when it makes a fact of consequence more or less likely. There is no weighing when it comes to relevancy. The evidence "is either relevant or it is not; there is no in-between." *United States v. Russo,* 104 F.3d 431, 434 (D.C. Cir. 1997) (citing *United States v. Foster,* 986 F.2d 541, 545 (D.C. Cir. 1993)).

Consequently, it was error for the Court to admit evidence pertaining to an alleged carjacking. Because it was unknown to Defendants, it could not have been a factor they considered. Therefore, it was not relevant and should have been excluded. The fact that this non-relevant evidence was highly prejudicial makes the error harmful and entitles Plaintiffs to a new trial.

**Objection Twice Timely Made To Alleged Carjacking:**

In their brief opposing Plaintiff's motion for a new trial, Defendants claim Plaintiffs' did not preserve their objections to the introduction of the carjacking evidence. This is incorrect.

At the final pretrial conference and again later in a telephone conference with the Court, Plaintiffs' counsel strenuously objected to any evidence being offered at trial about the alleged William Stevenson carjacking incident because the defendant police officers were unaware of this incident and, therefore, it could not have been a factor in their decision about whether or not the use of deadly force was appropriate. Plaintiffs' counsel also argued admission of this evidence would have no probative value and would be highly prejudicial.

Defense counsel argued for inclusion of the alleged Stevenson carjacking incident. They claimed it provided "context," saying it would let the jury know what prompted officer Johnny Whitehead's interaction with Harry Smith. Officer Whitehead was not a defendant in this case, and testified he shot Harry Smith in the leg to prevent him from taking his patrol car, not because Harry Smith allegedly tried to carjack Mr. Stevenson.

The Court agreed the Stevenson incident would provide "context". However, it prohibited Defendants from using the word "carjacking". Defendants then were free to introduce evidence describing the Stevenson incident.

Counsel for the parties certainly knew a description of the Stevenson incident would include testimony about Stevenson claiming he saw a weapon in Smith's hand, thought Smith was trying to steal his car, and he feared for his life. Counsel also knew this testimony would be interpreted by the jury as a carjacking, which is a crime of violence.

Clearly, Plaintiffs' counsel then had only two choices. They could wait for Defendants' counsel to introduce this highly prejudicial evidence, or Plaintiffs' counsel

could try to blunt its damaging effect by telling the jury about it in their opening statement. Plaintiffs did not waive or withdraw their timely made objections to this evidence. They selected the best option available, given the Court's ruling admitting this evidence.

### "Context" Is Not A Proper Basis For Admission Of Highly Prejudicial Non-Probative Evidence:

The jury was asked to determine whether Defendants used excessive force when, without obtaining necessary information about the suspect or nature of the threat, they fired 31 bullets, in a densely populated neighborhood, at an unarmed suspect, slowly moving away from them (Trial Transcript, page 266, lines 5-7), in a marked police patrol car, with emergency lights flashing (Trial Transcript, page 259, lines 13-15), in broad daylight (Trial Transcript, page 228, lines 2-7), when no one in the immediate vicinity was in imminent danger (Trial Transcript, page 552, lines 5-8), and over a dozen other police officers were nearby both ready and able to assist in the arrest (Trial Transcript, page 227, lines 15-24; page 232, lines 22-25; page 233, line 1).

Relevancy is the basis for the admission of evidence. To be relevant, evidence must in some degree advance the inquiry. *See E.E.O.C. v. Indiana Bell Telephone Co.*, 256 F.3d 516, 533 (7th Cir. 2001). If the evidence sheds no light on whether Defendants' conduct on 5th and Harrison Streets was reasonable, then it is not relevant. The Defendants were completely unaware of the alleged carjacking incident with Stevenson. Therefore, evidence about this incident was not relevant and should have been excluded, particularly because it was highly prejudicial.

In their brief opposing Plaintiffs' motion for a new trial, Defendants mention *Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999) cites *Rowland v. Perry*, 41 F.3d 167 (4th Cir. 1994) for the proposition that "context" is the proper basis to determine whether evidence should be admitted. However, Defendants fail to point out *Abraham* also says: "We are not saying, of course, that all preceding events are equally important, or even of any importance. Some events may have too attenuated a connection to the officer's use of force." *Rowland* says courts should view the evidence "in full context, with an eye toward the proportionality of the force in light of all the circumstances. Artificial divisions in the sequence of events do not aid a court's evaluation of objective reasonableness." *Rowland* also states that we must view reasonableness "filtered through the lens of the officer's perceptions at the time of the incident in question ... his perceptions of the objective facts of the incident in question are" relevant.

In this case, Defendants were not aware of the alleged carjacking incident. Therefore, this fact had "too attenuated a connection" to Defendants' use of deadly force. The "full context" words used in *Rowland* suggest we admit as much relevant evidence as possible. The "filtered through the lens of the officer's perceptions at the time of the incident in question" words indicate we must not admit evidence unknown to Defendants at the time they decided to use deadly force.

Because evidence of an alleged carjacking shed no light on whether Defendants' conduct was objectively reasonable, it should have been excluded. This was highly prejudicial evidence in a close case. It tipped the scales in favor of Defendants.

## VI. Conclusion

Plaintiffs respectfully request that this Honorable Court grant this motion for a new trial.

July 20, 2007.

/s/ Anne T. Sulton
Anne T. Sulton
Admitted: Pro Hac Vice

Sulton Law Offices
Post Office Box 2763
Olympia, WA 98507
Telephone: (609) 468-6029
E-Mail: annesulton@comcast.net

**LOCAL COUNSEL:**

Kester I.H. Crosse
Delaware State Bar I.D. #638
1214 King Street
Wilmington, DE 19801
Telephone: (302) 658-3488
E-Mail: kesterih@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2007, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Attorney John Parkins   E-mail Parkins@rlf.com

/s/ Anne T. Sulton
Anne T. Sulton